**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 1:10-cv-6331 |
| *Respondent*, | ) | |
| | ) | Underlying Case: No. 1:02-CR-00137 |
| v. | ) | |
| | ) | Hon. Ronald A. Guzman |
| RONALD MIKOS, | ) | |
| | ) | CAPITAL CASE |
| *Petitioner.* | ) | |

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR SUBSTITUTION
AND APPOINTMENT OF COUNSEL AT NO COST TO THE COURT**

Through undersigned counsel, RONALD MIKOS, a federal prisoner convicted of murder and sentenced to death, hereby moves for an order (a) allowing one of his appointed counsel, Barry Levenstam of Jenner & Block LLP, to withdraw from this case, given Mr. Levenstam's retirement from the practice of law; and (b) appointing, in his place, April A. Otterberg, one of Mr. Mikos's current lawyers from Jenner & Block working on a *pro bono* basis, along with the Federal Defender for the Middle District of Pennsylvania through attorney Leane Renée, also at no cost to the Court. An appointment of both Ms. Otterberg and the Federal Defender for the Middle District of Pennsylvania will ensure that, in light of Mr. Levenstam's withdrawal, Mr. Mikos will continue to have comparable post-conviction representation in this proceeding, without increasing costs.

## BACKGROUND

Mr. Mikos was convicted of capital murder in this Court on May 5, 2005, and sentenced to death by a jury on May 23, 2005. The Seventh Circuit Court of Appeals affirmed Mr. Mikos's convictions and death sentence on direct appeal on August 25, 2008. *United States v. Mikos*, 539 F.3d 706 (7th Cir. 2008). The United States Supreme Court denied Mr. Mikos's petition for certiorari review on October 5, 2009. *Mikos v. United States*, 558 U.S. 816 (2009).

On November 4, 2009, Mr. Mikos's current Criminal Justice Act ("CJA") counsel, Barry Levenstam and Marie F. Donnelly, were appointed to represent him in this Court in the course of his § 2255 proceedings. Case No. 1:02-cr-000137, ECF No. 464. Counsel were appointed based on their extensive capital post-conviction experience. Mr. Levenstam and Ms. Donnelly filed a § 2255 motion on Mr. Mikos's behalf in this Court on October 4, 2010. ECF No. 1.

Mr. Levenstam, who was a partner at Jenner & Block LLP at the time of his appointment by this Court, was assisted by colleagues at that law firm, including April A. Otterberg, who has since become a partner at that firm. Ms. Otterberg has worked with Mr. Levenstam to represent

Mr. Mikos on a *pro bono* basis in connection with his § 2255 proceedings since Mr. Levenstam's pre-petition appointment. However, Mr. Levenstam has recently transitioned to "of counsel" status at Jenner & Block and is in the process of retiring from the practice of law. As a result, he seeks to withdraw from this matter. Mr. Mikos asks that Ms. Otterberg be allowed to substitute for Mr. Levenstam as *pro bono* counsel from Jenner & Block.

In light of Mr. Levenstam's withdrawal, and for additional reasons set out below, Mr. Mikos also asks that the Court allow the Federal Public Defender for the Middle District of Pennsylvania (hereinafter "MDPA Defender") to appear in the case. The MDPA Defender has particular expertise in the litigation of capital § 2255 cases to provide Mr. Mikos comparable post-conviction representation in this proceeding, and would appear at no cost to this Court.

**ARGUMENT**

**A.      Movant Is Indigent.**

Mr. Mikos is indigent and "financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services" in post-conviction proceedings. 18 U.S.C § 3599(a)(2). This Court previously found Mr. Mikos indigent for purposes of receiving legal representation before and at trial; he was indigent on appeal; and nothing about his financial circumstances has changed. Mr. Mikos has been represented by court-appointed counsel at each stage of the proceedings since his trial.

**B.      Mr. Mikos Is Entitled To Appointment Of Federal Post-Conviction Counsel.**

Capital post-conviction litigation requires specialized knowledge and expertise. *See, e.g.*, 21 U.S.C. § 848(q)(4)(B)(7) (acknowledging the unique and complex nature of capital habeas litigation); *McFarland v. Scott*, 512 U.S. 849 (1994); and 18 U.S.C. § 3599(a)(2). Section 3599(a)(2), 18 U.S.C. states:

> In any post-conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

This statute grants a qualified applicant "a mandatory right to qualified legal counsel." *McFarland*, 512 U.S. at 854.

### C. Movant's Request To Substitute And Appoint Counsel.

Mr. Mikos requests that Mr. Levenstam be allowed to withdraw, and that Ms. Otterberg be substituted in his place as *pro bono* counsel from Jenner & Block LLP, along with the MPDA Defender.

Ms. Otterberg was admitted to the Illinois bar and to the bar of this Court in 2006, and she was admitted to the Seventh Circuit in 2012. Ms. Otterberg has worked with Mr. Mikos in these § 2255 proceedings since Mr. Levenstam's appointment. She is familiar with the record in this case and has assisted in the preparation of all pleadings. Her continued representation as *pro bono* counsel from Jenner & Block will ensure continuity for Mr. Mikos and a smooth transition for Mr. Levenstam's departure and the appointment of the MDPA Defender.

While Ms. Otterberg and Mr. Mikos have developed a critical, long-term attorney-client relationship, Ms. Otterberg is primarily a civil litigator, and it is important to ensure that Mr. Mikos continues to have adequate experienced post-conviction counsel after Mr. Levenstam's retirement. Accordingly, Mr. Mikos also requests that the Court appoint the MDPA Defender, Leane Renée appearing *pro hac vice*. The MDPA Defender possesses the requisite experience and expertise in capital litigation generally, and in capital § 2255 litigation in particular, to be appointed in this case. In identifying counsel to assist, Ms. Otterberg worked with the Federal Capital Habeas

3

Project, which was created by the Administrative Office of the United States Courts in 2006 to help identify qualified counsel for appointment in capital § 2255 cases. The Project has identified and recommended qualified counsel in nearly every capital § 2255 case since its inception and did so at the time Mr. Levenstam and Ms. Donnelly were appointed in this case before filing the § 2255 Motion.

Ms. Renée is the Chief of the Capital Habeas Unit in the MDPA Defender Office. Ms. Renée oversees a well-qualified staff of attorneys whose sole job is representing capital post-conviction petitioners. The MDPA Defender has direct experience in litigating capital § 2255 cases and has been involved in several training programs on the practice in these cases. The office's ongoing capital § 2254 practice also keeps staff abreast of developments in the shared Sixth and Eighth Amendment jurisprudence.

The MDPA Defender is recognized by the United States Courts as a Federal Defender Organization pursuant to 18 U.S.C. § 3006A of the Criminal Justice Act. Accordingly, the office receives funding from the Administrative Office of the United States Courts to provide representation to death-sentenced prisoners in federal habeas corpus proceedings and will not bill the Court for fees and expenses. Nearly every other individual under federal death sentence who, like Mr. Mikos, is litigating his § 2255 in district court has a legal team that includes an institutional defender office. Although the MDPA Defender itself is outside Illinois, representation by defender organizations outside the jurisdiction is common in capital § 2255 cases. Because opposing counsel nationwide are all associated with and generally assisted by the Department of Justice, the practice in capital § 2255 cases across jurisdictions tends to be very similar, and there are no state law concerns at issue. The MDPA Defender is currently providing representation in two other capital § 2255 proceedings out-of-district: one that is currently on appeal in the Eighth Circuit

4

Court of Appeals and another, within the Fourth Circuit, that is currently in the Western District of North Carolina district court. These cases have given the MDPA Defender valuable investigation and post-conviction litigation expertise in federal court. The MDPA Defender possesses the experience, including familiarity with the complex legal procedure for this specialized area of law, and resources sufficient to assist Mr. Mikos's current counsel and ensure that his case is handled cost-effectively.

Federal Defender program policy requires appointment of the office itself. Supervisory Assistant Federal Public Defender Leane Renée will promptly move to appear *pro hac vice* in this Court should this motion be granted. Since 1998, Ms. Renée has focused her career on representation of indigent criminal defendants, has served as the Chief of the MDPA Capital Habeas Unit since 2017, is a member in good standing of the Bars of Maryland (admitted 1998), New York (2000), and California (2003), and is admitted to practice in the United States District Court for the Middle District of Pennsylvania and the United States Court of Appeals for the Third Circuit. Ms. Renée supervises attorneys who exclusively represent death-sentenced prisoners under 28 U.S.C. §§ 2254 and 2255, ancillary state court exhaustion proceedings, and federal clemency, and these attorneys possess special expertise in capital jurisprudence and qualify for appointment as capital habeas counsel under the standards set forth in 18 U.S.C. § 3599(a)(2).[1] Because of their specialization in federal capital habeas representation pursuant to 28 U.S.C. §§ 2254 and 2255, Ms. Renée and the attorneys she supervises are able to competently handle the highly complex nature of Mr. Mikos's case. With one of Mr. Mikos's qualified appointed lawyers retiring, appointing the MDPA Defender will ensure that Mr. Mikos has counsel with the necessary

---

[1] Ms. Renée assigns cases to MDPA staff according to case needs and particular expertise, and to administratively ensure adequate coverage of its caseload within the office.

expertise and resources to ensure he is represented appropriately throughout the tasks required in a capital § 2255 proceeding.

Consistent with administrative protocol, the MDPA Defender sought permission from the Administrative Office of the United States Courts' Defender Services Office ("DSO") to apply to this Court for an out-of-district appointment in this matter. As part of this protocol, both the Hon. Diane Wood, the Chief Judge of the Seventh Circuit Court of Appeals, and the Hon. D. Brooks Smith, the Chief Judge of the Third Circuit, have been notified. Neither has any objection to the appointment of this defender to assist in this case.

Ms. Otterberg recently conferred with Mr. Mikos concerning the proposed substitution and appointment of counsel discussed herein, and he concurs with these requests and wishes to have this motion granted. In addition, although Mr. Mikos does not concede that the Government has standing to object to the relief requested in this motion, as a courtesy, Ms. Otterberg consulted with David Bindi, counsel for the Government, before filing this motion. Mr. Bindi has authorized counsel to state that the Government does not object to the relief requested in this motion.

## CONCLUSION

For the foregoing reasons, Mr. Mikos, pursuant to 18 U.S.C. § 3599, respectfully requests that this Court enter an order that (a) allows Mr. Levenstam to withdraw as his counsel, and

6

(b) formally appoints in his place, at no cost to this Court, both Ms. Otterberg and the Middle District of Pennsylvania Federal Public Defender.

Dated: May 29, 2019

Respectfully submitted,

RONALD A. MIKOS

By:    s/ Barry Levenstam & April A. Otterberg
Barry Levenstam
April A. Otterberg
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL  60654
(312) 222-9350

   s/ Marie F. Donnelly
Marie F. Donnelly
Attorney at Law
P.O. Box 6528
Evanston, IL 60204
(773) 680-7042

*Counsel for Petitioner*

7