**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 1:10-cv-6331 |
| *Respondent*, | ) | |
| | ) | Underlying Case: No. 1:02-CR-00137 |
| v. | ) | |
| | ) | Hon. Ronald A. Guzman |
| RONALD MIKOS, | ) | |
| | ) | CAPITAL CASE |
| *Petitioner*. | ) | |

**STATUS REPORT**

Petitioner Ronald Mikos, through counsel, Leane Renée, respectfully advises the Court as follows:

1. On October 4, 2010, Petitioner Ronald Mikos filed his Motion under 28 U.S.C. § 2255 for a New Trial and to Vacate, Set Aside, and Correct Conviction and Death Sentence (the "§ 2255 Motion").

2. On May 30, 2019, this Court granted a motion filed by Mr. Mikos's counsel: (a) granting leave to Barry Levenstam of Jenner & Block LLP to withdraw his appearance on behalf of Mr. Mikos, and (b) substituting, for Mr. Levenstam, April Otterberg of Jenner & Block LLP and the Office of the Federal Public Defender for the Middle District of Pennsylvania (the "MDPA"). Dkt. 86. On June 26, 2019, this Court granted a motion filed by Leane Renée from the MDPA to appear *pro hac vice* in this matter on Mr. Mikos's behalf. Dkt. 88.

3. On July 29, 2019, Assistant U.S. Attorney Corey Rubenstein filed his appearance in this matter, after the retirement of the prior Assistant U.S. Attorney assigned to this matter,

David Bindi. Dkt. 90. That same day, the parties filed a joint status report and indicated that they would provide a further report to this Court on October 28, 2019. Dkt. 89.

4. On October 25, 2019, Mr. Mikos's other long term appointed counsel, Marie Donnelly, filed a motion to withdraw from this matter, to relocate for employment in the Office of the Federal Public Defender for the Middle District of Florida. Dkt. 91. The Court granted that motion on October 29, 2019, and set a status hearing on December 18, 2019. Dkt. 94.

5. During the status hearing on December 18, 2019, undersigned counsel explained that, due to the extraordinary number of records in this case and an unanticipated need to transfer all paper and electronic files from Ms. Donnelly due to her recent withdrawal, the MDPA had not yet received all of co-counsel's files. A thorough review of every document in this case is ethically required for new counsel to adequately review the record and appropriately represent Mr. Mikos.

6. At the time of the hearing, co-counsel at Jenner and Block had transmitted to the MDPA a large volume of materials, including more than 100,000 pages of records that had been maintained electronically or scanned from hard-copy files.

7. Following the status hearing in December, undersigned counsel received from Jenner and Block approximately 225,000 additional pages of documents maintained in hard copy by Jenner and Block or Ms. Donnelly in relation to this matter.

8. In January, Petitioner's counsel discussed the remaining electronically stored files still to be shared by Jenner and Block with the MDPA. At Jenner and Block's request, on January 31, the MDPA provided a list of priority categories of electronic files to be transferred. The undersigned counsel has been advised that, thereafter, Jenner and Block worked to collect

approximately 30,000 electronic documents that may relate to the firm's representation of Mr. Mikos over many years.

9. On March 13, 2020, Jenner and Block advised undersigned counsel that they expected to transfer approximately 9,000 electronically stored documents within the next two weeks, subject to any technical issues in the production process, and Jenner and Block would continue to address the remainder of the electronically stored documents potentially related to legal services provided to Mr. Mikos.

10. Since the last status report on March 16, Ms. Donnelly has provided more than 7,500 additional records.

11. This month, Jenner and Block provided several thousand additional documents. Jenner and Block has advised undersigned counsel they anticipate substantial completion of their remaining file sharing in the next 30 days. Boxes of physical materials that cannot be transferred electronically remain with Jenner and Block and cannot be accessed or shared during current COVID-19 restrictions.

12. Undersigned counsel has been working diligently to process, organize and analyze the voluminous records in this capital 2255 litigation. However, due to the unprecedented and unexpected circumstances resulting from the COVID-19 pandemic, the PA Middle District Federal Defender implemented mandatory telework for all non-supervisory employees effective March 17, until April 30, and possibly longer. While attorneys are generally able to continue working remotely, since the pandemic, attorneys have expended a significant amount of time preparing for and responding to the impact of COVID-19 on our clients. Moreover, investigators and paralegals are unable to accomplish many of their necessary tasks, such as interviewing witnesses and collecting records. On March 16, the Federal

3

Public Defender restricted field investigations to protect investigators and the witnesses they need to interview in person. It would be irresponsible and unsafe to ask investigators to attempt witness interviews amid the "social distancing" recommendations and the Centers for Disease Control instructions to limit contact, as well as ever expanding shelter in place orders across the country. Likewise, counsel has only had limited telephonic communication with Mr. Mikos over the past several weeks in which to consult with him about his case, as in-person legal visits have been generally suspended by the Bureau of Prisons since March 13. Therefore, upon completion of file sharing, remote document processing, and record analysis, it is unclear when Mr. Mikos's legal team will be able to engage in the subsequent professionally appropriate investigation, interviews, and record collection arising from analysis of the case file.

13. Due to these unexpected complications, undersigned counsel respectfully requests leave to file a status report in 90 days. That period will allow new counsel 60 days after receipt of the complete file to assess the record volume, assess the continuing impact of COVID-19-related restrictions, and determine a realistic date by which the file review may be complete so that counsel for Mr. Mikos will be able to propose a timeline for moving this matter forward.

Dated: 17 April 2020

Respectfully submitted,

RONALD A. MIKOS

By:    <u>s/ Leane Renée</u>
       Leane Renée
       Asst. Federal Public Defender
       Middle District of Pennsylvania
       Capital Habeas Unit
       100 Chestnut Street, Third Floor
       Harrisburg, PA 17101
       (717) 782-3843
       Appearing *Pro Hac Vice*

*Counsel for Petitioner*

5

## CERTIFICATE OF SERVICE

I, Leane Renée, an attorney for Petitioner Ronald Mikos, hereby certify that on April 17, 2020, I caused a copy of the foregoing **Status Report** to be served upon the following via electronic filing through the CM/ECF system:

> Assistant U.S. Attorney Corey Rubenstein
> United States Attorney's Office
> 219 S. Dearborn St., 5th Floor
> Chicago, IL  60604-1702
> usailn.ecfausa@usdoj.gov
> corey.rubenstein@usdoj.gov
>
> *Counsel for Respondent the United States*

> s/ Leane Renée
> Office of the Federal Public Defender
> for the Middle District of Pennsylvania
> Capital Habeas Unit
> 100 Chestnut Street, Third Floor
> Harrisburg, PA 17101
> (717) 782-3843