**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 1:10-cv-6331 |
| *Respondent*, | ) | |
| | ) | Underlying Case: No. 1:02-CR-00137 |
| v. | ) | |
| | ) | Hon. Ronald A. Guzman |
| RONALD MIKOS, | ) | |
| | ) | CAPITAL CASE |
| *Petitioner*. | ) | |

**STATUS REPORT**

Petitioner Ronald Mikos, through counsel, Leane Renée, respectfully advises the Court as follows:

1. On October 4, 2010, Petitioner Ronald Mikos filed his Motion under 28 U.S.C. § 2255 for a New Trial and to Vacate, Set Aside, and Correct Conviction and Death Sentence (the "§ 2255 Motion").

2. On May 30, 2019, this Court granted a motion filed by Mr. Mikos's counsel: (a) granting leave to Barry Levenstam of Jenner & Block LLP to withdraw his appearance on behalf of Mr. Mikos, and (b) substituting, for Mr. Levenstam, April Otterberg of Jenner & Block LLP and the Office of the Federal Public Defender for the Middle District of Pennsylvania (the "MDPA"). Dkt. 86. On June 26, 2019, this Court granted a motion filed by Leane Renée from the MDPA to appear *pro hac vice* in this matter on Mr. Mikos's behalf. Dkt. 88.

3. On July 29, 2019, Assistant U.S. Attorney Corey Rubenstein filed his appearance in this matter, after the retirement of the prior Assistant U.S. Attorney assigned to this matter,

David Bindi. Dkt. 90. That same day, the parties filed a joint status report and indicated that they would provide a further report to this Court on October 28, 2019. Dkt. 89.

4. On October 25, 2019, Mr. Mikos's other long term appointed counsel, Marie Donnelly, filed a motion to withdraw from this matter, to relocate for employment in the Office of the Federal Public Defender for the Middle District of Florida. Dkt. 91. The Court granted that motion on October 29, 2019, and set a status hearing on December 18, 2019. Dkt. 94.

5. During the status hearing on December 18, 2019, undersigned counsel explained that, due to the extraordinary number of records in this case and an unanticipated need to transfer all paper and electronic files from Ms. Donnelly due to her recent withdrawal, the MDPA had not yet received all of co-counsel's files. A thorough review of every document in this case is ethically required for new counsel to adequately review the record and appropriately represent Mr. Mikos.

6. At the time of the hearing, co-counsel at Jenner & Block had transmitted to the MDPA a large volume of materials, including more than 100,000 pages of records that had been maintained electronically or scanned from hard copy files at Jenner & Block.

7. Following the status hearing in December 2019, Jenner & Block transferred additional materials to the MDPA. Over the course of multiple rolling productions beginning in December 2019 and concluding as of July 14, 2020, Jenner & Block provided the MDPA with (a) an additional nearly 30,000 electronic files maintained by Jenner & Block over its many years of representing Mr. Mikos, and (b) more than 135,000 additional pages of documents that the firm or Ms. Donnelly had maintained in hard copy in relation to Mr. Mikos.

8. In addition, undersigned counsel coordinated with Ms. Donnelly to obtain her records from this case. As of April 17, Ms. Donnelly, provided more than 7,500 additional records.

9. In sum, the volume of materials shared by Jenner & Block and Ms. Donnelly with the MDPA in relation to Mr. Mikos is quite significant, spanning more than a quarter million pages of scanned hard copy materials and nearly 38,000 electronic records.

10. Several boxes of physical materials that cannot be transferred electronically remain with Jenner & Block. Jenner & Block is arranging to send such materials to the MDPA, although those arrangements are more difficult in light of current COVID-19 restrictions. Undersigned counsel has determined that those materials will need to be reviewed and that, for audio/video materials, transcription will be needed.

11. Undersigned counsel has been working diligently to coordinate processing, organization and analysis of the voluminous records in this capital 2255 litigation. However, due to the unprecedented and unexpected circumstances resulting from the COVID-19 pandemic, the PA Middle District Federal Defender implemented mandatory telework for all non-supervisory employees effective March 17. On July 6, the Capital Habeas Unit allowed a small number of staff to return to the office on a very limited, staggered basis. While attorneys are generally able to work remotely, since the pandemic, attorneys have expended a significant amount of time preparing for and responding to the impact of COVID-19 on our clients. Moreover, investigators and paralegals are unable to accomplish many of their necessary tasks, such as interviewing witnesses and collecting records. On March 16, the Federal Public Defender restricted field investigations to protect investigators and the witnesses they need to interview in person. Although field investigations are currently permitted in urgent situations, overnight travel and air travel as would be required in the

present case remain prohibited absent exigent circumstances with approval by the Federal Defender. It would be irresponsible and unsafe to ask investigators to attempt witness interviews amid the "social distancing" recommendations and the Centers for Disease Control instructions to limit close contact. Likewise, counsel has only had limited telephonic communication with Mr. Mikos over the past several months in which to consult with him about his case, as in-person legal visits would require extended travel.

12. Based on the file sharing, remote document processing, and record analysis completed to date, Assistant Federal Defender, Beth Muhlhauser, is applying to this Court for *pro hac vice* admission to appear and assist with analyzing the massive amount of data in this case. As additional records have been shared with the MDPA, we have been able to assess the general record volume and accordingly we have begun record analysis and record collection. It remains unclear, however, when Mr. Mikos's legal team will be able to engage in the subsequent professionally appropriate investigation, interviews, and additional record collection arising from analysis of the complete case file.

4

13. Due to the volume of records and ongoing COVID-19 complications, undersigned counsel respectfully requests leave to file a status report in 90 days. That period will allow new counsel additional time to continue assessing what records are still needed and/or available from third-party sources, assess the continuing impact of COVID-19-related restrictions, and determine a realistic date by which the file review may be complete so that counsel for Mr. Mikos will be able to propose a timeline for moving this matter forward.

Dated: 20 July 2020

Respectfully submitted,

RONALD A. MIKOS

By:    s/ Leane Renée
       Leane Renée
       Asst. Federal Public Defender
       Middle District of Pennsylvania
       Capital Habeas Unit
       100 Chestnut Street, Third Floor
       Harrisburg, PA 17101
       (717) 782-3843
       Appearing *Pro Hac Vice*

*Counsel for Petitioner*

5

## CERTIFICATE OF SERVICE

I, Leane Renée, an attorney for Petitioner Ronald Mikos, hereby certify that on July 20, 2020, I caused a copy of the foregoing **Status Report** to be served upon the following via electronic filing through the CM/ECF system:

Assistant U.S. Attorney Corey Rubenstein
United States Attorney's Office
219 S. Dearborn St., 5th Floor
Chicago, IL  60604-1702
usailn.ecfausa@usdoj.gov
corey.rubenstein@usdoj.gov

*Counsel for Respondent the United States*

s/ Leane Renée
Office of the Federal Public Defender
for the Middle District of Pennsylvania
Capital Habeas Unit
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
(717) 782-3843