UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 1:10-cv-6331 |
| *Respondent,* | ) | |
| | ) | Underlying Case: No. 1:02-CR-00137 |
| v. | ) | |
| | ) | Hon. Ronald A. Guzman |
| RONALD MIKOS, | ) | |
| | ) | CAPITAL CASE |
| *Petitioner.* | ) | |

**GOVERNMENT'S RESPONSE AND OBJECTION
TO PETITIONER'S STATUS REPORT**

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby responds to petitioner's status report and objects to petitioner's request (R. 110) to continue the status hearing in this matter for another 90 days. In support thereof, the government states as follows:

1. Petitioner filed his § 2255 motion almost ten years ago on October 4, 2010, by counsel from Jenner & Block. (R. 1.) One of those counsel was April Otterberg, who continues to represent petitioner to this day.

2. The government filed its response to the § 2255 motion over eight years ago on January 3, 2012. (R. 31.)

3. Since then, petitioner has not filed a reply brief in support of his motion. Instead, the parties filed numerous 60-day status reports reflecting, among other

things, that the parties were discussing petitioner's requests for additional discovery from the government. (R. 32, 34-43, 46-48, 52-82.)

4. On October 9, 2019, the government advised petitioner's counsel that the government would not agree that additional discovery is appropriate and that petitioner should either file his reply brief or file a motion under Rule 6 of the Rules for Proceeding Under 28 U.S.C. § 2255 seeking leave to conduct discovery. (R. 93.)

5. In the parties' last joint status report on October 28, 2019, the government advised the Court that it opposed an indefinite continuance: "[A]lthough the Government does not object to additional time to permit Mr. Mikos's additional new counsel to assess and review the case, the Government does not agree to Mr. Mikos's proposal merely to file another status report in 90 days. The Government instead suggests that the Court should set a status hearing within the next 30-60 days, at which time a schedule for any further proceedings may be set." (R. 93.)

6. As in October of last year, the government fully endorses petitioner's right to have competent and well-informed counsel continue to represent him in connection with his capital § 2255 motion, which he has had all along. Indeed, petitioner had competent counsel who drafted and filed his 150-page, 11-claim petition almost ten years ago, after having reviewed and analyzed the entire record in the trial proceedings. Petitioner continues to have competent counsel now who should be in a position by some specified date to file a reply brief or a motion seeking leave to conduct discovery. One of those counsel have represented petitioner from the

2

commencement of this matter, and the other has had more than a year to review the petition, the response to the petition, and the record in this case. Although new additional counsel has not been able to review the hundreds of thousands of pages of documents from prior counsel's files, that fact would be significant only if this case were starting from scratch, which it is not. Instead, petitioner's counsel needs to be sufficiently familiar with the law and facts of the case so as either to draft a reply brief—which, by definition, is limited in scope to the issues and arguments raised in petitioner's § 2255 petition—or to file a motion seeking leave to conduct discovery (which the government would then oppose). Neither of those tasks requires plenary review of the entirety of prior counsel's files.

7. The government thus objects to petitioner's request simply to file another status report in 90-days. The government instead suggests that the Court conduct a telephonic status hearing in 30-60 days, at which time petitioner's counsel should inform the Court whether petitioner intends to file a reply brief or a Rule 6

motion seeking leave for discovery so that the Court may set a reasonable date by which either such filing should occur.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney


By: /s/ *Corey B. Rubenstein*
Corey B. Rubenstein
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-8880


Date: July 21, 2020

4