# EXHIBIT 1

**JENNER&BLOCK**

January 25, 2012

Jenner & Block LLP          Chicago
353 N. Clark Street          Los Angeles
Chicago, IL 60654-3456       New York
Tel 312-222-9350             Washington, DC
www.jenner.com

**BY EMAIL AND U.S. MAIL**

April A. Otterberg
Tel 312 840-8646
Fax 312 840-8746
aotterberg@jenner.com

David E. Bindi
U.S. Attorney's Office
219 S. Dearborn Street
5th Floor
Chicago, IL 60604

Re:    *United States v. Mikos*, No. 10-cv-6331 (N.D. Ill.)

Dear David:

Thank you for speaking with Barry and me last week. As we discussed during our call, before replying to your response to Mr. Mikos's § 2255 Motion, and consistent with Rule 6(a) of the Rules Governing Section 2255 Proceedings, Mr. Mikos intends to seek discovery related to at least Claims 4, 5, 6, and 7 in his Motion. That discovery relates primarily to:

1. Ballistics, toolmarks, and other gun-related evidence examined by the Government's expert or about which the Government's witnesses testified at Mr. Mikos's trial;

2. Access to certain of that evidence for testing and analysis by Mr. Mikos's expert;

3. Certain records maintained by the Federal Bureau of Investigation ("FBI") and Bureau of Alcohol, Tobacco, and Firearms ("ATF") related to certain firearms or firearms manufacturers or distributors;

4. Government records, including investigative records of the FBI and other Government agencies, subject to the Government's obligations under *Brady v. Maryland*; and

5. Documents related to the investigations of Mr. Mikos conducted by the Department of Health and Human Services and the City of Chicago Police Department.

For your reference, I am enclosing draft requests for production. As we discussed last week, please review these requests, and let us know if the Government is willing to agree to any portion of our requests.

If the Government agrees to respond to any of Mr. Mikos's requests, or if you need more time to consider them, we propose filing a short joint statement with the Court no later than February 1, 2012, to let the Court know that the parties are in discussions on certain issues and will advise the Court about further anticipated proceedings as appropriate. Our purpose for such a filing

David E. Bindi
January 25, 2012
Page 2

would be to ensure, out of an abundance of caution, that Judge Guzman does not rule or take other action on the § 2255 Motion or the Government's response while the parties are discussing discovery issues. If this approach is acceptable to you, we will propose a draft joint filing.

Alternatively, if the Government does not agree to respond to Mr. Mikos's requests, we instead propose that we seek to agree to (1) a briefing schedule on a motion for discovery; (2) a timeframe for completing discovery, should the Court grant that motion; and (3) a proposal for further proceedings, should the Court deny the motion for discovery. We then could file an agreed or partially agreed motion with the Court proposing our schedule going forward. We are open to discussion, but we propose the following dates, all of which would be extendable within reason, as has been our practice:

| | |
|---|---|
| February 10, 2012 | Due date for Mr. Mikos's motion for leave to conduct discovery and supporting memorandum of law |
| March 12, 2012 | Due date for the Government's response to Mr. Mikos's motion for leave to conduct discovery |
| April 2, 2012 | Due date for Mr. Mikos's reply in support of his motion for leave to conduct discovery |

If the Court grants or denies Mr. Mikos's motion for discovery, we would propose that Mr. Mikos have 180 days, which would be extendable, from the completion of discovery or the order denying discovery to, as appropriate, (1) amend his § 2255 Motion and/or (2) respond to the Government's response to the § 2255 Motion.

Thank you for your willingness to discuss these issues with us. We believe the Court will appreciate our efforts if we are able to reach agreement on any issues, and we are, of course, happy to work with you to discuss a schedule that is amenable to both of us.

Please give Barry or me a call to discuss once you've had a chance to review this letter.

Regards,

April A. Otterberg

cc:   Barry Levenstam
      Marie F. Donnelly
      Kaija K. Hupila

Enclosure

DRAFT – FOR DISCUSSION PURPOSES ONLY

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent,* | ) | No. 1:10-cv-6331 |
| | ) | |
| | ) | Underlying Case: No. 1:02-CR-00137 |
| vs. | ) | |
| | ) | Hon. Ronald A. Guzman |
| RONALD MIKOS, | ) | |
| | ) | CAPITAL CASE |
| *Petitioner.* | ) | |

## PETITIONER RONALD MIKOS'S FIRST SET OF REQUESTS FOR
## PRODUCTION OF DOCUMENTS AND THINGS

Petitioner Ronald Mikos, through his attorneys Jenner & Block LLP, pursuant to Rule 6

of the Rules Governing Section 2255 Proceedings for the United States District Courts, requests

that Respondent, the United States of America, produce documents and things responsive to the

following requests within 30 days to the offices of Jenner & Block, LLP, 353 N. Clark St.,

Chicago, IL 60654, or at such other time and/or place as may be mutually agreed upon.

## DEFINTIONS AND INSTRUCTIONS

1.      "The Government" means any agency or representative of the federal government

involved in the investigations or prosecutions of the death of Joyce Brannon and/or the

allegations that Petitioner engaged in Medicare fraud, including but not limited to the United

States Attorney's Office for the Northern District of Illinois; the United States Department of

Justice; the Federal Bureau of Investigation; the United States Department of Health and Human

Services; and the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

DRAFT – FOR DISCUSSION PURPOSES ONLY

2.      References to "Hawes" include the Hawes Firearm Company and any company that manufactured, imported, distributed, marketed, or sold any firearms under any name that included "Hawes."

3.      References to "Herbert Schmidt" include Herbert Schmidt Ostheim, Herbert Schmidt Waffentechnik, and any company that manufactured, imported, distributed, marketed, or sold any firearms under any name that included "Herbert Schmidt."

4.      "Access to" shall mean the ability to examine, measure, and perform tests on a tangible thing.

5.      The terms "and" and "or" shall be construed either disjunctively or conjunctively so as to give these requests the broadest possible construction under applicable law.

6.      The singular and the plural form shall be construed interchangeably so as to give these requests the broadest possible construction under applicable law.

7.      The present and past tenses shall be construed interchangeably so as to give these requests the broadest possible construction under applicable law.

8.      "Relating to" shall mean concerning, consisting of, referring to, reflecting, regarding, supporting, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected to the subject matter discussed.

9.      The term "including" means "including, but not limited to."

10.     "Document" shall mean all writings or papers of any kind whatsoever, including but not limited to all originals and non-identical copies or reproductions of any letters, memoranda, correspondence of any kind, handwritten notes, appointment books, notepads, notebooks, electronic mail, Electronically Stored Information ("ESI"), telegrams, facsimiles, telexes, films, photographs, recordings, tapes, transcriptions, books, records, ledgers, journals,

2

and other things, whether prepared by handwriting, typing, printing, photostating, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds or symbols, or combinations thereof.

11. These requests are deemed to be continuing so as to require supplemental productions in the event that any new or additional documents that are responsive to these requests are created, discovered, or obtained.

12. With respect to any Documents or portions of Documents withheld on a claim of privilege or work product protection from discovery, provide a statement setting forth as to each such Document:

>the type of Document;

>the date of the Document;

>the author(s) and recipient(s) of the Document;

>the subject matter of the document; and

>the legal and factual basis for the privilege or protection claimed.

13. When a Document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without disclosing the privileged material.

14. If no Documents responsive to an individual numbered request are in the possession, custody, or control of the Government, please indicate this in a written response.

DRAFT – FOR DISCUSSION PURPOSES ONLY

## **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

**Request No. 1:** All Documents relating to any firearm bearing the serial number 328966, including any firearms with a serial number consisting of an initial digit or letter followed by 328966.

**Request No. 2:** All Documents relating to the manufacture, specifications, or rifling characteristics of all models or versions of any firearm identified as (1) a Hawes Deputy Combo, or (2) a Hawes Deputy Marshal.

**Request No. 3:** All Documents relating to the manufacture, specifications, or rifling characteristics of all firearms marketed, sold, or otherwise identified under the "Deputy Combo" name.

**Request No. 4:** All Documents relating to the manufacture, specifications, or rifling characteristics of all firearms marketed, sold, or otherwise identified under the "Deputy Marshal" name.

**Request No. 5:** All Documents relating to the manufacture, specifications, or rifling characteristics of Herbert Schmidt Waffenfabrik Model 21 and Model 21S firearms.

**Request No. 6:** All Documents relating to the manufacture, specifications, distribution, or rifling characteristics of all firearms marketed, sold, or otherwise identified as "Model 21."

**Request No. 7:** Documents sufficient to identify the manufacturers of firearms imported, distributed, or sold by Hawes Firearm Company.

**Request No. 8:** All versions of the FBI's General Rifling Characteristics database.

**Request No. 9:** All Documents relating to the creation, maintenance, and development of the FBI's General Rifling Characteristics database, including the sources of information relied

4

DRAFT – FOR DISCUSSION PURPOSES ONLY

upon in the creation, maintenance, or expansion of the database, or any additions, deletions, or revisions thereto.

**Request No. 10:** All Documents relating to tests and analyses performed on the bullets recovered from the body of Joyce Brannon.

**Request No. 11:** All Documents relating to the investigation conducted by FBI Agent Paul Tangren in this case.

**Request No. 12:** All Documents relating to the test-firing of .22-caliber firearms undertaken by FBI Agent Paul Tangren in the course of his investigation in this case.

**Request No. 13:** All Documents relating to guilt or to sentencing of Petitioner that might reasonably be considered favorable to Petitioner, including all Documents relating to any information subject to the Government's obligations under *Brady v. Maryland*, 373 U.S. 83 (1963).

**Request No. 14:** All Documents relating to any interview of Elaine Rosenfeld conducted in the course of the Government's investigation in this case.

**Request No. 15:** All Documents concerning, comprising, or relating to information provided to the Government by the Chicago Police Department in connection with any investigation in this case.

**Request No. 16:** All Documents relating to any investigation of Petitioner undertaken by the United States Department of Health and Human Services and subject to the Government's obligations under *Brady v. Maryland*, 373 U.S. 83 (1963).

**Request No. 17:** Access, for purposes of testing or analysis by Petitioner's expert, to all firearms test-fired by FBI Agent Paul Tangren in the course of his investigation in this case, including but not limited to the .22 long-rifle caliber Herbert Schmidt L.A. Deputy revolver and

5

DRAFT – FOR DISCUSSION PURPOSES ONLY

the .22 long-rifle caliber Herbert Schmidt Deputy Marshal mentioned in Mr. Tangren's direct testimony in this case.

**Request No. 18:** Access, for purposes of testing or analysis by Petitioner's expert, to the bullets recovered from Joyce Brannon's body.

**Request No. 19:** Access, for purposes of testing or analysis by Petitioner's expert, to the leather chair in which Joyce Brannon's body was discovered.

**Request No. 20:** Access, for purposes of testing or analysis by Petitioner's expert, to the holster seized from Ronald Mikos's storage locker.

**Request No. 21:** Access, for purposes of testing or analysis by Petitioner's expert, to all cartridges or ammunition seized from Ronald Mikos's car.

**Request No. 22:** Access, for purposes of testing or analysis by Petitioner's expert, to all physical evidence analyzed by FBI Agent Paul Tangren in this case.

6