# EXHIBIT 6

CHICAGO   LOS ANGELES   LONDON   NEW YORK   WASHINGTON, DC         **J E N N E R & B L O C K** LLP

September 25, 2017

April A. Otterberg
Tel +1 312 840 8646
Fax +1 312 840 8746
aotterberg@jenner.com

**BY EMAIL**

David E. Bindi
U.S. Attorney's Office
219 S. Dearborn Street
5th Floor
Chicago, IL 60604

Re:    *United States v. Mikos, No. 10-cv-6331 (N.D. Ill.)*

Dear David:

I write in response to your March 21, 2017 letter regarding Mr. Mikos's draft discovery requests. In that letter, you indicated that the Government would not be agreeing to provide any responsive discovery, and you generally expressed concern that the draft discovery requests and the Definitions and Instructions section were overbroad.  Although you did not provide detail in your letter as to which requests or language the Government considers overbroad, we have reviewed the draft requests in an effort to address your concerns.  As a result, we made some changes to those requests.

During the call that Barry Levenstam and I had with you following your letter, you expressed an additional objection based on the Government's belief—with which we obviously disagree—that Mr. Mikos's claims are meritless.  You referred us to the Government's response to Mr. Mikos's § 2255 petition for the Government's views on why discovery will not help Mr. Mikos prove his claims.  As I am sure you can appreciate, however, whether the Government believes Mr. Mikos's claims are meritorious—or even whether Mr. Mikos ultimately will be able to prove his claims—is not the standard for discovery.  Discovery is appropriate in a § 2255 proceeding if the petitioner "*may* be entitled to relief if the facts are fully developed." *U.S. ex rel. Pecoraro v. Page*, No. 97 C 5361, 1998 WL 708856, at *2 (N.D. Ill. Sept. 30, 1998); *see Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997).  The standard "is not a demanding one." *Pecoraro*, 1998 WL 708856, at *1.

Mr. Mikos's draft discovery requests are tailored to elicit information that will support the constitutional violations set forth in his § 2255 petition and establish that he is entitled to relief. As I stated in my January 25, 2012 letter, Mr. Mikos's discovery requests focus on Claims 4, 5, 6, and 7 in the petition.  For example, Requests 1 through 13 and 18 through 22 are drafted to develop evidence essential to Mr. Mikos's ineffective assistance of counsel claim in Claim 4, among others.  Requests 1 through 13 seek information essential to, *inter alia*, his Fifth

Ronald Mikos
September 25, 2017
Page 2

Amendment and expert and investigative assistance claim in Claim 5.  Requests 14 through 17 seek evidence essential to developing Mr. Mikos's suppression arguments in Claim 7 and other information.  And Requests 11 through 13 and 18 through 22 seek, among other information, evidence essential to proving Mr. Mikos's claims regarding the Government's improper treatment of gun-related evidence in Claim 6.  The information sought through these requests is essential to developing the facts necessary to support Mr. Mikos's claim for relief.

We understand that we will not reach agreement as to the merit of Mr. Mikos's claims, but that is not the standard for discovery.  If the Government has an objection to the discovery requests (as now revised), aside from its views on the merits of the underlying claims, or would like to elaborate on the concerns about breadth that you identified in your March 2017 letter, we would be happy to discuss further.  We also recognize that some of the information we seek may be more easily obtained through other forms of discovery, such as depositions.  If any of the Government's concerns can be addressed with a different form of discovery, we welcome the chance to consider that possibility with you.

Please let us know your views once you've had the opportunity to review this letter and the attached updated draft document requests.  In the meantime, and in light of your prior comments that you did not believe further discussion would be productive, we are working on preparing our motion seeking discovery.

Sincerely,

April A. Otterberg

cc:     Barry Levenstam
        Marie F. Donnelly


Enclosure

DRAFT – FOR DISCUSSION PURPOSES ONLY

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent,* | ) | No. 1:10-cv-6331 |
| | ) | |
| | ) | Underlying Case: No. 1:02-CR-00137 |
| vs. | ) | |
| | ) | Hon. Ronald A. Guzman |
| RONALD MIKOS, | ) | |
| | ) | CAPITAL CASE |
| *Petitioner.* | ) | |

**PETITIONER RONALD MIKOS'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS**

Petitioner Ronald Mikos, through his attorneys Jenner & Block LLP, pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts, requests that Respondent, the United States of America, produce documents and things responsive to the following requests within 30 days to the offices of Jenner & Block, LLP, 353 N. Clark St., Chicago, IL 60654, or at such other time and/or place as may be mutually agreed upon.

**DEFINTIONS AND INSTRUCTIONS**

1.      "The Government" means any agency or representative of the federal government involved in the investigations or prosecutions of the death of Joyce Brannon and/or the allegations that Petitioner engaged in Medicare fraud.

2.      References to "Hawes" include the Hawes Firearm Company and any company that manufactured, imported, distributed, marketed, or sold any firearms under any name that included "Hawes."

DRAFT – FOR DISCUSSION PURPOSES ONLY

3.  References to "Herbert Schmidt" include Herbert Schmidt Ostheim, Herbert Schmidt Waffentechnik, and any company that manufactured, imported, distributed, marketed, or sold any firearms under any name that included "Herbert Schmidt."

4.  "Access to" shall mean the ability to examine, measure, and perform tests on a tangible thing.

5.  The terms "and" and "or" shall be construed either disjunctively or conjunctively so as to give these requests the broadest possible construction under applicable law.

6.  The singular and the plural form shall be construed interchangeably so as to give these requests the broadest possible construction under applicable law.

7.  "Relating to" shall mean concerning, consisting of, referring to, reflecting, regarding, supporting, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected to the subject matter discussed.

8.  "Document" shall mean all writings or papers of any kind whatsoever, including but not limited to all originals and non-identical copies or reproductions of any letters, memoranda, correspondence of any kind, handwritten notes, appointment books, notepads, notebooks, electronic mail, Electronically Stored Information ("ESI"), telegrams, facsimiles, telexes, films, photographs, recordings, tapes, transcriptions, books, records, ledgers, journals, and other things, whether prepared by handwriting, typing, printing, photostating, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds or symbols, or combinations thereof.

9.  With respect to any Documents or portions of Documents withheld on a claim of privilege or work product protection from discovery, provide a statement setting forth as to each such Document:

2

DRAFT – FOR DISCUSSION PURPOSES ONLY

the type of Document;

the date of the Document;

the author(s) and recipient(s) of the Document;

the subject matter of the document; and

the legal and factual basis for the privilege or protection claimed.

10. When a Document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without disclosing the privileged material.

11. If no Documents responsive to an individual numbered request are in the possession, custody, or control of the Government, please indicate this in a written response.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**Request No. 1:** All Documents in the Government's possession relating to any firearm bearing the serial number ending with 328966.

**Request No. 2:** All Documents in the Government's possession relating to the manufacture, specifications, or rifling characteristics of all models or versions of any firearm manufactured in or prior to 1968 and identified as (1) a Hawes Deputy Combo, or (2) a Hawes Deputy Marshal.

**Request No. 3:** All Documents in the Government's possession relating to the manufacture, specifications, or rifling characteristics of all firearms marketed, sold, or otherwise identified under the "Deputy Combo" name.

**Request No. 4:** All Documents in the Government's possession relating to the manufacture, specifications, or rifling characteristics of all firearms marketed, sold, or otherwise identified under the "Deputy Marshal" name.

**Request No. 5:** All Documents in the Government's possession relating to the manufacture, specifications, or rifling characteristics of Herbert Schmidt Waffenfabrik Model 21 and Model 21S firearms.

**Request No. 6:** All Documents in the Government's possession relating to the manufacture, specifications, distribution, or rifling characteristics of all firearms marketed, sold, or otherwise identified as "Model 21."

**Request No. 7:** Documents sufficient to identify the manufacturers of firearms imported, distributed, or sold by Hawes Firearm Company.

**Request No. 8:** All versions of the FBI's General Rifling Characteristics database.

**Request No. 9:** All Documents relating to the creation, maintenance, and development of the FBI's General Rifling Characteristics database (*e.g.*, updated versions of Defense Trial Exhibit GRC 1), including but not limited to the sources of information relied upon in the creation, maintenance, or expansion of the database, or any additions, deletions, or revisions thereto.

**Request No. 10:** All sources of information relied upon by the FBI's General Rifling Characteristics database pertaining to all firearms marketed, sold, or otherwise identified as a "Deputy Combo," a "Deputy Marshal," or a "Model 21."

**Request No. 11:** All Documents relating to tests and analyses performed on the bullets recovered from the body of Joyce Brannon.

DRAFT – FOR DISCUSSION PURPOSES ONLY

**Request No. 12:** All Documents relating to the investigation conducted by FBI Agent Paul Tangren in this case.

**Request No. 13:** All Documents relating to the test-firing of .22-caliber firearms undertaken by FBI Agent Paul Tangren in the course of his investigation in this case.

**Request No. 14:** All Documents relating to guilt or to sentencing of Petitioner that might reasonably be considered favorable to Petitioner, including but not limited to all Documents relating to any information subject to the Government's obligations under *Brady v. Maryland*, 373 U.S. 83 (1963).

**Request No. 15:** All Documents relating to any interview of Elaine Rosenfeld conducted in the course of the Government's investigation in this case.

**Request No. 16:** All Documents concerning, comprising, or relating to information provided to the Government by the Chicago Police Department in connection with any investigation in this case.

**Request No. 17:** All Documents relating to any investigation of Petitioner undertaken by the United States Department of Health and Human Services.

**Request No. 18:** Access, for purposes of testing or analysis by Petitioner's expert, to all firearms test-fired by FBI Agent Paul Tangren in the course of his investigation in this case, including but not limited to the .22 long-rifle caliber Herbert Schmidt L.A. Deputy revolver and the .22 long-rifle caliber Herbert Schmidt Deputy Marshal mentioned in Mr. Tangren's direct testimony in this case.

**Request No. 19:** Access, for purposes of testing or analysis by Petitioner's expert, to the bullets recovered from Joyce Brannon's body.

DRAFT – FOR DISCUSSION PURPOSES ONLY

**Request No. 20:**  Access, for purposes of testing or analysis by Petitioner's expert, to the leather chair in which Joyce Brannon's body was discovered.

**Request No. 21:**  Access, for purposes of testing or analysis by Petitioner's expert, to the holster seized from Ronald Mikos's storage locker.

**Request No. 22:**  Access, for purposes of testing or analysis by Petitioner's expert, to all cartridges or ammunition seized from Ronald Mikos's car.

**Request No. 23:**  Access, for purposes of testing or analysis by Petitioner's expert, to all physical evidence analyzed by FBI Agent Paul Tangren in this case.