**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | No. 1:10-cv-6331 |
| | ) | |
| v. | ) | Underlying Case: No. 1:02-cr-00137 |
| | ) | |
| RONALD MIKOS, | ) | Hon. Ronald A. Guzman |
| | ) | |
| Petitioner. | ) | CAPITAL CASE |
| | ) | |

**PETITIONER RONALD MIKOS'S INITIAL MOTION
FOR LEAVE TO CONDUCT DISCOVERY**

Petitioner Ronald Mikos respectfully moves this Court for entry of several orders granting him leave to conduct discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Habeas Rule 6"). In support of this motion, Mr. Mikos submits an accompanying memorandum of law and states as follows:

1. This is a capital habeas proceeding in which Mr. Mikos seeks to vacate and set aside both his murder conviction and his death sentence under 28 U.S.C. § 2255. Mr. Mikos filed his motion for relief under § 2255 ("§ 2255 Motion") on October 4, 2010. (Dkt. 1.) The § 2255 Motion raises eleven separate claims for relief. (*Id.*)

2. Respondent filed a response to the § 2255 Motion on January 3, 2012. (Dkt. 31.)

3. Mr. Mikos has attempted to resolve discovery matters informally. As set forth in Mr. Mikos's August 11, 2020 response to this Court's July 21, 2020 Order (Dkt. 116), Mr. Mikos first provided draft discovery requests to the Government after the Government filed its response to the § 2255 Motion in 2012. Those requests remained under evaluation by the Government for

some period of time until, in October 2019, the Government's counsel indicated that the Government would not agree to provide any discovery voluntarily. (*Id.*)

4.      After the September 17, 2020 status hearing in this matter, this Court entered an order setting November 9, 2020, as the due date for Mr. Mikos's Motion Seeking Leave to Conduct Discovery. (Dkt. 118.)

5.      Shortly before filing this motion, Mr. Mikos's counsel revisited the discovery discussions with counsel for the Government, including sending a letter listing the discovery requests included in this motion. (Ex. 1, Nov. 3, 2020 Ltr.)  On November 5, 2020, counsel for Mr. Mikos (Leane Renée, Beth Muhlhauser, and April Otterberg) and counsel for the Government (Corey Rubenstein) conferred by phone.  Mr. Rubenstein indicated that although the Government would be willing to assess whether it is feasible to provide Mr. Mikos's counsel with access to the paper trial exhibits (one of the categories of items requested), the Government would not agree to voluntarily provide discovery absent a court order.  Mr. Rubenstein also indicated opposition to Mr. Mikos's request for leave to subpoena various third parties.

6.      Mr. Mikos has made other efforts to obtain many of the records he seeks by submitting Freedom of Information Act requests under federal and state law and sending written records requests to numerous third parties.  Some of those efforts have proven fruitful, while others have not, including several instances where no records apparently will be produced without a court order.

7.      As set forth in Mr. Mikos's contemporaneously-filed memorandum of law, Mr. Mikos has established good cause for discovery, which should be liberally granted in capital § 2255 cases.  He has enumerated specific requests seeking information pertinent to the facts supporting the claims in his § 2255 motion and that, if proven true, will entitle him to relief.  He

seeks discovery from the Government (which encompasses all members of the prosecution team), directly from the various agencies that comprised the prosecution team, and from third parties. He also seeks depositions of certain Government witnesses.

8. To assist the Court in tracking and evaluating Mr. Mikos's discovery requests, and the parties to whom those requests are directed, Mr. Mikos has included the following documents with his accompanying memorandum of law: (a) proposed orders concerning the discovery—records and depositions—requested from the Government and directly from the agencies that comprised the prosecution team (Exhibits 1 through 9 to the memorandum of law); (b) proposed subpoenas to the various third parties that Mr. Mikos seeks leave to subpoena (Exhibits 10 through 26 to the memorandum of law); and (c) proposed interrogatories that Mr. Mikos seeks leave to serve on the Government (Exhibit 31 to the memorandum of law).

9. Mr. Mikos seeks discovery to support Claims 1, 2, 3, and 9 of his § 2255 motion. In Claim 1, Mr. Mikos asserts that, due to his history of mental illness and alcohol and drug dependence, he was tried while incompetent. (§ 2255 Motion at 29–33.) Relatedly, Claim 2 alleges that trial counsel was ineffective for failing to investigate Mr. Mikos's competence, alert the Court as to Mr. Mikos's incompetence, and request a competency hearing. (*Id.* at 34–38.) In Claim 3, Mr. Mikos asserts that trial counsel was ineffective for failing to adequately investigate, develop, and present mitigating evidence, and for failing to challenge the Government's aggravating evidence, at the penalty phase of trial. (*Id.* at 38–79.) And, in Claim 9, Mr. Mikos alleges that his death sentence is unconstitutional because of his severe mental illness, addiction, and neurological deficits. (*Id.* at 131–39.) To develop the facts in support of these claims, Mr. Mikos requests: records of psychological evaluations and observations of his behavior; records of his conversations; records of scientific testing of Mr. Mikos; family court and marriage counseling

records; records of his behavior while in custody awaiting trial; records relating to his professional performance and disciplinary proceedings; and records of investigations of Mr. Mikos indicating unusual financial habits, as well as prescription drug and substance dependence. Mr. Mikos also seeks depositions of several Government witnesses. As set forth in detail in the accompanying memorandum of law, this discovery will provide indicia of Mr. Mikos's cognitive impairment and mental illness, which will help establish he is entitled to relief under Claims 1, 2, 3, and/or 9 of his § 2255 Motion.

10.     Mr. Mikos also seeks discovery to support Claims 4, 5, and 6 of his § 2255 Motion. In these claims, Mr. Mikos alleges that he was prejudiced by trial counsel's ineffective assistance in the guilt phase of his case, including through their failure to retain an expert and/or otherwise to challenge the Government's unreliable and misleading expert testimony related to ballistics and toolmarks evidence. (*Id.* at 80–123.)  As set forth more fully in Mr. Mikos's memorandum of law, Mr. Mikos seeks access to the following evidence, for the purposes of analysis and testing by his expert(s): physical evidence examined by the Government's expert; records related to the ballistics and toolmarks evidence presented at trial; and records related to cell service and other evidence presented at trial.  Mr. Mikos also seeks depositions of several Government witnesses and leave to serve two interrogatories. This discovery will allow Mr. Mikos to demonstrate trial counsel's ineffectiveness and that the Government presented false and misleading gun-related evidence, giving him rights to relief under Claims 4, 5, and/or 6.

11.     Mr. Mikos seeks discovery to support Claim 7 of his § 2255 Motion.  In Claim 7, Mr. Mikos alleges that the Government suppressed evidence in violation of its obligations under *Brady* and its progeny.  (*Id.* at 123–28.)  Such suppressed evidence includes records of witness interviews and other Government records that may contain exculpatory or impeaching

4

information, including information indicating that other persons may have committed the offense. Mr. Mikos also seeks depositions of several Government witnesses. This discovery will allow Mr. Mikos to demonstrate he is entitled to relief under Claim 7.

12.     Mr. Mikos also seeks discovery to support Claim 8 of his § 2255 Motion. This claim alleges that the Government's decision to seek the death penalty against Mr. Mikos was impermissibly based on the race and gender of the victim. (*Id.* at 128–31.) Mr. Mikos requests written and recorded materials presented to the U.S. Attorney's Office in an application to seek death between 2000 and 2005. These records will prove the race and gender of victims in the cases where the death penalty was sought, which will allow comparison to cases with similar facts where the death penalty was not sought. That will help Mr. Mikos demonstrate he is entitled to relief under Claim 8.

13.     Mr. Mikos respectfully requests oral argument on this motion, which he submits is necessary due to the complexity of the factual and legal issues presented herein.

WHEREFORE, Mr. Mikos respectfully requests entry of orders:

(a)     granting this motion and permitting Mr. Mikos to conduct discovery of the materials requested in the accompanying memorandum of law pursuant to Habeas Rule 6;

(b)     ordering the Government to provide the discovery delineated in the accompanying memorandum of law and Exhibit 1 to such memorandum of law;

(c)     ordering the federal agencies identified in the accompanying memorandum of law to provide the discovery delineated therein and in Exhibits 2 through 9 to such memorandum of law;

(d) ordering the Government to present Marybeth King, Dr. James Knoll, Renee Reyes, and Paul Tangren for deposition;

(e) granting Mr. Mikos leave to serve, on the Government, the two proposed interrogatories set out in Exhibit 31 to the memorandum of law, and ordering the Government to respond to same; and

(f) granting Mr. Mikos leave to issue the subpoenas *duces tecum* identified in the accompanying memorandum of law and located at Exhibits 10 through 26 to such memorandum of law.

Dated: November 9, 2020

Respectfully submitted,

RONALD A. MIKOS

By: s/ April A. Otterberg
   April A. Otterberg
   JENNER & BLOCK LLP
   353 N. Clark Street
   Chicago, IL 60654-3456
   (312) 222-9350

By: s/ Leane Renée (w/consent)
   Leane Renée (*pro hac vice*)
   Beth Ann Muhlhauser (*pro hac vice*)
   Office of the Federal Public Defender
   for the Middle District of Pennsylvania
   Capital Habeas Unit
   100 Chestnut Street, Third Floor
   Harrisburg, PA 17101
   (717) 782-3843

*Attorneys for Petitioner Ronald Mikos*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of November, 2020, I caused to be electronically filed the foregoing **Petitioner Ronald Mikos's Initial Motion for Leave to Conduct Discovery** with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ April Otterberg
April Otterberg