# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | No. 1:10-cv-6331 |
| | ) | |
| v. | ) | Hon. Ronald A. Guzman |
| | ) | |
| RONALD MIKOS, | ) | CAPITAL CASE |
| | ) | |
| Petitioner. | ) | |

**[PROPOSED] ORDER ON PETITIONER RONALD MIKOS'S**
**INITIAL MOTION FOR LEAVE TO CONDUCT DISCOVERY**

THIS CAUSE coming to be heard on Petitioner Ronald Mikos's Initial Motion for Leave to Conduct Discovery (the "Motion"), the Court having reviewed the briefing filed by Mr. Mikos and the Government in relation to the Motion, and the Court otherwise being fully advised in the premises, **IT IS HEREBY ORDERED** that this Motion is:

___ **GRANTED IN FULL**

___ **GRANTED IN PART AND DENIED IN PART**

as stated more fully herein. The Court finds good cause exists for Mr. Mikos to obtain the discovery granted in this Order.

**I. Requests for Access to Trial Exhibits.**

The Government is **ORDERED** to provide Mr. Mikos's post-conviction counsel with access to the paper trial exhibits, for review and copying as they may so determine, at a time and place mutually convenient to the parties. To the extent the trial exhibits encompass physical items, the Government shall permit Mr. Mikos's counsel access to such items. Where such physical items are not among those for which the Court is specifically granting access for the purposes of analysis and testing, as set forth in Part II below, the parties shall meet and confer in good faith

about the approach to such physical items, whether for duplication for Mr. Mikos's counsel or for testing and analysis, and shall seek relief from the Court to extent the parties are unable to agree on the approach.

**II.     Requests for Records or Access to Tangible Items, Directed to the Government.**

As to each of the requests enumerated below in this Part II that bears an "X" to its left, the Government is **ORDERED** as follows:

1.      The Government shall produce to Mr. Mikos's counsel all Records[1] in the possession, custody, or control of the prosecution team that are responsive to such request, and certify when such production effort is complete;

2.      To the extent such request seeks access to tangible items for purposes of testing or analysis, the Government shall work with Mr. Mikos's counsel to arrange for such

---

[1] For purposes of this Order and the discovery requests, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in the Government's possession, custody, or control and every copy of a Record if such copy is not an identical duplicate of the original.

testing and analysis to occur, at a mutually convenient time and location and with parameters agreed-upon in advance;

3.  To the extent the Government is unable to locate any Records responsive to such request after conducting a reasonable search of the Records within the possession, custody, or control of the prosecution team, the Government shall certify in writing to Mr. Mikos's counsel that no such Records could be located;

4.  To the extent responsive Records have been or are believed to have been destroyed, the Government shall provide Mr. Mikos's counsel with a written statement regarding that fact or belief, the nature of the Records destroyed (including, insofar as can be discerned, by identifying the discovery request(s) to which such Records were responsive), the date(s) such Records were destroyed, and identify any policy pursuant to which they were destroyed;

5.  To the extent the Government believes it has a basis to withhold Records (in whole or in part) that are responsive to such request, the Government shall (a) produce the portions of the Records not subject to such claim or privilege or protection, and (b) describe, in writing and with specificity, the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the Government's grounds for withholding such Records. Such descriptions must be provided in a manner that, without revealing information itself alleged to be privileged or protected, will enable Mr. Mikos's counsel to assess the Government's claim to such privilege or protection from discovery; and

3

6.  Unless in conflict with this Order, the standards of Federal Rule of Civil Procedure

    34 shall apply to the Government's responses to the requests.

The enumerated requests directed to the Government are as follows:

_____  1  All Records of statements made by Mr. Mikos and/or witnesses in the presence of law enforcement or other investigating agents, including the prosecution team, in the course of the investigation for Medicare/Medicaid fraud and/or the death of Joyce Brannon, and any information and/or observations of Mr. Mikos, his residences and/or his vehicles, during the investigation from January 1, 1998, through May 23, 2005.

_____  2  All Records created by any investigative agent or entity in relation to domestic disturbance calls, including those on June 9, 2001, and January 6, 2002, in which an officer from the Skokie Police Department seized firearms from Ronald Mikos and/or Shirley King.

_____  3  All Records relating to Dr. James Knoll's evaluation of Ronald Mikos, including all communications with him regarding same.

_____  4  All handwritten, typed or recorded (audio, video and/or digital) statements made by any witness in the presence of any law enforcement and/or government agent in the course of the investigation of Mr. Mikos and/or Joyce Brannon's death, including but not limited to the witnesses listed in Request No. 34.

_____  5  All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the Chicago Police Department.

_____  6  All Records regarding the investigation and seizure of firearms from Ronald Mikos on January 24, 1989, in Chicago, Illinois.

_____  7  All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the Skokie Police Department.

_____  8  All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution that relate to his mental health, addiction, or mental illness.

_____  9  All Records pertaining to physical and/or mental examinations and scientific testing, including polygraph examination, in connection with the investigation of Mr. Mikos, including those related to witnesses and suspects/potential perpetrators.

_____  10  All Records relating to any actual analysis or attempt to analyze Ronald Mikos's breath, blood, urine or other bodily fluids within twenty-four hours of his arrest.

4

\_\_\_\_\_  11  All Records of tangible evidence, including wiretap recordings, related to surveillance of Mr. Mikos, including but not limited to the week leading up to Mr. Mikos's arrest on February 5, 2002.

\_\_\_\_\_  12  Any other Records and/or tangible item(s) potentially favorable to Mr. Mikos, including all Records and/or tangible item(s) that would tend to support the claims and allegations made in his petition.

\_\_\_\_\_  13  All Records, including but not limited to evaluations, assessments, and interviews of Adonis Mikos, Ronald Mikos and/or Shirley King, arising from the court-related custody and parenting litigation between Ronald Mikos and Shirley King regarding their son, Adonis Mikos.

\_\_\_\_\_  14  All Records pertaining to marriage counseling involving Patricia DePaepe and Ronald Mikos with Norbert Simon.

\_\_\_\_\_  15  All Records relating to the United States Marshal's custody of Ronald Mikos prior to and during trial, including but not limited to transport logs, medical and mental health Records, sanctions or disciplinary reports, and Records of communications from, to or regarding Mr. Mikos.

\_\_\_\_\_  16  All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the United States Marshal's Service.

\_\_\_\_\_  17  All Records relating to the custody of Ronald Mikos at the Metropolitan Correctional Center in Chicago, Illinois ("MCC Chicago") from February 5, 2002, through December 31, 2005, which includes detention from arrest through arraignment, pre-trial, trial, sentencing, and transfer out,  including but not limited to transport logs, sanctions or disciplinary Records; grievances; medical and mental health Records; Records of communications from, to, or regarding Mr. Mikos; all Records of phone calls from or to Mr. Mikos; all Records of legal, personal, or professional visits; and all Records of medications and dates administered to him.

\_\_\_\_\_  18  All recordings, transcripts and summaries of telephone calls involving Ronald Mikos while in law enforcement custody, including calls involving Mr. Mikos to and from MCC Chicago and/or the Chicago Police Department.

\_\_\_\_\_  19  All Records relating to protocols, rules and/or policies of MCC Chicago regarding the identification and treatment of mentally ill and/or incompetent inmates from January 1, 2002, through December 31, 2005.

\_\_\_\_\_  20  All Records of referrals, complaints or investigations from the United States Drug Enforcement Administration ("DEA") that mention Ronald Mikos or his license to prescribe controlled substances.

5

_____ 21 All Records relating to *United States v. Mikos*, 97-CV-2494 (N.D. Ill. 1997), including but not limited to the investigation(s) that preceded such matter, the consent decree and final judgment that resolved such matter, and the monitoring or follow-up performed under such consent decree regarding violations of the Controlled Substances Act.

_____ 22 All Records from any investigative entity, including but not limited to the FBI, DOJ, and/or the United States Department of Health & Human Services ("HHS"), relating to any investigation of Ronald Mikos undertaken by HHS.

_____ 23 All Records of professional misconduct, unlawful conduct, and/or disciplinary proceedings, including but not limited to complaints (written and/or oral), investigation of such complaints or allegations, disciplinary reports, and/or official findings, formal and/or informal, concerning Mary Beth King and Renee Reyes, the lead investigators.

_____ 24 All records pertaining to Ronald Mikos, formerly a licensed medical doctor (Podiatric Medical License #16003386, Controlled Substance License #316000962), generated and/or collected by a federal or state professional licensing agency.

_____ 25 All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution that relate to his professional background and/or employment history.

_____ 26 All Records related to audit(s) and/or investigations of Ronald Mikos by the Internal Revenue Service ("IRS").

_____ 27 All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the Social Security Administration.

_____ 28 All Records related to audit(s) and/or investigations of Ronald Mikos by the Centers for Medicare and Medicaid Services ("CMS").

_____ 29 All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the DEA.

_____ 30 All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the Federal Bureau of Investigation ("FBI").

_____ 31 All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the HHS Office of Inspector General.

_____ 32      All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the Illinois Department of Health and Human Services.

_____ 33      All Records related to Ronald Mikos's bankruptcy litigation, including Case Nos. 88 B 9030 and 94-10215 (N.D. Illinois).

_____ 34      All Records pertaining to the following witnesses: June Creighton, Shirley Watts, Kamille Das-Goldflies, Beatrice Lauten, Andrea Schleifer, John Kane, Stacey Rosenfeld, Shirley King, Charles Lobosco, Jeffrey Wessell, Krikor Topouzian, Ross Merel, Janet Brown, Carl Malin, James Dugo, Dan Gibbons, Samuel Davis, Janet Bunch, and Leticia Mayorga.

_____ 35      All Records of data gathered, copied, downloaded and/or removed from Ronald Mikos's Palm Pilot, mobile phone, and personal computer(s), or any other electronic device seized or obtained in relation to the investigation of Mr. Mikos.

_____ 36      All Records relating to the investigation of Charles Lobosco from January 1, 1998, through May 31, 2005.

_____ 37      All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution that relate to his social history and background.

_____ 38      All Records relating to any firearm bearing the serial number 328966, including any firearms with a serial number consisting of an initial digit or letter followed by 328966.

_____ 39      All Records relating to the manufacture, specifications, or rifling characteristics of all models or versions of any firearm identified as (1) a Hawes Deputy Combo, (2) a Hawes Deputy Marshal, or (3) Herbert Schmidt Deputy Combo.

_____ 40      Complete copies of any and all records and/or documentation, and/or prosecution files relating to the manufacture, specifications, or rifling characteristics of all firearms marketed, sold, or otherwise identified under the "Deputy Combo" name.

_____ 41      All Records relating to the manufacture, specifications, or rifling characteristics of all firearms marketed, sold, or otherwise identified under the "Deputy Marshal" or "Deputy Combo" name.

_____ 42      All Records relating to the manufacture, specifications, or rifling characteristics of Herbert Schmidt Waffenfabrik Model 21 and Model 21S firearms.

_____ 43      All Records relating to the manufacture, specifications, distribution, or rifling characteristics of all firearms marketed, sold, or otherwise identified as "Model 21."

_____ 44 All Records relating to identification of the manufacturers of firearms imported, distributed, or sold by Hawes Firearm Company.

_____ 45 All versions of the FBI's General Rifling Characteristics database available between 1968 and 2005.

_____ 46 All Records relating to the creation, maintenance, and development of the FBI's General Rifling Characteristics database, including the sources of information relied upon in the creation, maintenance, or expansion of the database, or any additions, deletions, or revisions.

_____ 47 All Records relating to any actual analysis or attempt to perform any analysis, including bullet lead analysis, of the bullets recovered from the body of Joyce Brannon, including bench notes, logs, photographs or other contemporaneous Records made at the time of the analysis.

_____ 48 Access to the bullets (tested and untested) recovered from Joyce Brannon's body for the purposes of testing and/or analysis.

_____ 49 Access, for purposes of testing and/or analysis, to the leather chair in which Joyce Brannon's body was discovered.

_____ 50 Access, for purposes of testing and/or analysis, to the holster seized from Ronald Mikos's storage locker and used at Mr. Mikos's trial.

_____ 51 Access, for purposes of testing and/or analysis, to all cartridges or ammunition seized from Mr. Mikos's vehicle on or after February 5, 2002.

_____ 52 Access, for purposes of testing and/or analysis, to the rusty revolver with a blue steel finish that was seized at Shirley King's residence on January 6, 2002, by the Skokie Police Department and later incorporated into search warrants for, and seized from, Acorn Storage on February 4, 2002, and March 4, 2002.

_____ 53 All Records relating to any attempt to analyze the railroad tie from Patricia DePaepe's home, including bench notes, logs, or other contemporaneous Records made at the time of analysis.

_____ 54 Access, for purposes of testing and/or analysis, to the railroad tie seized from Patricia DePaepe's home.

_____ 55 All Records generated or collected by FBI Agent Paul Tangren pertaining to the investigation for prosecution of Mr. Mikos, and related Records of any other person and/or the FBI Laboratory, who verified his research and conclusions, including but not limited to worksheets, a complete set of bench notes, any and all handwritten or other notes, electronically recorded data and/or notes, correspondence, police reports, and any and all data obtained or relied upon by Agent Tangren, any other analyst, and/or the FBI Laboratory.

_____ 56     All Records relating to the test-firing of .22-caliber firearms undertaken by Agent Tangren during his investigation in this case, including an inventory of all firearms available to him from the FBI sample arsenal.

_____ 57     Access, for purposes of testing and/or analysis, to all firearms test-fired by Agent Tangren in the course of his investigation in this case, including but not limited to the .22 long-rifle caliber Herbert Schmidt L.A. Deputy revolver and the .22 long-rifle caliber Herbert Schmidt Deputy Marshal mentioned in Agent Tangren's direct testimony in this case as well as all other physical evidence seized and/or analyzed by Agent Tangren in this case.

_____ 58     All documents of professional misconduct, unlawful conduct, and/or disciplinary proceedings, including but not limited to complaints (written and/or oral), investigation of such complaints or allegations, disciplinary reports, and/or official findings, formal and/or informal, concerning Agent Tangren, the lead FBI investigator on ballistics in this case.

_____ 59     All Records from K-Mart Corporation regarding the sale of any and all firearms bearing the serial number 328966, including any firearms with a serial number consisting of an initial digit or letter followed by 328966 from January 1, 1968 through December 31, 2002.

_____ 60     All Records regarding the investigation of Ronald Mikos from January 1, 1998, through May 23, 2005, including but not limited to information related to the type and model of weapons possessed by Mr. Mikos.

_____ 61     All Records related to the search of the "Cobalt" safe belonging to Ronald Mikos, seized from June Creighton's home on February 6, 2002, and returned on May 9, 2002.

_____ 62     All Records relating to Philip McKenzie's analysis, research, evaluation and testimony regarding Verizon AMA records, cell site map, and cell tower evidence, including any previously undisclosed documentation from Mr. McKenzie pertaining to his investigation of the cell service evidence in this case.

_____ 63     All Records relating to interview of and/or statements made by Elaine Rosenfeld pertaining to the investigation and prosecution of Ronald Mikos.

_____ 64     All Records regarding the reliance on or the use of anonymous sources in the effort to investigate or prosecute Mr. Mikos, or to investigate Joyce Brannon's death, including the informant status and identity of any individual and his/her status as a cooperating witness for a government agency and/or law enforcement agency.

_____ 65     All Records relating to any investigation of Brian Susca in connection with Joyce Brannon's death.

9



66     All Records relating to any fingerprint analysis, including attempted analysis, at the crime scene or concerning evidence gathered at the crime scene, including bench notes, logs, or other contemporaneous Records made at the time of collection and time of analysis.

67     All Records relating to DNA analysis, including attempted analysis, at the crime scene or concerning evidence gathered at the crime scene, including bench notes, logs, or other contemporaneous Records made at the time of collection and time of analysis.

68     All Records presented to the DOJ Office of the Attorney General in an application to seek the federal death penalty from 2000 – 2005, including but not limited to "Capital Case Review" forms, "Death Penalty Evaluation" forms, and "Non-decisional information" forms.

69     All Records of Sergeant James A. Gibson's investigation and search of Joyce Brannon's home on January 27, 2002, including but not limited to information related to the copy of viewable files from item (1) (per the CPD evidence inventory list) a generic personal computer, and item (3) twenty (20) computer diskettes.

70     All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").

71     All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the Chicago Office of the Medical Examiner.

72     All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution that relate to his education and academic history.

73     All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution that relate to his personal medical history.

## III.     Interrogatories Directed to the Government.

Mr. Mikos is hereby granted leave to serve, on the Government, the two interrogatories found in Exhibit 31 to his memorandum of law supporting his Motion for Leave to Conduct Discovery. The Government is **ORDERED** to respond to such interrogatories consistent with Federal Rule of Civil Procedure 33, with the timeframe for responding running from the date of service of such interrogatories.

10

**IV.     Deposition Requests Directed to the Government.**

The Government is **ORDERED** to present each person for deposition who is listed below with an "X" to his or her left, pursuant to Federal Rule of Civil Procedure 30, at a date, time, and place mutually convenient for counsel for the Government and counsel for Mr. Mikos:

_____     Marybeth King

_____     Dr. James Knoll

_____     Renee Reyes

_____     Paul Tangren

**V.     Requests to Issue Subpoenas.**

Mr. Mikos is granted leave to issue each subpoena listed below with an "X" to its left, pursuant to Federal Rule of Civil Procedure 45:

_____     Ex. 10     Subpoena *Duces Tecum* to Glenn R. Heyman of Crane, Simon, Clar & Goodman

_____     Ex. 11     Subpoena *Duces Tecum* to the Chicago Police Department

_____     Ex. 12     Subpoena *Duces Tecum* to the Skokie Police Department

_____     Ex. 13     Subpoena *Duces Tecum* to Advocate Good Samaritan Hospital

_____     Ex. 14     Subpoena *Duces Tecum* to the Illinois State Medical Society

_____     Ex. 15     Subpoena *Duces Tecum* to Advocate Lutheran General Hospital

_____     Ex. 16     Subpoena *Duces Tecum* to Rush University Medical Center

_____     Ex. 17     Subpoena *Duces Tecum* to Norbert Simon

_____     Ex. 18     Subpoena *Duces Tecum* to the Metropolitan Correctional Center, Chicago

_____     Ex. 19     Subpoena *Duces Tecum* to the Illinois Department of Financial & Professional Regulation

_____     Ex. 20     Subpoena *Duces Tecum* to the Social Security Administration

_____     Ex. 21     Subpoena *Duces Tecum* to the Internal Revenue Service

11

_____ Ex. 22    Subpoena *Duces Tecum* to the Illinois Department of Health & Human Services

_____ Ex. 23    Subpoena *Duces Tecum* to Kmart Corporation / Transform KM, LLC

_____ Ex. 24    Subpoena *Duces Tecum* to the Cook County Medical Examiner

_____ Ex. 25    Subpoena *Duces Tecum* to Verizon Wireless

_____ Ex. 26    Subpoena *Duces Tecum* to Illinois Retina Associates


SO ORDERED.


Entered: _____          _____
                                                   Hon. Ronald A. Guzman
                                                   U.S. District Court Judge

12

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | No. 1:10-cv-6331 |
| | ) | |
| v. | ) | Hon. Ronald A. Guzman |
| | ) | |
| RONALD MIKOS, | ) | CAPITAL CASE |
| | ) | |
| Petitioner. | ) | |

**[PROPOSED] ORDER ON PETITIONER RONALD MIKOS'S
<u>INITIAL MOTION FOR LEAVE TO CONDUCT DISCOVERY</u>**

THIS CAUSE coming to be heard on Petitioner Ronald Mikos's Initial Motion for Leave to Conduct Discovery (the "Motion"), the Court having reviewed the briefing filed by Mr. Mikos and the Government in relation to the Motion, and the Court otherwise being fully advised in the premises, **IT IS HEREBY ORDERED** that this Motion is:

   \_\_\_ **GRANTED IN FULL**

   \_\_\_ **GRANTED IN PART AND DENIED IN PART**

as stated more fully herein, with respect to the discovery requests directed to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). The Court finds good cause exists for Mr. Mikos to obtain the discovery granted in this Order.

As to each of the requests enumerated below that bears an "X" to its left, the ATF is **ORDERED** as follows:

1.  The ATF shall produce to Mr. Mikos's counsel all Records[1] in its possession, custody, or control that are responsive to such request, and certify when such production effort is complete;

2.  To the extent such request seeks access to tangible items for purposes of testing or analysis, the ATF shall work with Mr. Mikos's counsel to arrange for such testing and analysis to occur, at a mutually convenient time and location and with parameters agreed-upon in advance;

3.  To the extent the ATF is unable to locate any Records responsive to such request after conducting a reasonable search of the Records within the ATF's possession, custody, or control, the ATF shall certify in writing to Mr. Mikos's counsel that no Records could be located;

---

[1] For purposes of this Order and the discovery requests, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in the ATF's possession, custody, or control and every copy of a Record if such copy is not an identical duplicate of the original.

4. To the extent responsive Records have been or are believed to have been destroyed, the ATF shall provide Mr. Mikos's counsel with a written statement regarding that fact or belief, the nature of the Records destroyed (including, insofar as can be discerned, by identifying the discovery request(s) to which such Records were responsive), the date(s) such Records were destroyed, and identify any policy pursuant to which they were destroyed;

5. To the extent the ATF believes it has a basis to withhold Records (in whole or in part) that are responsive to such request, the ATF shall (a) produce the portions of the Records not subject to such claim or privilege or protection, and (b) describe, in writing and with specificity, the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the ATF's grounds for withholding such Records. Such descriptions must be provided in a manner that, without revealing information itself alleged to be privileged or protected, will enable Mr. Mikos's counsel to assess the ATF's claim to such privilege or protection from discovery; and

6. Unless in conflict with this Order, the standards of Federal Rule of Civil Procedure 34 shall apply to the ATF's responses to the requests. The timeframe for responding to these requests shall be as set forth in Rule 34, running from the date of entry of this Order.

The enumerated requests directed to the ATF are as follows:

_____ 1 All Records relating to any firearm bearing the serial number 328966, including any firearm with a serial number consisting of an initial digit or letter followed by 328966.

_____ 2     All Records relating to the manufacture, specifications, or rifling characteristics of all models or versions of any firearm identified as (1) a Hawes Deputy Combo, (2) a Hawes Deputy Marshal, or (3) Herbert Schmidt Deputy Combo.

_____ 3     All Records relating to the manufacture, specifications, or rifling characteristics of all firearms marketed, sold, or otherwise identified under the "Deputy Marshal" or "Deputy Combo" name.

_____ 4     All Records collected and/or generated for the prosecution of Ronald Mikos, Case No. 1:02-CR-00137 (N.D. Ill.), relating to the manufacture, specifications, or rifling characteristics of all firearms marketed, sold, or otherwise identified under the "Deputy Marshal" or "Deputy Combo" name.

_____ 5     All Records relating to the manufacture, specifications, or rifling characteristics of Herbert Schmidt Waffenfabrik Model 21 and Model 21S firearms.

_____ 6     All Records relating to the manufacture, specifications, distribution, or rifling characteristics of all firearms marketed, sold, or otherwise identified as "Model 21."

_____ 7     All Records relating to identification of the manufacturers of firearms imported, distributed, or sold by Hawes Firearm Company.

_____ 8     All Records regarding the investigation and seizure of firearms from Ronald Mikos on January 24, 1989, in Chicago, Illinois.

_____ 9     All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the ATF.

SO ORDERED.

Entered: _____        _____

                                                Hon. Ronald A. Guzman
                                                U.S. District Court Judge

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | No. 1:10-cv-6331 |
| | ) | |
| v. | ) | Hon. Ronald A. Guzman |
| | ) | |
| RONALD MIKOS, | ) | CAPITAL CASE |
| | ) | |
| Petitioner. | ) | |

**[PROPOSED] ORDER ON PETITIONER RONALD MIKOS'S
INITIAL MOTION FOR LEAVE TO CONDUCT DISCOVERY**

THIS CAUSE coming to be heard on Petitioner Ronald Mikos's Initial Motion for Leave to Conduct Discovery (the "Motion"), the Court having reviewed the briefing filed by Mr. Mikos and the Government in relation to the Motion, and the Court otherwise being fully advised in the premises, **IT IS HEREBY ORDERED** that this Motion is:

\_\_\_ **GRANTED IN FULL**

\_\_\_ **GRANTED IN PART AND DENIED IN PART**

as stated more fully herein, with respect to the discovery requests directed to the U.S. Drug Enforcement Administration ("DEA"). The Court finds good cause exists for Mr. Mikos to obtain the discovery granted in this Order.

As to each of the requests enumerated below that bears an "X" to its left, the DEA is **ORDERED** as follows:

1. The DEA shall produce to Mr. Mikos's counsel all Records[1] in its possession, custody, or control that are responsive to such request, and certify when such production effort is complete;

2. To the extent such request seeks access to tangible items for purposes of testing or analysis, the DEA shall work with Mr. Mikos's counsel to arrange for such testing and analysis to occur, at a mutually convenient time and location and with parameters agreed-upon in advance;

3. To the extent the DEA is unable to locate any Records responsive to such request after conducting a reasonable search of the Records within the DEA's possession, custody, or control, the DEA shall certify in writing to Mr. Mikos's counsel that no such Records could be located;

---

[1] For purposes of this Order and the discovery requests, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in the DEA's possession, custody, or control and every copy of a Record if such copy is not an identical duplicate of the original.

2

4.  To the extent responsive Records have been or are believed to have been destroyed, the DEA shall provide Mr. Mikos's counsel with a written statement regarding that fact or belief, the nature of the Records destroyed (including, insofar as can be discerned, by identifying the discovery request(s) to which such Records were responsive), the date(s) such Records were destroyed, and identify any policy pursuant to which they were destroyed;

5.  To the extent the DEA believes it has a basis to withhold Records (in whole or in part) that are responsive to such request, the DEA shall (a) produce the portions of the Records not subject to such claim or privilege or protection, and (b) describe, in writing and with specificity, the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the DEA's grounds for withholding such Records. Such descriptions must be provided in a manner that, without revealing information itself alleged to be privileged or protected, will enable Mr. Mikos's counsel to assess the DEA's claim to such privilege or protection from discovery; and

6.  Unless in conflict with this Order, the standards of Federal Rule of Civil Procedure 34 shall apply to the DEA's responses to the requests. The timeframe for responding to these requests shall be as set forth in Rule 34, running from the date of entry of this Order.

The enumerated requests directed to the DEA are as follows:

1   All Records of referrals, complaints or investigations from the DEA that mention Ronald Mikos or his license to prescribe controlled substances.

2   All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the DEA.

3

SO ORDERED.


Entered: _____          _____

Hon. Ronald A. Guzman
U.S. District Court Judge

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | No. 1:10-cv-6331 |
| | ) | |
| v. | ) | Hon. Ronald A. Guzman |
| | ) | |
| RONALD MIKOS, | ) | CAPITAL CASE |
| | ) | |
| Petitioner. | ) | |

**[PROPOSED] ORDER ON PETITIONER RONALD MIKOS'S**
**INITIAL MOTION FOR LEAVE TO CONDUCT DISCOVERY**

THIS CAUSE coming to be heard on Petitioner Ronald Mikos's Initial Motion for Leave to Conduct Discovery (the "Motion"), the Court having reviewed the briefing filed by Mr. Mikos and the Government in relation to the Motion, and the Court otherwise being fully advised in the premises, **IT IS HEREBY ORDERED** that this Motion is:

**___  GRANTED IN FULL**

**___  GRANTED IN PART AND DENIED IN PART**

as stated more fully herein, with respect to the discovery requests directed to the Federal Bureau of Investigation ("FBI"). The Court finds good cause exists for Mr. Mikos to obtain the discovery granted in this Order.

**I.     Requests for Records or Access to Tangible Items.**

As to each of the requests enumerated below in this Part I that bears an "X" to its left, the FBI is **ORDERED** as follows:

Case: 1:10-cv-06331 Document #: 123-1 Filed: 11/09/20 Page 26 of 234 PageID #:1321

1. The FBI shall produce to Mr. Mikos's counsel all Records[1] in its possession, custody, or control that are responsive to such request, and certify when such production effort is complete;

2. To the extent such request seeks access to tangible items for purposes of testing or analysis, the FBI shall work with Mr. Mikos's counsel to arrange for such testing and analysis to occur, at a mutually convenient time and location and with parameters agreed-upon in advance;

3. To the extent the FBI is unable to locate any Records responsive to such request after conducting a reasonable search of the Records within the FBI's possession, custody, or control, the FBI shall certify in writing to Mr. Mikos's counsel that no such Records could be located;

---

[1] For purposes of this Order and the discovery requests, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in the FBI's possession, custody, or control and every copy of a Record if such copy is not an identical duplicate of the original.

2

4. To the extent responsive Records have been or are believed to have been destroyed, the FBI shall provide Mr. Mikos's counsel with a written statement regarding that fact or belief, the nature of the Records destroyed (including, insofar as can be discerned, by identifying the discovery request(s) to which such Records were responsive), the date(s) such Records were destroyed, and identify any policy pursuant to which they were destroyed;

5. To the extent the FBI believes it has a basis to withhold Records (in whole or in part) that are responsive to such request, the FBI shall (a) produce the portions of the Records not subject to such claim or privilege or protection, and (b) describe, in writing and with specificity, the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the FBI's grounds for withholding such Records. Such descriptions must be provided in a manner that, without revealing information itself alleged to be privileged or protected, will enable Mr. Mikos's counsel to assess the FBI's claim to such privilege or protection from discovery; and

6. Unless in conflict with this Order, the standards of Federal Rule of Civil Procedure 34 shall apply to the FBI's responses to the requests. The timeframe for responding to these requests shall be as set forth in Rule 34, running from the date of entry of this Order.

The enumerated requests directed to the FBI are as follows:

_____ 1 All Records of statements made by Mr. Mikos and/or witnesses in the presence of law enforcement or other investigating agents, including the prosecution team, in the course of the investigation for Medicare/Medicaid fraud and/or the death of Joyce Brannon, and any information and/or observations of Mr.

3

Mikos, his residences and/or his vehicles, during the investigation from January 1, 1998, through May 23, 2005.

2. All Records created by any investigative agent or entity in relation to domestic disturbance calls, including those on June 9, 2001, and January 6, 2002, in which an officer from the Skokie Police Department seized firearms from Ronald Mikos and/or Shirley King.

3. All Records relating to Dr. James Knoll's evaluation of Ronald Mikos, including all communications with him regarding same.

4. All handwritten, typed or recorded (audio, video and/or digital) statements made by any witness in the presence of any law enforcement and/or government agent in the course of the investigation of Mr. Mikos and/or Joyce Brannon's death, including but not limited to the witnesses listed in Request No. 34.

5. All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the Chicago Police Department.

6. All Records regarding the investigation and seizure of firearms from Ronald Mikos on January 24, 1989, in Chicago, Illinois.

7. All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the Skokie Police Department.

8. All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution that relate to his mental health, addiction, or mental illness.

9. All Records pertaining to physical and/or mental examinations and scientific testing, including polygraph examination, in connection with the investigation of Mr. Mikos, including those related to witnesses and suspects/potential perpetrators.

10. All Records relating to any actual analysis or attempt to analyze Ronald Mikos's breath, blood, urine or other bodily fluids within twenty-four hours of his arrest.

11. All Records of tangible evidence, including wiretap recordings, related to surveillance of Mr. Mikos, including but not limited to the week leading up to Mr. Mikos's arrest on February 5, 2002.

12. Any other Records and/or tangible item(s) potentially favorable to Mr. Mikos, including all Records and/or tangible item(s) that would tend to support the claims and allegations made in his petition.

4

13     All Records, including but not limited to evaluations, assessments, and interviews of Adonis Mikos, Ronald Mikos and/or Shirley King, arising from the court-related custody and parenting litigation between Ronald Mikos and Shirley King regarding their son, Adonis Mikos.

14     All Records pertaining to marriage counseling involving Patricia DePaepe and Ronald Mikos with Norbert Simon.

15     All Records relating to the United States Marshal's custody of Ronald Mikos prior to and during trial, including but not limited to transport logs, medical and mental health Records, sanctions or disciplinary reports, and Records of communications from, to or regarding Mr. Mikos.

16     All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the United States Marshal's Service.

17     All Records relating to the custody of Ronald Mikos at the Metropolitan Correctional Center in Chicago, Illinois ("MCC Chicago") before, during and following his trial, including but not limited to transport logs, sanctions or disciplinary Records; grievances; medical and mental health Records; Records of communications from, to, or regarding Mr. Mikos; all Records of phone calls or legal, personal, or professional visits; and all Records of medications and dates administered to him.

18     All recordings, transcripts and summaries of telephone calls involving Ronald Mikos while in law enforcement custody, including calls involving Mr. Mikos to and from MCC Chicago and/or the Chicago Police Department.

19     All Records relating to protocols, rules and/or policies of MCC Chicago regarding the identification and treatment of mentally ill and/or incompetent inmates from January 1, 2002, through December 31, 2005.

20     All Records of referrals, complaints or investigations from the United States Drug Enforcement Administration ("DEA") that mention Ronald Mikos or his license to prescribe controlled substances.

21     All Records relating to *United States v. Mikos*, 97-CV-2494 (N.D. Ill. 1997), including but not limited to the investigation(s) that preceded such matter, the consent decree and final judgment that resolved such matter, and the monitoring or follow-up performed under such consent decree regarding violations of the Controlled Substances Act.

22     All Records from any investigative entity, including but not limited to the FBI, DOJ, and/or the United States Department of Health & Human Services ("HHS"), relating to any investigation of Ronald Mikos undertaken by HHS.

_____ 23   All Records of professional misconduct, unlawful conduct, and/or disciplinary proceedings, including but not limited to complaints (written and/or oral), investigation of such complaints or allegations, disciplinary reports, and/or official findings, formal and/or informal, concerning Mary Beth King and Renee Reyes, the lead investigators.

_____ 24   All records pertaining to Ronald Mikos, formerly a licensed medical doctor (Podiatric Medical License #16003386, Controlled Substance License #316000962), generated and/or collected by a federal or state professional licensing agency

_____ 25   All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution that relate to his professional background and/or employment history.

_____ 26   All Records related to audit(s) and/or investigations of Ronald Mikos by the Internal Revenue Service (IRS).

_____ 27   All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the Social Security Administration.

_____ 28   All Records related to audit(s) and/or investigations of Ronald Mikos by the Centers for Medicare and Medicaid Services (CMS).

_____ 29   All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the U.S. Drug Enforcement Administration (DEA).

_____ 30   All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the Federal Bureau of Investigation (FBI).

_____ 31   All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the HHS Office of Inspector General.

_____ 32   All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the Illinois Department of Health and Human Services.

_____ 33   All Records related to Ronald Mikos's bankruptcy litigation, including Case Nos. 88 B 9030 and 94-10215 (N.D. Illinois).

_____ 34 All Records pertaining to the following witnesses: June Creighton, Shirley Watts, Kamille Das-Goldflies, Beatrice Lauten, Andrea Schleifer, John Kane, Stacey Rosenfeld, Shirley King, Charles Lobosco, Jeffrey Wessell, Krikor Topouzian, Ross Merel, Janet Brown, Carl Malin, James Dugo, Dan Gibbons, Samuel Davis, Janet Bunch, and Leticia Mayorga.

_____ 35 All Records of data gathered, copied, downloaded and/or removed from Ronald Mikos's Palm Pilot, mobile phone, and personal computer(s), or any other electronic device seized or obtained in relation to the investigation of Mr. Mikos.

_____ 36 All Records relating to the investigation of Charles Lobosco from January 1, 1998, through May 31, 2005.

_____ 37 All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution that relate to his social history and background.

_____ 38 All Records relating to any firearm bearing the serial number 328966, including any firearms with a serial number consisting of an initial digit or letter followed by 328966.

_____ 39 All Records relating to the manufacture, specifications, or rifling characteristics of all models or versions of any firearm identified as (1) a Hawes Deputy Combo, (2) a Hawes Deputy Marshal, or (3) Herbert Schmidt Deputy Combo.

_____ 40 Complete copies of any and all records and/or documentation, and/or prosecution files relating to the manufacture, specifications, or rifling characteristics of all firearms marketed, sold, or otherwise identified under the "Deputy Combo" name.

_____ 41 All Records relating to the manufacture, specifications, or rifling characteristics of all firearms marketed, sold, or otherwise identified under the "Deputy Marshal" or "Deputy Combo" name.

_____ 42 All Records relating to the manufacture, specifications, or rifling characteristics of Herbert Schmidt Waffenfabrik Model 21 and Model 21S firearms.

_____ 43 All Records relating to the manufacture, specifications, distribution, or rifling characteristics of all firearms marketed, sold, or otherwise identified as "Model 21."

_____ 44 All Records relating to identification of the manufacturers of firearms imported, distributed, or sold by Hawes Firearm Company.

_____ 45 All versions of the FBI's General Rifling Characteristics database available between 1968 and 2005.

_____ 46  All Records relating to the creation, maintenance, and development of the FBI's General Rifling Characteristics database, including the sources of information relied upon in the creation, maintenance, or expansion of the database, or any additions, deletions, or revisions.

_____ 47  All Records relating to any actual analysis or attempt to perform any analysis, including bullet lead analysis, of the bullets recovered from the body of Joyce Brannon, including bench notes, logs, photographs or other contemporaneous Records made at the time of the analysis.

_____ 48  Access to the bullets (tested and untested) recovered from Joyce Brannon's body for the purposes of testing and/or analysis.

_____ 49  Access, for purposes of testing and/or analysis, to the leather chair in which Joyce Brannon's body was discovered.

_____ 50  Access, for purposes of testing and/or analysis, to the holster seized from Ronald Mikos's storage locker and used at Mr. Mikos's trial.

_____ 51  Access, for purposes of testing and/or analysis, to all cartridges or ammunition seized from Mr. Mikos's vehicle on or after February 5, 2002.

_____ 52  Access, for purposes of testing and/or analysis, to the rusty revolver with a blue steel finish that was seized at Shirley King's residence on January 6, 2002, by the Skokie Police Department and later incorporated into search warrants for Acorn Storage on February 4, 2002, and March 4, 2002.

_____ 53  All Records relating to any attempt to analyze the railroad tie from Patricia DePaepe's home, including bench notes, logs, or other contemporaneous Records made at the time of analysis.

_____ 54  Access, for purposes of testing and/or analysis, to the railroad tie seized from Patricia DePaepe's home.

_____ 55  All Records generated or collected by FBI Agent Paul Tangren pertaining to the investigation for prosecution of Mr. Mikos, and related Records of any other person and/or the FBI Laboratory, who verified his research and conclusions, including but not limited to worksheets, a complete set of bench notes, any and all handwritten or other notes, electronically recorded data and/or notes, correspondence, police reports, and any and all data obtained or relied upon by Agent Tangren, any other analyst, and/or the FBI Laboratory.

_____ 56  All Records relating to the test-firing of .22-caliber firearms undertaken by Agent Tangren during his investigation in this case, including an inventory of all firearms available to him from the FBI sample arsenal.

8



57    Access, for purposes of testing and/or analysis, to all firearms test-fired by Agent Tangren in the course of his investigation in this case, including but not limited to the .22 long-rifle caliber Herbert Schmidt L.A. Deputy revolver and the .22 long-rifle caliber Herbert Schmidt Deputy Marshal mentioned in Agent Tangren's direct testimony in this case as well as all other physical evidence seized and/or analyzed by Agent Tangren in this case.

58    All documents of professional misconduct, unlawful conduct, and/or disciplinary proceedings, including but not limited to complaints (written and/or oral), investigation of such complaints or allegations, disciplinary reports, and/or official findings, formal and/or informal, concerning Agent Tangren, the lead FBI investigator on ballistics in this case.

59    All Records from K-Mart Corporation regarding the sale of any and all firearms bearing the serial number 328966, including any firearms with a serial number consisting of an initial digit or letter followed by 328966 from January 1, 1968 through December 31, 2002.

60    All Records regarding the investigation of Ronald Mikos from January 1, 1998, through May 23, 2005, including but not limited to information related to the type and model of weapons possessed by Mr. Mikos.

61    All Records related to the search of the "Cobalt" safe belonging to Ronald Mikos, seized from June Creighton's home on February 6, 2002, and returned on May 9, 2002.

62    All Records relating to Philip McKenzie's analysis, research, evaluation and testimony regarding Verizon AMA records, cell site map, and cell tower evidence, including any previously undisclosed documentation from Mr. McKenzie pertaining to his investigation of the cell service evidence in this case.

63    All Records relating to interview of and/or statements made by Elaine Rosenfeld pertaining to the investigation and prosecution of Ronald Mikos.

64    All Records regarding the reliance on or the use of anonymous sources in the effort to investigate or prosecute Mr. Mikos, or to investigate Joyce Brannon's death, including the informant status and identity of any individual and his/her status as a cooperating witness for a government agency and/or law enforcement agency.

65    All Records relating to any investigation of Brian Susca in connection with Joyce Brannon's death.

66    All Records relating to any fingerprint analysis, including attempted analysis, at the crime scene or concerning evidence gathered at the crime scene, including bench notes, logs, or other contemporaneous Records made at the time of collection and time of analysis.

9

_____ 67 All Records relating to DNA analysis, including attempted analysis, at the crime scene or concerning evidence gathered at the crime scene, including bench notes, logs, or other contemporaneous Records made at the time of collection and time of analysis.

_____ 68 All Records presented to the DOJ Office of the Attorney General in an application to seek the federal death penalty from 2000 – 2005, including but not limited to "Capital Case Review" forms, "Death Penalty Evaluation" forms, and "Non-decisional information" forms.

_____ 69 All Records of Sergeant James A. Gibson's investigation and search of Joyce Brannon's home on January 27, 2002, including but not limited to information related to the copy of viewable files from item (1) (per the CPD evidence inventory list) a generic personal computer, and item (3) twenty (20) computer diskettes.

_____ 70 All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).

_____ 71 All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the Chicago Office of the Medical Examiner.

_____ 72 All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution that relate to his education and academic history.

_____ 73 All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution that relate to his personal medical history.

## II.     Depositions.

The FBI is **ORDERED** to present **MARYBETH KING** for deposition, pursuant to Federal Rule of Civil Procedure 30, at a date, time, and place mutually convenient for counsel for the Government and counsel for Mr. Mikos.

SO ORDERED.

Entered: _____          _____

Hon. Ronald A. Guzman
U.S. District Court Judge

10

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | No. 1:10-cv-6331 |
| | ) | |
| v. | ) | Hon. Ronald A. Guzman |
| | ) | |
| RONALD MIKOS, | ) | CAPITAL CASE |
| | ) | |
| Petitioner. | ) | |

**[PROPOSED] ORDER ON PETITIONER RONALD MIKOS'S
INITIAL MOTION FOR LEAVE TO CONDUCT DISCOVERY**

THIS CAUSE coming to be heard on Petitioner Ronald Mikos's Initial Motion for Leave to Conduct Discovery (the "Motion"), the Court having reviewed the briefing filed by Mr. Mikos and the Government in relation to the Motion, and the Court otherwise being fully advised in the premises, **IT IS HEREBY ORDERED** that this Motion is:

\_\_\_ **GRANTED IN FULL**

\_\_\_ **GRANTED IN PART AND DENIED IN PART**

as stated more fully herein, with respect to the U.S. Department of Justice ("DOJ"). The Court finds good cause exists for Mr. Mikos to obtain the discovery granted in this Order.

As to each of the requests enumerated below that bears an "X" to its left, the DOJ are **ORDERED** as follows:

1.      The DOJ shall produce to Mr. Mikos's counsel all Records[1] in its possession, custody, or control that are responsive to such request, and certify when such production effort is complete;

---

[1] For purposes of this Order and the discovery requests, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or

2.      To the extent the DOJ is unable to locate any Records responsive to such request after conducting a reasonable search of the Records within the DOJ's possession, custody, or control, the DOJ shall certify in writing to Mr. Mikos's counsel that no such Records could be located;

3.      To the extent responsive Records have been or are believed to have been destroyed, the DOJ shall provide Mr. Mikos's counsel with a written statement regarding that fact or belief, the nature of the Records destroyed (including, insofar as can be discerned, by identifying the discovery request(s) to which such Records were responsive), the date(s) such Records were destroyed, and identify any policy pursuant to which they were destroyed;

4.      To the extent the DOJ believes it has a basis to withhold Records (in whole or in part) that are responsive to such request, the DOJ shall (a) produce the portions of the Records not subject to such claim or privilege or protection, and (b) describe,

---

description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in the DOJ's possession, custody, or control and every copy of a Record if such copy is not an identical duplicate of the original.

in writing and with specificity, the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the DOJ's grounds for withholding such Records. Such descriptions must be provided in a manner that, without revealing information itself alleged to be privileged or protected, will enable Mr. Mikos's counsel to assess the DOJ's claim to such privilege or protection from discovery; and

5. Unless in conflict with this Order, the standards of Federal Rule of Civil Procedure 34 shall apply to the DOJ's responses to the requests. The timeframe for responding to these requests shall be as set forth in Rule 34, running from the date of entry of this Order.

The enumerated requests directed to the DOJ are as follows:

_____ 1 All Records presented to the DOJ Office of the Attorney General in an application to seek the federal death penalty from 2000 – 2005, including but not limited to "Capital Case Review" forms, "Death Penalty Evaluation" forms, and "Non-decisional information" forms.

SO ORDERED.

Entered: _____        _____

Hon. Ronald A. Guzman
U.S. District Court Judge

3

# EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | No. 1:10-cv-6331 |
| | ) | |
| v. | ) | Hon. Ronald A. Guzman |
| | ) | |
| RONALD MIKOS, | ) | CAPITAL CASE |
| | ) | |
| Petitioner. | ) | |

**[PROPOSED] ORDER ON PETITIONER RONALD MIKOS'S
<u>INITIAL MOTION FOR LEAVE TO CONDUCT DISCOVERY</u>**

THIS CAUSE coming to be heard on Petitioner Ronald Mikos's Initial Motion for Leave to Conduct Discovery (the "Motion"), the Court having reviewed the briefing filed by Mr. Mikos and the Government in relation to the Motion, and the Court otherwise being fully advised in the premises, **IT IS HEREBY ORDERED** that this Motion is:

___ **GRANTED IN FULL**

___ **GRANTED IN PART AND DENIED IN PART**

as stated more fully herein, with respect to the discovery requests directed to the United States Department of Health and Human Services ("HHS"). The Court finds good cause exists for Mr. Mikos to obtain the discovery granted in this Order.

As to each of the requests enumerated below that bears an "X" to its left, the HHS is **ORDERED** as follows:

1. The HHS shall produce to Mr. Mikos's counsel all Records[1] in its possession, custody, or control that are responsive to such request, and certify when such production effort is complete;

2. To the extent the HHS is unable to locate any Records responsive to such request after conducting a reasonable search of the Records within the HHS's possession, custody, or control, the HHS shall certify in writing to Mr. Mikos's counsel that no such Records could be located;

3. To the extent responsive Records have been or are believed to have been destroyed, the HHS shall provide Mr. Mikos's counsel with a written statement regarding that fact or belief, the nature of the Records destroyed (including, insofar as can be discerned, by identifying the discovery request(s) to which such Records were

---

[1] For purposes of this Order and the discovery requests, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in the HHS's possession, custody, or control and every copy of a Record if such copy is not an identical duplicate of the original.

responsive), the date(s) such Records were destroyed, and identify any policy pursuant to which they were destroyed;

4. To the extent the HHS believes it has a basis to withhold Records (in whole or in part) that are responsive to such request, the HHS shall (a) produce the portions of the Records not subject to such claim or privilege or protection, and (b) describe, in writing and with specificity, the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the HHS's grounds for withholding such Records. Such descriptions must be provided in a manner that, without revealing information itself alleged to be privileged or protected, will enable Mr. Mikos's counsel to assess the HHS's claim to such privilege or protection from discovery; and

5. Unless in conflict with this Order, the standards of Federal Rule of Civil Procedure 34 shall apply to the HHS's responses to the requests. The timeframe for responding to these requests shall be as set forth in Rule 34, running from the date of entry of this Order.

The enumerated requests directed to the HHS are as follows:

_____ 1 All Records relating to any investigation of Ronald Mikos undertaken by HHS.

_____ 2 All Records pertaining to the following witnesses: June Creighton, Shirley Watts, Kamille Das-Goldflies, Beatrice Lauten, Andrea Schleifer, John Kane, Stacey Rosenfeld, Shirley King, Charles Lobosco, Jeffrey Wessell, Krikor Topouzian, Ross Merel, Janet Brown, Carl Malin, James Dugo, Dan Gibbons, Samuel Davis, Janet Bunch, and Leticia Mayorga.

_____ 3 All handwritten, typed or recorded (audio, video and/or digital) statements made by any witness in the presence of any law enforcement and/or government agent in the course of the investigation of Mr. Mikos and/or Joyce Brannon's death, including but not limited to the witnesses listed immediately above.

_____ 4    All Records regarding the reliance on or the use of anonymous sources in the effort to investigate or prosecute Mr. Mikos, or to investigate Joyce Brannon's death, including the informant status and identity of any individual and his/her status as a cooperating witness for a government agency and/or law enforcement agency.

_____ 5    All Records relating to the investigation of Charles Lobosco from January 1, 1998, through May 31, 2005.

SO ORDERED.

Entered: _____         _____

                                          Hon. Ronald A. Guzman
                                          U.S. District Court Judge

4

# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | No. 1:10-cv-6331 |
| | ) | |
| v. | ) | Hon. Ronald A. Guzman |
| | ) | |
| RONALD MIKOS, | ) | CAPITAL CASE |
| | ) | |
| Petitioner. | ) | |

**[PROPOSED] ORDER ON PETITIONER RONALD MIKOS'S
<u>INITIAL MOTION FOR LEAVE TO CONDUCT DISCOVERY</u>**

THIS CAUSE coming to be heard on Petitioner Ronald Mikos's Initial Motion for Leave

to Conduct Discovery (the "Motion"), the Court having reviewed the briefing filed by Mr. Mikos

and the Government in relation to the Motion, and the Court otherwise being fully advised in the

premises, **IT IS HEREBY ORDERED** that this Motion is:

**\_\_\_ GRANTED IN FULL**

**\_\_\_ GRANTED IN PART AND DENIED IN PART**

as stated more fully herein, with respect to the discovery requests directed to the United States

Department of Health and Human Services Inspector General (the "HHS Inspector General"). The

Court finds good cause exists for Mr. Mikos to obtain the discovery granted in this Order.

**I.      Requests for Records or Access to Tangible Items.**

As to each of the requests enumerated below in this Part I that bears an "X" to its left, the

HHS Inspector General is **ORDERED** as follows:

1.  The HHS Inspector General shall produce to Mr. Mikos's counsel all Records[1] in its possession, custody, or control that are responsive to such request, and certify when such production effort is complete;

2.  To the extent the HHS Inspector General is unable to locate any Records responsive to such request after conducting a reasonable search of the Records within the HHS Inspector General's possession, custody, or control, the HHS Inspector General shall certify in writing to Mr. Mikos's counsel that no such Records could be located;

3.  To the extent responsive Records have been or are believed to have been destroyed, the HHS Inspector General shall provide Mr. Mikos's counsel with a written statement regarding that fact or belief, the nature of the Records destroyed (including, insofar as can be discerned, by identifying the discovery request(s) to

---

[1] For purposes of this Order and the discovery requests, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in the HHS Inspector General's possession, custody, or control and every copy of a Record if such copy is not an identical duplicate of the original.

2

which such Records were responsive), the date(s) such Records were destroyed, and identify any policy pursuant to which they were destroyed;

4. To the extent the HHS Inspector General believes it has a basis to withhold Records (in whole or in part) that are responsive to such request, the HHS Inspector General shall (a) produce the portions of the Records not subject to such claim or privilege or protection, and (b) describe, in writing and with specificity, the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the HHS Inspector General's grounds for withholding such Records. Such descriptions must be provided in a manner that, without revealing information itself alleged to be privileged or protected, will enable Mr. Mikos's counsel to assess the HHS Inspector General's claim to such privilege or protection from discovery; and

5. Unless in conflict with this Order, the standards of Federal Rule of Civil Procedure 34 shall apply to the HHS Inspector General's responses to the requests. The timeframe for responding to these requests shall be as set forth in Rule 34, running from the date of entry of this Order.

The enumerated requests directed to the HHS Inspector General are as follows:

_____ 1 All Records of professional misconduct, unlawful conduct, and/or disciplinary proceedings, including but not limited to complaints (written and/or oral), investigation of such complaints or allegations, disciplinary reports, and/or official findings, formal and/or informal, concerning Renee Reyes, one of the lead investigators.

_____ 2 All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the HHS Office of Inspector General.

3

**II.     Depositions.**

The HHS Inspector General is **ORDERED** to present **RENEE REYES** for deposition, pursuant to Federal Rule of Civil Procedure 30, at a date, time, and place mutually convenient for counsel for the Government and counsel for Mr. Mikos.

SO ORDERED.


Entered: _____          _____

                                                                    Hon. Ronald A. Guzman
                                                                    U.S. District Court Judge

# EXHIBIT 8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | No. 1:10-cv-6331 |
| | ) | |
| v. | ) | Hon. Ronald A. Guzman |
| | ) | |
| RONALD MIKOS, | ) | CAPITAL CASE |
| | ) | |
| Petitioner. | ) | |

**[PROPOSED] ORDER ON PETITIONER RONALD MIKOS'S**
**INITIAL MOTION FOR LEAVE TO CONDUCT DISCOVERY**

THIS CAUSE coming to be heard on Petitioner Ronald Mikos's Initial Motion for Leave to Conduct Discovery (the "Motion"), the Court having reviewed the briefing filed by Mr. Mikos and the Government in relation to the Motion, and the Court otherwise being fully advised in the premises, **IT IS HEREBY ORDERED** that this Motion is:

\_\_\_ **GRANTED IN FULL**

\_\_\_ **GRANTED IN PART AND DENIED IN PART**

as stated more fully herein, with respect to the discovery requests directed to the Centers for Medicare and Medicaid Services ("CMS"). The Court finds good cause exists for Mr. Mikos to obtain the discovery granted in this Order.

As to each of the requests enumerated below that bears an "X" to its left, the CMS is **ORDERED** as follows:

1.  The CMS shall produce to Mr. Mikos's counsel all Records[1] in its possession, custody, or control that are responsive to such request, and certify when such production effort is complete;

2.  To the extent the CMS is unable to locate any Records responsive to such request after conducting a reasonable search of the Records within the CMS's possession, custody, or control, the CMS shall certify in writing to Mr. Mikos's counsel that no such Records could be located;

3.  To the extent responsive Records have been or are believed to have been destroyed, the CMS shall provide Mr. Mikos's counsel with a written statement regarding that fact or belief, the nature of the Records destroyed (including, insofar as can be discerned, by identifying the discovery request(s) to which such Records were

---

[1] For purposes of this Order and the discovery requests, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in the CMS's possession, custody, or control and every copy of a Record if such copy is not an identical duplicate of the original.

responsive), the date(s) such Records were destroyed, and identify any policy pursuant to which they were destroyed;

4.  To the extent the CMS believes it has a basis to withhold Records (in whole or in part) that are responsive to such request, the CMS shall (a) produce the portions of the Records not subject to such claim or privilege or protection, and (b) describe, in writing and with specificity, the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the CMS's grounds for withholding such Records. Such descriptions must be provided in a manner that, without revealing information itself alleged to be privileged or protected, will enable Mr. Mikos's counsel to assess the CMS's claim to such privilege or protection from discovery; and

5.  Unless in conflict with this Order, the standards of Federal Rule of Civil Procedure 34 shall apply to the CMS's responses to the requests. The timeframe for responding to these requests shall be as set forth in Rule 34, running from the date of entry of this Order.

The enumerated requests directed to the CMS are as follows:

_____  1   All Records related to audit(s) and/or investigations of Ronald Mikos by the Centers for Medicare and Medicaid Services CMS.


SO ORDERED.


Entered: _____          _____

                                                                    Hon. Ronald A. Guzman
                                                                    U.S. District Court Judge

3

# EXHIBIT 9

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | No. 1:10-cv-6331 |
| | ) | |
| v. | ) | Hon. Ronald A. Guzman |
| | ) | |
| RONALD MIKOS, | ) | CAPITAL CASE |
| | ) | |
| Petitioner. | ) | |

**[PROPOSED] ORDER ON PETITIONER RONALD MIKOS'S
INITIAL MOTION FOR LEAVE TO CONDUCT DISCOVERY**

THIS CAUSE coming to be heard on Petitioner Ronald Mikos's Initial Motion for Leave to Conduct Discovery (the "Motion"), the Court having reviewed the briefing filed by Mr. Mikos and the Government in relation to the Motion, and the Court otherwise being fully advised in the premises, **IT IS HEREBY ORDERED** that this Motion is:

\_\_\_ **GRANTED IN FULL**

\_\_\_ **GRANTED IN PART AND DENIED IN PART**

as stated more fully herein, with respect to the U.S. Marshals Service ("Marshals"). The Court finds good cause exists for Mr. Mikos to obtain the discovery granted in this Order.

As to each of the requests enumerated below in this Part I that bears an "X" to its left, the Marshals are **ORDERED** as follows:

1. The Marshals shall produce to Mr. Mikos's counsel all Records[1] in its possession, custody, or control that are responsive to such request, and certify when such production effort is complete;

---

[1] For purposes of this Order and the discovery requests, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or

2.  To the extent the Marshals are unable to locate any Records responsive to such request after conducting a reasonable search of the Records within the Marshals' possession, custody, or control, the Marshals shall certify in writing to Mr. Mikos's counsel that no such Records could be located;

3.  To the extent responsive Records have been or are believed to have been destroyed, the Marshals shall provide Mr. Mikos's counsel with a written statement regarding that fact or belief, the nature of the Records destroyed (including, insofar as can be discerned, by identifying the discovery request(s) to which such Records were responsive), the date(s) such Records were destroyed, and identify any policy pursuant to which they were destroyed;

4.  To the extent the Marshals believes it has a basis to withhold Records (in whole or in part) that are responsive to such request, the Marshals shall (a) produce the portions of the Records not subject to such claim or privilege or protection, and

---

description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in the Marshals possession, custody, or control and every copy of a Record if such copy is not an identical duplicate of the original.

(b) describe, in writing and with specificity, the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the Marshals' grounds for withholding such Records. Such descriptions must be provided in a manner that, without revealing information itself alleged to be privileged or protected, will enable Mr. Mikos's counsel to assess the Marshals' claim to such privilege or protection from discovery; and

5. Unless in conflict with this Order, the standards of Federal Rule of Civil Procedure 34 shall apply to the Marshals' responses to the requests. The timeframe for responding to these requests shall be as set forth in Rule 34, running from the date of entry of this Order.

The enumerated requests directed to the MARSHALS are as follows:

_____ 1 All Records relating to the United States Marshals Service's custody of Ronald Mikos from February 1, 2002, through December 31, 2005, which includes the time of his arrest through transfer after sentencing, including but not limited to transport logs, medical and mental health records, sanctions or disciplinary reports, and records of communications from, to or regarding Mr. Mikos.

_____ 2 All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the United States Marshals Service.

SO ORDERED.

Entered: _____      _____
                                                                                Hon. Ronald A. Guzman
                                                                                U.S. District Court Judge

3

# EXHIBIT 10

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| United States of America | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.    10:cv-06331 |
| Ronald Mikos | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
         Crane, Simon, Clar & Goodman, 135 S. LaSalle St. Ste. 3705, Chicago, IL 60603

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See the attached Rider.

| Place: Jenner & Block LLP<br>353 N. Clark St., Chicago, IL 60654 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____      _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Ronald Mikos
_____, who issues or requests this subpoena, are:
April A. Otterberg, Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654, AOtterberg@jenner.com (312) 222-9350

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 10:cv-06331

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA *DUCES TECUM*

### <u>INSTRUCTIONS</u>

1.      You are instructed to produce all Records or tangible things described below, subject to the place, date, and time requirements described in the Subpoena.

2.      The Subpoena commands the production of any and all relevant Records described herein within Your possession, custody or control, including Records present in the files of any and all successors in interest, past or present agents, representatives, employees, attorneys, or accountants.

3.      To the extent You are unable to locate any Records responsive to a request after conducting a reasonable search of the Records within Your possession, custody, or control, please provide a written response to inform counsel issuing the Subpoena that no responsive Records could be located.

4.      To the extent responsive Records have been or are believed to have been destroyed, please provide a written response to inform counsel issuing the Subpoena about the nature of the Records destroyed (including, insofar as can be discerned, by identifying in writing the request(s) to which such Records were responsive), and the date(s) such records were destroyed.

5.      To the extent You believe You have a basis to withhold records in whole or in part that are responsive to any request, please provide a log or other written statement that describes with specificity the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the grounds for withholding such records (in whole or in part), and do so in a manner that, without revealing information itself alleged to be privileged or protected, will enable counsel to assess the claim to such privilege or protection from discovery.

6.      If You contend that any request is overly broad and/or unduly burdensome, identify in writing all aspects of the request that are not overly broad or unduly burdensome and produce the Records that are responsive to such aspects of the request.

7.      Each requested Record shall be produced in its entirety.  If a Record responsive to any request cannot be produced in full, it shall be produced to the extent possible with a written explanation stating why production of the remainder is not possible.

**DEFINITIONS**

1.      For purposes of this Subpoena, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence

2

impound reports, warrants of arrest, search warrants, consent to search documents, returns of search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in your possession, custody or control, and every copy of a Record if such copy is not an identical duplicate of the original.

## REQUESTS

1.      All Records related to Ronald Mikos's bankruptcy litigation, including Case Nos. 88 B 9030 and 94-10215 (N.D. Illinois), in which You served as Trustee.

3

# EXHIBIT 11

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| United States of America | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 10:cv-06331 |
| Ronald Mikos | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Chicago Police Department, Records Services Division, 3510 S. Michigan Ave., Room 1027, Chicago, IL 60653

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See the attached Rider.

| Place: Jenner & Block LLP<br>353 N. Clark St., Chicago, IL 60654 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ronald Mikos
_____ , who issues or requests this subpoena, are:

April A. Otterberg, Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654, AOtterberg@jenner.com (312) 222-9350

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   10:cv-06331

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA *DUCES TECUM*

### <u>INSTRUCTIONS</u>

1.      You are instructed to produce all Records or tangible things described below, subject to the place, date, and time requirements described in the Subpoena.

2.      The Subpoena commands the production of any and all relevant Records described herein within Your possession, custody or control, including Records present in the files of any and all successors in interest, past or present agents, representatives, employees, attorneys, or accountants.

3.      To the extent You are unable to locate any Records responsive to a request after conducting a reasonable search of the Records within Your possession, custody, or control, please provide a written response to inform counsel issuing the Subpoena that no responsive Records could be located.

4.      To the extent responsive Records have been or are believed to have been destroyed, please provide a written response to inform counsel issuing the Subpoena about the nature of the Records destroyed (including, insofar as can be discerned, by identifying in writing the request(s) to which such Records were responsive), and the date(s) such records were destroyed.

5.      To the extent You believe You have a basis to withhold records in whole or in part that are responsive to any request, please provide a log or other written statement that describes with specificity the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the grounds for withholding such records (in whole or in part), and do so in a manner that, without revealing information itself alleged to be privileged or protected, will enable counsel to assess the claim to such privilege or protection from discovery.

6.      If You contend that any request is overly broad and/or unduly burdensome, identify in writing all aspects of the request that are not overly broad or unduly burdensome and produce the Records that are responsive to such aspects of the request.

7.      Each requested Record shall be produced in its entirety.  If a Record responsive to any request cannot be produced in full, it shall be produced to the extent possible with a written explanation stating why production of the remainder is not possible.

## DEFINITIONS

1.      For purposes of this Subpoena, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of

2

search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in your possession, custody or control, and every copy of a Record if such copy is not an identical duplicate of the original.

2. The Records requested pertain to the investigation and prosecution of Ronald Mikos for the murder of Joyce Brannon, including the related investigation and prosecution of Mr. Mikos for Medicaid/Medicare fraud, unless otherwise specified.

## REQUESTS

1. All Records of statements made in the presence of law enforcement or other investigating agents, including the prosecution team, and any information and/or observations of Ronald Mikos, his residences and/or his vehicles, during the investigation from January 1, 1998, through May 23, 2005. The Chicago Police Department Report Number is HH-152-261.

2. All Records regarding the investigation and seizure of firearms from Ronald Mikos on or about January 24, 1989, in Chicago, Illinois.

3. All Records relating to any actual analysis or attempt to analyze Ronald Mikos's breath, blood, urine or other bodily fluids within twenty-four hours of his arrest on February 5, 2002.

4. All recordings, transcripts and summaries of telephone calls involving Ronald Mikos while in law enforcement custody, including calls involving Mr. Mikos to and from MCC Chicago and/or the Chicago Police Department.

5. All Records pertaining to the following witnesses: June Creighton, Shirley Watts, Kamille Das-Goldflies, Beatrice Lauten, Andrea Schleifer, John Kane, Stacey Rosenfeld, Shirley King, Charles Lobosco, Jeffrey Wessell, Krikor Topouzian, Ross Merel, Janet Brown, Carl Malin, James Dugo, Dan Gibbons, Samuel Davis, Janet Bunch, and Leticia Mayorga.

6.      All handwritten, typed or recorded (audio, video and/or digital) statements made by any witness in the presence of any law enforcement and/or government agent in the course of the investigation of Mr. Mikos and/or Joyce Brannon's death, including but not limited to the witnesses listed immediately above.

7.      All Records regarding the reliance on or the use of anonymous sources in the effort to investigate or prosecute Mr. Mikos, or to investigate Joyce Brannon's death, including the informant status and identity of any individual and his/her status as a cooperating witness for a government agency and/or law enforcement agency.

8.      All Records relating to any investigation of Brian Susca in connection with Joyce Brannon's death.

9.      All Records pertaining to physical and/or mental examinations and scientific testing, including polygraph examination, in connection with the investigation of Mr. Mikos, including those related to witnesses and suspects/potential perpetrators.

10.     All Records relating to any fingerprint analysis, including attempted analysis, at the crime scene or concerning evidence gathered at the crime scene, including bench notes, logs, or other contemporaneous records made at the time of collection and time of analysis.

11.     All Records relating to DNA analysis, including attempted analysis, at the crime scene or concerning evidence gathered at the crime scene, including bench notes, logs, or other contemporaneous records made at the time of collection and time of analysis.

12.     All Records of tangible evidence, including wiretap recordings, related to surveillance of Mr. Mikos, including but not limited to the week leading up to Mr. Mikos's arrest on February 5, 2002.

13. All Records of data gathered, copied, downloaded and/or removed from Ronald Mikos's Palm Pilot, mobile phone, and personal computer(s), or any other electronic device seized or obtained in relation to the investigation of Mr. Mikos.

14. All Records of Sergeant James A. Gibson's investigation and search of Joyce Brannon's home on January 27, 2002, including but not limited to information related to the copy of viewable files from item (1) (per the CPD evidence inventory list) a generic personal computer, and item (3) twenty (20) computer diskettes.

15. All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution generated and/or collected by the Chicago Police Department.

5

# EXHIBIT 12

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  10:cv-06331 |
| | ) | |
| Ronald Mikos | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Skokie Police Department, 7300 Niles Center Road, Skokie, IL 60077

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See the attached Rider.

| Place: Jenner & Block LLP 353 N. Clark St., Chicago, IL 60654 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

*CLERK OF COURT*

OR

_____           _____
    *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Ronald Mikos
, who issues or requests this subpoena, are:
April A. Otterberg, Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654, AOtterberg@jenner.com (312) 222-9350

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 10:cv-06331

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA *DUCES TECUM*

### INSTRUCTIONS

1. You are instructed to produce all Records or tangible things described below, subject to the place, date, and time requirements described in the Subpoena.

2. The Subpoena commands the production of any and all relevant Records described herein within Your possession, custody or control, including Records present in the files of any and all successors in interest, past or present agents, representatives, employees, attorneys, or accountants.

3. To the extent You are unable to locate any Records responsive to a request after conducting a reasonable search of the Records within Your possession, custody, or control, please provide a written response to inform counsel issuing the Subpoena that no responsive Records could be located.

4. To the extent responsive Records have been or are believed to have been destroyed, please provide a written response to inform counsel issuing the Subpoena about the nature of the Records destroyed (including, insofar as can be discerned, by identifying in writing the request(s) to which such Records were responsive), and the date(s) such records were destroyed.

5. To the extent You believe You have a basis to withhold records in whole or in part that are responsive to any request, please provide a log or other written statement that describes with specificity the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the grounds for withholding such records (in whole or in part), and do so in a manner that, without revealing information itself alleged to be privileged or protected, will enable counsel to assess the claim to such privilege or protection from discovery.

6.      If You contend that any request is overly broad and/or unduly burdensome, identify in writing all aspects of the request that are not overly broad or unduly burdensome and produce the Records that are responsive to such aspects of the request.

7.      Each requested Record shall be produced in its entirety.  If a Record responsive to any request cannot be produced in full, it shall be produced to the extent possible with a written explanation stating why production of the remainder is not possible.

### DEFINITIONS

1.      For purposes of this Subpoena, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of

2

search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in your possession, custody or control, and every copy of a Record if such copy is not an identical duplicate of the original.

## REQUESTS

1.        All Records regarding or related to Ronald Mikos, DOB ▉▉▉▉, Stacey Rosenfeld, DOB ▉▉▉▉, and/or Shirley King, DOB ▉▉▉▉, including but not limited to (a) Records related to calls for police assistance at 9311 Lincolnwood Avenue between 1997 and 2002; (b) Records related to a June 9, 2001 report of a suicidal subject, including a related seizure of firearms; and (c) Records related to a January 6, 2002 call for police assistance at 10118 Old Orchard Court, Apt 3D, including a related seizure of firearms.  The Skokie Police Department Case Number is 01-02-457.

2.        All records of policies and procedures for the handling and confiscation and subsequent return of firearms to an individual in effect on or around January 2002.

3

# EXHIBIT 13

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| United States of America | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   10:cv-06331 |
| Ronald Mikos | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 

Advocate Good Samaritan Hospital, 3815 Highland Ave., Downers Grove, IL 60515

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See the attached Rider.

| Place: Jenner & Block LLP<br>353 N. Clark St., Chicago, IL 60654 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____       _____
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Ronald Mikos
_____ , who issues or requests this subpoena, are:
April A. Otterberg, Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654, AOtterberg@jenner.com (312) 222-9350

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 10:cv-06331

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA *DUCES TECUM*

### <u>INSTRUCTIONS</u>

1.      You are instructed to produce all Records or tangible things described below, subject to the place, date, and time requirements described in the Subpoena.

2.      The Subpoena commands the production of any and all relevant Records described herein within Your possession, custody or control, including Records present in the files of any and all successors in interest, past or present agents, representatives, employees, attorneys, or accountants.

3.      To the extent You are unable to locate any Records responsive to a request after conducting a reasonable search of the Records within Your possession, custody, or control, please provide a written response to inform counsel issuing the Subpoena that no responsive Records could be located.

4.      To the extent responsive Records have been or are believed to have been destroyed, please provide a written response to inform counsel issuing the Subpoena about the nature of the Records destroyed (including, insofar as can be discerned, by identifying in writing the request(s) to which such Records were responsive), and the date(s) such records were destroyed.

5.      To the extent You believe You have a basis to withhold records in whole or in part that are responsive to any request, please provide a log or other written statement that describes with specificity the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the grounds for withholding such records (in whole or in part), and do so in a manner that, without revealing information itself alleged to be privileged or protected, will enable counsel to assess the claim to such privilege or protection from discovery.

6.      If You contend that any request is overly broad and/or unduly burdensome, identify in writing all aspects of the request that are not overly broad or unduly burdensome and produce the Records that are responsive to such aspects of the request.

7.      Each requested Record shall be produced in its entirety.  If a Record responsive to any request cannot be produced in full, it shall be produced to the extent possible with a written explanation stating why production of the remainder is not possible.

## DEFINITIONS

1.      For purposes of this Subpoena, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of

2

search warrants, extradition documents, polygraph examinations, travel documents, travel forms.

"Record" and "Records" also mean a copy where the original is not in your possession, custody or

control, and every copy of a Record if such copy is not an identical duplicate of the original.

## REQUESTS

1.      All Records pertaining to Ronald Mikos, DOB ███████, SSN xxx-xx-████,

including but not limited to substance abuse treatment in 1987.

# EXHIBIT 14

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| United States of America | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 10:cv-06331 |
| Ronald Mikos | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Illinois State Medical Society, 20 N. Michigan Ave., Ste. 700, Chicago, IL 60602

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See the attached Rider.

| Place: Jenner & Block LLP<br>353 N. Clark St., Chicago, IL 60654 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ronald Mikos
_____ , who issues or requests this subpoena, are:
April A. Otterberg, Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654, AOtterberg@jenner.com (312) 222-9350

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  10:cv-06331

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA *DUCES TECUM*

### **INSTRUCTIONS**

1.       You are instructed to produce all Records or tangible things described below, subject to the place, date, and time requirements described in the Subpoena.

2.       The Subpoena commands the production of any and all relevant Records described herein within Your possession, custody or control, including Records present in the files of any and all successors in interest, past or present agents, representatives, employees, attorneys, or accountants.

3.       To the extent You are unable to locate any Records responsive to a request after conducting a reasonable search of the Records within Your possession, custody, or control, please provide a written response to inform counsel issuing the Subpoena that no responsive Records could be located.

4.       To the extent responsive Records have been or are believed to have been destroyed, please provide a written response to inform counsel issuing the Subpoena about the nature of the Records destroyed (including, insofar as can be discerned, by identifying in writing the request(s) to which such Records were responsive), and the date(s) such records were destroyed.

5.       To the extent You believe You have a basis to withhold records in whole or in part that are responsive to any request, please provide a log or other written statement that describes with specificity the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the grounds for withholding such records (in whole or in part), and do so in a manner that, without revealing information itself alleged to be privileged or protected, will enable counsel to assess the claim to such privilege or protection from discovery.

6.      If You contend that any request is overly broad and/or unduly burdensome, identify in writing all aspects of the request that are not overly broad or unduly burdensome and produce the Records that are responsive to such aspects of the request.

7.      Each requested Record shall be produced in its entirety.  If a Record responsive to any request cannot be produced in full, it shall be produced to the extent possible with a written explanation stating why production of the remainder is not possible.

<b><u>DEFINITIONS</u></b>

1.      For purposes of this Subpoena, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of

2

search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in your possession, custody or control, and every copy of a Record if such copy is not an identical duplicate of the original.

## **REQUESTS**

1.     All Records pertaining to Ronald Mikos, DOB ████████, SSN xxx-xx-████, including but not limited to treatment, counseling and referrals through the professional assistance program between January 1, 1994 through February 28, 2002.

# EXHIBIT 15

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   10:cv-06331 |
| | ) | |
| Ronald Mikos | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

Advocate Lutheran General Hospital, 1775 Dempster St., Park Ridge, IL 60068

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See the attached Rider.

| Place:   Jenner & Block LLP  353 N. Clark St., Chicago, IL 60654 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Ronald Mikos
_____ , who issues or requests this subpoena, are:

April A. Otterberg, Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654, AOtterberg@jenner.com (312) 222-9350

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  10:cv-06331

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA *DUCES TECUM*

### <u>INSTRUCTIONS</u>

1.      You are instructed to produce all Records or tangible things described below, subject to the place, date, and time requirements described in the Subpoena.

2.      The Subpoena commands the production of any and all relevant Records described herein within Your possession, custody or control, including Records present in the files of any and all successors in interest, past or present agents, representatives, employees, attorneys, or accountants.

3.      To the extent You are unable to locate any Records responsive to a request after conducting a reasonable search of the Records within Your possession, custody, or control, please provide a written response to inform counsel issuing the Subpoena that no responsive Records could be located.

4.      To the extent responsive Records have been or are believed to have been destroyed, please provide a written response to inform counsel issuing the Subpoena about the nature of the Records destroyed (including, insofar as can be discerned, by identifying in writing the request(s) to which such Records were responsive), and the date(s) such records were destroyed.

5.      To the extent You believe You have a basis to withhold records in whole or in part that are responsive to any request, please provide a log or other written statement that describes with specificity the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the grounds for withholding such records (in whole or in part), and do so in a manner that, without revealing information itself alleged to be privileged or protected, will enable counsel to assess the claim to such privilege or protection from discovery.

6.    If You contend that any request is overly broad and/or unduly burdensome, identify in writing all aspects of the request that are not overly broad or unduly burdensome and produce the Records that are responsive to such aspects of the request.

7.    Each requested Record shall be produced in its entirety.  If a Record responsive to any request cannot be produced in full, it shall be produced to the extent possible with a written explanation stating why production of the remainder is not possible.

## DEFINITIONS

1.    For purposes of this Subpoena, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of

2

search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in your possession, custody or control, and every copy of a Record if such copy is not an identical duplicate of the original.

<strong><u>REQUESTS</u></strong>

1. All Records pertaining to Ronald Mikos, DOB ▮▮▮▮▮, SSN xxx-xx-▮▮▮, including but not limited to treatment and admission on or around December 1997.

3

# EXHIBIT 16

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

| | |
|---|---|
| United States of America | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 10:cv-06331 |
| Ronald Mikos | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Rush University Medical Center, 1620 W. Harrison St., Chicago, IL 60612

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See the attached Rider.

| Place: Jenner & Block LLP 353 N. Clark St., Chicago, IL 60654 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ronald Mikos
_____ , who issues or requests this subpoena, are:
April A. Otterberg, Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654, AOtterberg@jenner.com (312) 222-9350

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   10:cv-06331

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA *DUCES TECUM*

### <u>INSTRUCTIONS</u>

1.       You are instructed to produce all Records or tangible things described below, subject to the place, date, and time requirements described in the Subpoena.

2.       The Subpoena commands the production of any and all relevant Records described herein within Your possession, custody or control, including Records present in the files of any and all successors in interest, past or present agents, representatives, employees, attorneys, or accountants.

3.       To the extent You are unable to locate any Records responsive to a request after conducting a reasonable search of the Records within Your possession, custody, or control, please provide a written response to inform counsel issuing the Subpoena that no responsive Records could be located.

4.       To the extent responsive Records have been or are believed to have been destroyed, please provide a written response to inform counsel issuing the Subpoena about the nature of the Records destroyed (including, insofar as can be discerned, by identifying in writing the request(s) to which such Records were responsive), and the date(s) such records were destroyed.

5.       To the extent You believe You have a basis to withhold records in whole or in part that are responsive to any request, please provide a log or other written statement that describes with specificity the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the grounds for withholding such records (in whole or in part), and do so in a manner that, without revealing information itself alleged to be privileged or protected, will enable counsel to assess the claim to such privilege or protection from discovery.

6. If You contend that any request is overly broad and/or unduly burdensome, identify in writing all aspects of the request that are not overly broad or unduly burdensome and produce the Records that are responsive to such aspects of the request.

7. Each requested Record shall be produced in its entirety. If a Record responsive to any request cannot be produced in full, it shall be produced to the extent possible with a written explanation stating why production of the remainder is not possible.

## DEFINITIONS

1. For purposes of this Subpoena, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of

2

search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in your possession, custody or control, and every copy of a Record if such copy is not an identical duplicate of the original.

## **REQUESTS**

1.      All Records pertaining to Ronald Mikos, DOB ▇▇▇▇▇, SSN xxx-xx-▇▇▇, including but not limited to multiple admissions on or around May 1997 through June 1998.

3

# EXHIBIT 17

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| United States of America | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 10:cv-06331 |
| Ronald Mikos | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Norbert A. Simon, 3728 N. Sacramento Ave., Chicago, IL 60618

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See the attached Rider.

| Place: Jenner & Block LLP 353 N. Clark St., Chicago, IL 60654 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____  _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ronald Mikos
_____ , who issues or requests this subpoena, are:

April A. Otterberg, Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654, AOtterberg@jenner.com (312) 222-9350

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  10:cv-06331

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA *DUCES TECUM*

### <u>INSTRUCTIONS</u>

1.      You are instructed to produce all Records or tangible things described below, subject to the place, date, and time requirements described in the Subpoena.

2.      The Subpoena commands the production of any and all relevant Records described herein within Your possession, custody or control, including Records present in the files of any and all successors in interest, past or present agents, representatives, employees, attorneys, or accountants.

3.      To the extent You are unable to locate any Records responsive to a request after conducting a reasonable search of the Records within Your possession, custody, or control, please provide a written response to inform counsel issuing the Subpoena that no responsive Records could be located.

4.      To the extent responsive Records have been or are believed to have been destroyed, please provide a written response to inform counsel issuing the Subpoena about the nature of the Records destroyed (including, insofar as can be discerned, by identifying in writing the request(s) to which such Records were responsive), and the date(s) such records were destroyed.

5.      To the extent You believe You have a basis to withhold records in whole or in part that are responsive to any request, please provide a log or other written statement that describes with specificity the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the grounds for withholding such records (in whole or in part), and do so in a manner that, without revealing information itself alleged to be privileged or protected, will enable counsel to assess the claim to such privilege or protection from discovery.

6.      If You contend that any request is overly broad and/or unduly burdensome, identify in writing all aspects of the request that are not overly broad or unduly burdensome and produce the Records that are responsive to such aspects of the request.

7.      Each requested Record shall be produced in its entirety.  If a Record responsive to any request cannot be produced in full, it shall be produced to the extent possible with a written explanation stating why production of the remainder is not possible.

## DEFINITIONS

1.      For purposes of this Subpoena, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of

2

search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in your possession, custody or control, and every copy of a Record if such copy is not an identical duplicate of the original.

<u>**REQUESTS**</u>

1.    All Records pertaining to marriage counseling involving Patricia Mikos née DePaepe and Ronald Mikos.

3

# EXHIBIT 18

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| United States of America | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   10:cv-06331 |
| Ronald Mikos | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Metropolitan Correctional Center Chicago, Federal Bureau of Prisons, 71 W. Van Buren St., Chicago, IL 60605

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See the attached Rider.

| Place:   Jenner & Block LLP<br>353 N. Clark St., Chicago, IL 60654 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

*CLERK OF COURT*

OR

_____                _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Ronald Mikos
_____ , who issues or requests this subpoena, are:

April A. Otterberg, Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654, AOtterberg@jenner.com (312) 222-9350

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 10:cv-06331

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA *DUCES TECUM*

### <u>INSTRUCTIONS</u>

1.      You are instructed to produce all Records or tangible things described below, subject to the place, date, and time requirements described in the Subpoena.

2.      The Subpoena commands the production of any and all relevant Records described herein within Your possession, custody or control, including Records present in the files of any and all successors in interest, past or present agents, representatives, employees, attorneys, or accountants.

3.      To the extent You are unable to locate any Records responsive to a request after conducting a reasonable search of the Records within Your possession, custody, or control, please provide a written response to inform counsel issuing the Subpoena that no responsive Records could be located.

4.      To the extent responsive Records have been or are believed to have been destroyed, please provide a written response to inform counsel issuing the Subpoena about the nature of the Records destroyed (including, insofar as can be discerned, by identifying in writing the request(s) to which such Records were responsive), and the date(s) such records were destroyed.

5.      To the extent You believe You have a basis to withhold records in whole or in part that are responsive to any request, please provide a log or other written statement that describes with specificity the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the grounds for withholding such records (in whole or in part), and do so in a manner that, without revealing information itself alleged to be privileged or protected, will enable counsel to assess the claim to such privilege or protection from discovery.

6. If You contend that any request is overly broad and/or unduly burdensome, identify in writing all aspects of the request that are not overly broad or unduly burdensome and produce the Records that are responsive to such aspects of the request.

7. Each requested Record shall be produced in its entirety. If a Record responsive to any request cannot be produced in full, it shall be produced to the extent possible with a written explanation stating why production of the remainder is not possible.

### DEFINITIONS

1. For purposes of this Subpoena, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of

2

search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in your possession, custody or control, and every copy of a Record if such copy is not an identical duplicate of the original.

## REQUESTS

1.    All Records relating to the custody of Ronald Mikos at the Metropolitan Correctional Center in Chicago, Illinois ("MCC Chicago") from February 5, 2002, through December 31, 2005, which includes detention from arrest through arraignment, pre-trial, trial, sentencing, and transfer out, including but not limited to: transport logs; sanctions or disciplinary records; grievances; medical and mental health records; records of communications from, to or regarding Mr. Mikos; all records of phone calls from or to Mr. Mikos; all records of legal, personal and professional visits, and all records of medications and dates administered to him.

2.    All recordings, transcripts and summaries of telephone calls involving Ronald Mikos while in law enforcement custody, including calls involving Mr. Mikos to and from MCC Chicago and/or the Chicago Police Department.

3.    All Records relating to protocols, rules and/or policies of MCC Chicago regarding the identification and treatment of mentally ill and/or incompetent inmates from January 1, 2002, through December 31, 2005.

# EXHIBIT 19

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  10:cv-06331 |
| | ) | |
| Ronald Mikos | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Illinois Department of Financial & Professional Regulation,100 W. Randolph St., Suite 9-300 Chicago, IL 60601

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See the attached Rider.

| Place: Jenner & Block LLP<br>353 N. Clark St., Chicago, IL 60654 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Ronald Mikos
_____ , who issues or requests this subpoena, are:

April A. Otterberg, Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654, AOtterberg@jenner.com (312) 222-9350

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  10:cv-06331

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**RIDER TO SUBPOENA *DUCES TECUM***

**<u>INSTRUCTIONS</u>**

1.      You are instructed to produce all Records or tangible things described below, subject to the place, date, and time requirements described in the Subpoena.

2.      The Subpoena commands the production of any and all relevant Records described herein within Your possession, custody or control, including Records present in the files of any and all successors in interest, past or present agents, representatives, employees, attorneys, or accountants.

3.      To the extent You are unable to locate any Records responsive to a request after conducting a reasonable search of the Records within Your possession, custody, or control, please provide a written response to inform counsel issuing the Subpoena that no responsive Records could be located.

4.      To the extent responsive Records have been or are believed to have been destroyed, please provide a written response to inform counsel issuing the Subpoena about the nature of the Records destroyed (including, insofar as can be discerned, by identifying in writing the request(s) to which such Records were responsive), and the date(s) such records were destroyed.

5.      To the extent You believe You have a basis to withhold records in whole or in part that are responsive to any request, please provide a log or other written statement that describes with specificity the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the grounds for withholding such records (in whole or in part), and do so in a manner that, without revealing information itself alleged to be privileged or protected, will enable counsel to assess the claim to such privilege or protection from discovery.

6.      If You contend that any request is overly broad and/or unduly burdensome, identify in writing all aspects of the request that are not overly broad or unduly burdensome and produce the Records that are responsive to such aspects of the request.

7.      Each requested Record shall be produced in its entirety. If a Record responsive to any request cannot be produced in full, it shall be produced to the extent possible with a written explanation stating why production of the remainder is not possible.

## DEFINITIONS

1.      For purposes of this Subpoena, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of

2

search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in your possession, custody or control, and every copy of a Record if such copy is not an identical duplicate of the original.

## **REQUEST**

1.      All Records pertaining to Ronald Mikos, formerly a licensed medical doctor (Podiatric Medical License #16003386, Controlled Substance License # 316000962), DOB ███████, SSN xxx-xx-███, generated and/or collected by any and all Illinois state professional licensing entities.

3

# EXHIBIT 20

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| United States of America | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   10:cv-06331 |
| | ) | |
| Ronald Mikos | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Social Security Administration, 605 W. Washington Blvd., Chicago, IL 60661

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See the attached Rider.

| Place: Jenner & Block LLP 353 N. Clark St., Chicago, IL 60654 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Ronald Mikos
, who issues or requests this subpoena, are:
April A. Otterberg, Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654, AOtterberg@jenner.com (312) 222-9350

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  10:cv-06331

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA *DUCES TECUM*

### INSTRUCTIONS

1.      You are instructed to produce all Records or tangible things described below, subject to the place, date, and time requirements described in the Subpoena.

2.      The Subpoena commands the production of any and all relevant Records described herein within Your possession, custody or control, including Records present in the files of any and all successors in interest, past or present agents, representatives, employees, attorneys, or accountants.

3.      To the extent You are unable to locate any Records responsive to a request after conducting a reasonable search of the Records within Your possession, custody, or control, please provide a written response to inform counsel issuing the Subpoena that no responsive Records could be located.

4.      To the extent responsive Records have been or are believed to have been destroyed, please provide a written response to inform counsel issuing the Subpoena about the nature of the Records destroyed (including, insofar as can be discerned, by identifying in writing the request(s) to which such Records were responsive), and the date(s) such records were destroyed.

5.      To the extent You believe You have a basis to withhold records in whole or in part that are responsive to any request, please provide a log or other written statement that describes with specificity the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the grounds for withholding such records (in whole or in part), and do so in a manner that, without revealing information itself alleged to be privileged or protected, will enable counsel to assess the claim to such privilege or protection from discovery.

6.      If You contend that any request is overly broad and/or unduly burdensome, identify in writing all aspects of the request that are not overly broad or unduly burdensome and produce the Records that are responsive to such aspects of the request.

7.      Each requested Record shall be produced in its entirety.  If a Record responsive to any request cannot be produced in full, it shall be produced to the extent possible with a written explanation stating why production of the remainder is not possible.

## DEFINITIONS

1.      For purposes of this Subpoena, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of

2

search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in your possession, custody or control, and every copy of a Record if such copy is not an identical duplicate of the original.

2.      The Records requested pertain to the investigation and prosecution of Ronald Mikos for the murder of Joyce Brannon, including the related investigation and prosecution of Mr. Mikos for Medicaid/Medicare fraud, unless otherwise specified.

## REQUESTS

1.      All Records pertaining to Ronald Mikos, DOB ████████, SSN xxx-xx-████, including but not limited to financial earnings statements generated and/or collected by the Social Security Administration.

3

# EXHIBIT 21

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 10:cv-06331 |
| | ) | |
| Ronald Mikos | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Internal Revenue Service, 230 S. Dearborn St., Chicago, IL 60603

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See the attached Rider.

| Place: Jenner & Block LLP<br>353 N. Clark St., Chicago, IL 60654 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ronald Mikos
_____, who issues or requests this subpoena, are:
April A. Otterberg, Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654, AOtterberg@jenner.com (312) 222-9350

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 10:cv-06331

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA *DUCES TECUM*

### <u>INSTRUCTIONS</u>

1.      You are instructed to produce all Records or tangible things described below, subject to the place, date, and time requirements described in the Subpoena.

2.      The Subpoena commands the production of any and all relevant Records described herein within Your possession, custody or control, including Records present in the files of any and all successors in interest, past or present agents, representatives, employees, attorneys, or accountants.

3.      To the extent You are unable to locate any Records responsive to a request after conducting a reasonable search of the Records within Your possession, custody, or control, please provide a written response to inform counsel issuing the Subpoena that no responsive Records could be located.

4.      To the extent responsive Records have been or are believed to have been destroyed, please provide a written response to inform counsel issuing the Subpoena about the nature of the Records destroyed (including, insofar as can be discerned, by identifying in writing the request(s) to which such Records were responsive), and the date(s) such records were destroyed.

5.      To the extent You believe You have a basis to withhold records in whole or in part that are responsive to any request, please provide a log or other written statement that describes with specificity the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the grounds for withholding such records (in whole or in part), and do so in a manner that, without revealing information itself alleged to be privileged or protected, will enable counsel to assess the claim to such privilege or protection from discovery.

6.      If You contend that any request is overly broad and/or unduly burdensome, identify in writing all aspects of the request that are not overly broad or unduly burdensome and produce the Records that are responsive to such aspects of the request.

7.      Each requested Record shall be produced in its entirety.  If a Record responsive to any request cannot be produced in full, it shall be produced to the extent possible with a written explanation stating why production of the remainder is not possible.

## DEFINITIONS

1.      For purposes of this Subpoena, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of

search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in your possession, custody or control, and every copy of a Record if such copy is not an identical duplicate of the original.

2. The Records requested pertain to the investigation and prosecution of Ronald Mikos for the murder of Joyce Brannon, including the related investigation and prosecution of Mr. Mikos for Medicaid/Medicare fraud, unless otherwise specified.

## **REQUEST**

1. All Records related to audit(s) and/or investigations of Ronald Mikos, DOB ▮▮▮▮▮▮, SSN xxx-xx-▮▮▮, by the Internal Revenue Service (IRS).

2. All records pertaining to tax returns filed by Ronald Mikos from 1995 through 2001.

# EXHIBIT 22

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 10:cv-06331 |
| Ronald Mikos | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Illinois Department of Health & Human Services, 10 S. Kedzie Ave., Chicago, IL 60612

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See the attached Rider.

| Place: Jenner & Block LLP<br>353 N. Clark St., Chicago, IL 60654 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____      _____
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ronald Mikos
_____ , who issues or requests this subpoena, are:
April A. Otterberg, Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654, AOtterberg@jenner.com (312) 222-9350

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 10:cv-06331

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA *DUCES TECUM*

### INSTRUCTIONS

1.      You are instructed to produce all Records or tangible things described below, subject to the place, date, and time requirements described in the Subpoena.

2.      The Subpoena commands the production of any and all relevant Records described herein within Your possession, custody or control, including Records present in the files of any and all successors in interest, past or present agents, representatives, employees, attorneys, or accountants.

3.      To the extent You are unable to locate any Records responsive to a request after conducting a reasonable search of the Records within Your possession, custody, or control, please provide a written response to inform counsel issuing the Subpoena that no responsive Records could be located.

4.      To the extent responsive Records have been or are believed to have been destroyed, please provide a written response to inform counsel issuing the Subpoena about the nature of the Records destroyed (including, insofar as can be discerned, by identifying in writing the request(s) to which such Records were responsive), and the date(s) such records were destroyed.

5.      To the extent You believe You have a basis to withhold records in whole or in part that are responsive to any request, please provide a log or other written statement that describes with specificity the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the grounds for withholding such records (in whole or in part), and do so in a manner that, without revealing information itself alleged to be privileged or protected, will enable counsel to assess the claim to such privilege or protection from discovery.

6.      If You contend that any request is overly broad and/or unduly burdensome, identify in writing all aspects of the request that are not overly broad or unduly burdensome and produce the Records that are responsive to such aspects of the request.

7.      Each requested Record shall be produced in its entirety.  If a Record responsive to any request cannot be produced in full, it shall be produced to the extent possible with a written explanation stating why production of the remainder is not possible.

## DEFINITIONS

1.      For purposes of this Subpoena, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of

2

search warrants, extradition documents, polygraph examinations, travel documents, travel forms.

"Record" and "Records" also mean a copy where the original is not in your possession, custody or

control, and every copy of a Record if such copy is not an identical duplicate of the original.

## REQUEST

1.      All Records pertaining to Ronald Mikos, DOB ▮▮▮▮▮▮, SSN xxx-xx-▮▮▮,

generated and/or collected by the Illinois Department of Health and Human Services.

3

# EXHIBIT 23

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| United States of America | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 10:cv-06331 |
| Ronald Mikos | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Transform KM Stores of Illinois LLC, c/o CT Corporation System, 208 S. LaSalle St. Ste. 814, Chicago, IL 60604

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See the attached Rider.

| Place: Jenner & Block LLP 353 N. Clark St., Chicago, IL 60654 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ronald Mikos
_____ , who issues or requests this subpoena, are:
April A. Otterberg, Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654, AOtterberg@jenner.com (312) 222-9350

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  10:cv-06331

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA *DUCES TECUM*

### __INSTRUCTIONS__

1.      You are instructed to produce all Records or tangible things described below, subject to the place, date, and time requirements described in the Subpoena.

2.      The Subpoena commands the production of any and all relevant Records described herein within Your possession, custody or control, including Records present in the files of any and all successors in interest, past or present agents, representatives, employees, attorneys, or accountants.

3.      To the extent You are unable to locate any Records responsive to a request after conducting a reasonable search of the Records within Your possession, custody, or control, please provide a written response to inform counsel issuing the Subpoena that no responsive Records could be located.

4.      To the extent responsive Records have been or are believed to have been destroyed, please provide a written response to inform counsel issuing the Subpoena about the nature of the Records destroyed (including, insofar as can be discerned, by identifying in writing the request(s) to which such Records were responsive), and the date(s) such records were destroyed.

5.      To the extent You believe You have a basis to withhold records in whole or in part that are responsive to any request, please provide a log or other written statement that describes with specificity the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the grounds for withholding such records (in whole or in part), and do so in a manner that, without revealing information itself alleged to be privileged or protected, will enable counsel to assess the claim to such privilege or protection from discovery.

6.    If You contend that any request is overly broad and/or unduly burdensome, identify in writing all aspects of the request that are not overly broad or unduly burdensome and produce the Records that are responsive to such aspects of the request.

7.    Each requested Record shall be produced in its entirety.  If a Record responsive to any request cannot be produced in full, it shall be produced to the extent possible with a written explanation stating why production of the remainder is not possible.

**DEFINITIONS**

1.    For purposes of this Subpoena, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of

2

search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in your possession, custody or control, and every copy of a Record if such copy is not an identical duplicate of the original.

## REQUESTS

1.      All Records from K-Mart Corporation regarding the sale of any and all firearms bearing the serial number 328966, including any firearms with a serial number consisting of an initial digit or letter followed by 328966, from January 1, 1968, through December 31, 2002.

3

# EXHIBIT 24

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| United States of America | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 10:cv-06331 |
| Ronald Mikos | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Cook County Medical Examiner, 2121 W. Harrison St., Chicago, IL 60612

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See the attached Rider.

| Place: Jenner & Block LLP 353 N. Clark St., Chicago, IL 60654 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ronald Mikos
_____, who issues or requests this subpoena, are:
April A. Otterberg, Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654, AOtterberg@jenner.com (312) 222-9350

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  10:cv-06331

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA *DUCES TECUM*

### **INSTRUCTIONS**

1.      You are instructed to produce all Records or tangible things described below, subject to the place, date, and time requirements described in the Subpoena.

2.      The Subpoena commands the production of any and all relevant Records described herein within Your possession, custody or control, including Records present in the files of any and all successors in interest, past or present agents, representatives, employees, attorneys, or accountants.

3.      To the extent You are unable to locate any Records responsive to a request after conducting a reasonable search of the Records within Your possession, custody, or control, please provide a written response to inform counsel issuing the Subpoena that no responsive Records could be located.

4.      To the extent responsive Records have been or are believed to have been destroyed, please provide a written response to inform counsel issuing the Subpoena about the nature of the Records destroyed (including, insofar as can be discerned, by identifying in writing the request(s) to which such Records were responsive), and the date(s) such records were destroyed.

5.      To the extent You believe You have a basis to withhold records in whole or in part that are responsive to any request, please provide a log or other written statement that describes with specificity the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the grounds for withholding such records (in whole or in part), and do so in a manner that, without revealing information itself alleged to be privileged or protected, will enable counsel to assess the claim to such privilege or protection from discovery.

6.      If You contend that any request is overly broad and/or unduly burdensome, identify in writing all aspects of the request that are not overly broad or unduly burdensome and produce the Records that are responsive to such aspects of the request.

7.      Each requested Record shall be produced in its entirety.  If a Record responsive to any request cannot be produced in full, it shall be produced to the extent possible with a written explanation stating why production of the remainder is not possible.

**DEFINITIONS**

1.      For purposes of this Subpoena, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of

2

search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in your possession, custody or control, and every copy of a Record if such copy is not an identical duplicate of the original.

## **REQUEST**

1.      All Records pertaining to the autopsy and investigation regarding the death of Joyce Brannon on or about January 27, 2002, generated and/or collected by the Cook County Medical Examiner. The Case Number is 507.

2.      All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution in the death of Joyce Brannon generated and/or collected by the Cook County Medical Examiner.

3

# EXHIBIT 25

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| United States of America | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    10:cv-06331 |
| Ronald Mikos | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
    Verizon Wireless, c/o CT Corporation System, 208 S. LaSalle St. Ste. 814, Chicago, IL 60604

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See the attached Rider.

| Place: <br>    Jenner & Block LLP <br>    353 N. Clark St., Chicago, IL 60654 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Ronald Mikos
_____ , who issues or requests this subpoena, are:
April A. Otterberg, Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654, AOtterberg@jenner.com (312) 222-9350

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   10:cv-06331

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA *DUCES TECUM*

### INSTRUCTIONS

1.      You are instructed to produce all Records or tangible things described below, subject to the place, date, and time requirements described in the Subpoena.

2.      The Subpoena commands the production of any and all relevant Records described herein within Your possession, custody or control, including Records present in the files of any and all successors in interest, past or present agents, representatives, employees, attorneys, or accountants.

3.      To the extent You are unable to locate any Records responsive to a request after conducting a reasonable search of the Records within Your possession, custody, or control, please provide a written response to inform counsel issuing the Subpoena that no responsive Records could be located.

4.      To the extent responsive Records have been or are believed to have been destroyed, please provide a written response to inform counsel issuing the Subpoena about the nature of the Records destroyed (including, insofar as can be discerned, by identifying in writing the request(s) to which such Records were responsive), and the date(s) such records were destroyed.

5.      To the extent You believe You have a basis to withhold records in whole or in part that are responsive to any request, please provide a log or other written statement that describes with specificity the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the grounds for withholding such records (in whole or in part), and do so in a manner that, without revealing information itself alleged to be privileged or protected, will enable counsel to assess the claim to such privilege or protection from discovery.

6.    If You contend that any request is overly broad and/or unduly burdensome, identify in writing all aspects of the request that are not overly broad or unduly burdensome and produce the Records that are responsive to such aspects of the request.

7.    Each requested Record shall be produced in its entirety. If a Record responsive to any request cannot be produced in full, it shall be produced to the extent possible with a written explanation stating why production of the remainder is not possible.

**DEFINITIONS**

1.    For purposes of this Subpoena, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of

2

search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in your possession, custody or control, and every copy of a Record if such copy is not an identical duplicate of the original.

## REQUESTS

1.      All Records relating to the analysis, research, evaluation and testimony performed or provided by Verizon systems performance manager Philip McKenzie, regarding Verizon AMA records, cell site map, and cell tower evidence, including any previously undisclosed documentation from Mr. McKenzie pertaining to his investigation of the cell service evidence in *United States v. Mikos*, Case No. 1:02-CR-00137 (N.D. Ill.).

# EXHIBIT 26

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| United States of America | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 10:cv-06331 |
| Ronald Mikos | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Illinois Retina Associates, c/o CT Corporation System, 208 S. LaSalle St. Ste. 814, Chicago, IL 60604

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See the attached Rider.

| Place: Jenner & Block LLP 353 N. Clark St., Chicago, IL 60654 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ronald Mikos
_____ , who issues or requests this subpoena, are:
April A. Otterberg, Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654, AOtterberg@jenner.com (312) 222-9350

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 10:cv-06331

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA *DUCES TECUM*

### INSTRUCTIONS

1.      You are instructed to produce all Records or tangible things described below, subject to the place, date, and time requirements described in the Subpoena.

2.      The Subpoena commands the production of any and all relevant Records described herein within Your possession, custody or control, including Records present in the files of any and all successors in interest, past or present agents, representatives, employees, attorneys, or accountants.

3.      To the extent You are unable to locate any Records responsive to a request after conducting a reasonable search of the Records within Your possession, custody, or control, please provide a written response to inform counsel issuing the Subpoena that no responsive Records could be located.

4.      To the extent responsive Records have been or are believed to have been destroyed, please provide a written response to inform counsel issuing the Subpoena about the nature of the Records destroyed (including, insofar as can be discerned, by identifying in writing the request(s) to which such Records were responsive), and the date(s) such records were destroyed.

5.      To the extent You believe You have a basis to withhold records in whole or in part that are responsive to any request, please provide a log or other written statement that describes with specificity the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the grounds for withholding such records (in whole or in part), and do so in a manner that, without revealing information itself alleged to be privileged or protected, will enable counsel to assess the claim to such privilege or protection from discovery.

6.      If You contend that any request is overly broad and/or unduly burdensome, identify in writing all aspects of the request that are not overly broad or unduly burdensome and produce the Records that are responsive to such aspects of the request.

7.      Each requested Record shall be produced in its entirety.  If a Record responsive to any request cannot be produced in full, it shall be produced to the extent possible with a written explanation stating why production of the remainder is not possible.

## DEFINITIONS

1.      For purposes of this Subpoena, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of

2

search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in your possession, custody or control, and every copy of a Record if such copy is not an identical duplicate of the original.

## **REQUESTS**

1.      All Records pertaining to Ronald Mikos and/or related to the investigation for his prosecution that relate to his personal medical history.

# EXHIBIT 27

**JENNER&BLOCK**

January 8, 2010

Jenner & Block LLP      Chicago
353 N. Clark Street      Los Angeles
Chicago, IL 60654-3456      New York
Tel 312-222-9350      Washington, DC
www.jenner.com

*BY FACSIMILE*

Bureau of Alcohol, Tobacco, Firearms, and Explosives
Disclosure Division
Attn: Averill P. Graham
99 New York Avenue, NE, Room 1E-400
Washington, DC 20226
Fax: (202) 648-9619

April A. Otterberg
Tel 312 840-8646
Fax 312 840-8746
aotterberg@jenner.com

**Re:**     **Freedom of Information Act Request**

Dear Ms. Graham:

This is a Freedom of Information Act Request filed pursuant to 5 U.S.C. §552 *et seq.*

It is our understanding that the firearm manufacturers and/or distributors identified below transmitted their records to the Bureau of Alcohol, Tobacco, Firearms, and Explosives (BATFE) upon cessation of their business activities, as they were required to do pursuant to 27 CFR § 478.127:

       (1) Hawes Firearm Company;

       (2) Gemini Investment Corporation; and

       (3) Herbert Schmidt Waffenfabrik.

On behalf of our client, Ronald Mikos, who is challenging his conviction and capital sentence in the United States District Court for the Northern District of Illinois, we request that you release and produce a complete set of these documents to us.

If information requested in this letter contains both information that is exempt from public disclosure and information that is *not* exempt, please delete the information that is exempt and make the remaining information available.

We agree to pay reasonable charges incurred under the applicable provisions for search, review, and copying charges, upon presentation of an invoice along with the requested documents. If search and copying fees incurred responding to this request are estimated to exceed $500, please contact the undersigned for agreement to such charges.

We understand that there may be numerous records responsive to this request. We would appreciate it if you produced records to us on a rolling basis as they become available. At a minimum, we look forward to your response within twenty (20) days as FOIA requires.

Averill P. Graham
January 8, 2010
Page 2


Please do not hesitate to contact me with any questions or if you need further information.


Very truly yours,

April A. Otterberg

AAO:kkh

# EXHIBIT 28



U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

JAN 1 4 2010

Refer to: 2010-437

www.atf.gov

Ms. April A. Otterberg
Jenner & Block
353 North Clark Street
CHICAGO IL 60654

Re: Bureau of Alcohol, Tobacco, Firearms and Explosives Out of
Business Records

Dear Ms. Otterberg:

This is in response to your faxed Freedom of Information Act request received on
January 8, 2010 for information that may be maintained in the ATF Out of Business
Records.

Please be advised of the following: The ATF 2009 Appropriation Bill prohibits ATF
from expending appropriated funds to disclose to the public the contents or any portion
thereof of any information maintained in the Firearms Trace Database or information
required to be maintained by Federal Firearms Licensees. You have requested records
that fall within this restriction. Therefore, your request is denied pursuant to Title 5
U.S.C. 552(b)(3) and the Consolidated Appropriations Act, Public Law 110-161.

Insofar as your request is denied you have the right to file an administrative appeal. If
you choose to appeal you should write to the Office of Information Policy, United States
Department of Justice, 1425, New York Avenue, Suite 11050, Washington DC 20530-
0001. Your letter must be received within 60 days of the date of this letter and should
present arguments supporting your appeal.

Sincerely,

Marilyn R. LaBrie
Team Leader, Disclosure Division

# EXHIBIT 29

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

UNITED STATES OF AMERICA,      )

                   )

      Plaintiff,    )

                   )

   -vs-               ) No. 02 CR 137

                   )

RONALD MIKOS,            )

              ) Chicago, Illinois

              ) April 28, 2005

    Defendant.    ) 9:30 o'clock a.m.

VOLUME XI

REPORT OF TRIAL PROCEEDINGS

BEFORE THE HONORABLE RONALD A. GUZMAN, and a Jury.

For the Plaintiff:       HON. PATRICK J. FITZGERALD,

               United States Attorney,

             BY:  MR. JEFFREY H. CRAMER

               MR. JOHN C. KOCORAS

            219 South Dearborn Street

             Chicago, Illinois  60604

            (312) 353-5300

For the Defendant:       MR. JOHN M. BEAL

            53 West Jackson Boulevard

            Suite 1180

            Chicago, Illinois  60604

            (312) 408-2766

            MS. CYNTHIA GIACCHETTI

            53 West Jack Boulevard

             Suite 1500

            Chicago, Illinois  60604

            (312) 939-6440

Official Court Reporter:    Geraldine D. Monahan

            219 South Dearborn Street

            Room 1222

            Chicago, Illinois 60604

            (312) 435-6890

Geraldine D. Monahan, Official Court Reporter

Unsigned

4/28/2005 REPORT OF TRIAL PROCEEDINGS (011)                    2291

MR. KOCORAS:  Your Honor, the United States calls Phillip McKenzie.

THE COURT:  Raise your right hand.

(Witness sworn.)

THE COURT:  Be seated.

PHILLIP MC KENZIE, GOVERNMENT WITNESS, DULY SWORN,

DIRECT EXAMINATION

BY MR. KOCORAS:

Q.  Sir, will you please state your name and spell your last name for the court reporter?

A.  Phillip A. McKenzie, M-c-K-e-n-z-i-e.

Q.  Mr. McKenzie, how are you employed?

A.  I'm employed with Verizon Wireless.

Q.  What position do you have with Verizon Wireless?

A.  I'm a system performance manager.

Q.  How long have you been with Verizon Wireless?

A.  I've been with Verizon Wireless for about ten years now, between Primeco and Verizon Wireless.

Q.  I'm sorry, what was the last part you said?

A.  When Primeco switched over to Verizon Wireless, I went over, too, so the time is Primeco and Verizon Wireless both.

Q.  Okay.

And did your responsibilities stay consistent when you were at Primeco and then Verizon Wireless?

A.  Yes, they did.

Q. And did Verizon take over Primeco?

A. Yes, they did.

Q. What type of business is Verizon Wireless?

A. They provide wireless service, both voice and data.

Q. And did that include cell phone service?

A. Yes.

Q. Is that what Primeco did, too?

A. Yes.

Q. How long have you been in your current position as a systems performance manager?

A. I would say about 7 years.

Q. And what did you do before you started working with Primeco and then Verizon?

A. I was in the U.S. Army. I was a signal officer for -- my last position was a company commander for a signal battalion.

Q. And what is a signal officer or signal battalion?

A. It's communications, a communications battalion.

Q. Were you involved in communications technology in that position?

A. It's basically the same thing we do now. We provided wireless service to the battlefield.

Q. Could you tell us your educational background? Do you have a college degree?

A. I have a B.S. in computer science from Eastern New Mexico University, and I'm currently working on my MBA in

telecommunications management.

Q. Mr. McKenzie, please explain to the jury what your job responsibilities are as a system performance manager?

A. I manage a group of individuals that provide optimization. They optimize the network and also design the network for Verizon Wireless.

Q. And optimize the network, does that mean make it work better?

A. Right. They try to make individual cell sites work better. They -- with parameters and hardware and things like that.

Q. And when you talk about optimizing the network and designing the network, can you explain for the jury what the network is?

A. It encompasses all of Illinois and Wisconsin area.

Q. And what does the network consist of?

A. Its consists of cell towers, switches and interconnects between those two pieces of equipment.

Q. Will you briefly walk through with us how a signal travels from one cell phone to another phone?

A. When you power on your mobile phone, the phone communicates with the cell tower. It provides information about the mobile, and the system provides information back to the mobile about where it is, what types of services that that person has, those types of things.

As the mobile transverses the network, the mobile phone is continuously talking to every single cell site,

basically saying where it is, what its signal strength is, those types of things. It has got -- actually has four receivers in it. Three receivers are always looking for a better signal. The fourth receiver is always locked onto a tower.

As you originate a call, information about where that mobile is, the types of services that that area offers gets thrown back to the network, back to the switch, and from there that gets logged into the switch about who is calling and information about the mobile phone.

Q. Let me interrupt you for a second there just to make sure I understand.

So if I have my cell phone on now, my cell phone would be looking for --

A. It's always communicating to the network. Always.

Q. And it's looking for the best cell towers to use?

A. The best signal, yes.

Q. And then if I were to make a call standing here, my signal would go to a cell tower, is that right?

A. Correct.

Q. It doesn't go up to a satellite or anything?

A. No, it doesn't.

Q. Okay.

And then from the cell tower, is data collected by the cell phone company?

A. Yes. Everything about the mobile to include the number it's

calling, its features that it has, the sites that it can

currently see at that time, all that information is provided

back to the network.

Q. And then does the signal go from the cell tower that I've

connected to somewhere else and ultimately to the person?

A. Correct. It goes back to the switch, and then the switch

takes a look at what he's trying to do, whether it's a call

within the network or a call outside the network. If it's a

call within the network, it stays in our local switch; and if

it's a call like a land line phone, it will get forwarded to the

land line provider.

Q. Okay.

And when you say within the network, if I have a

Verizon phone and I call another Verizon phone, that means it

stays within the network?

A. Correct.

Q. But if I call someone's phone that is their land line phone

in their kitchen, Verizon Wireless doesn't provide that kind of

service, is that right?

A. Right. It gets forwarded to, in this case, SBC, and they

forward the call to that location.

Q. Because SBC provides that kind of service in our home?

A. Correct.

Q. The cell tower that you described that the signal would hit

from my phone, can you explain to us what a cell tower looks

like?

A. A cell tower is what we sometimes talk to as looks kind of like a toilet brush. It has a stem, and then it has got a whole bunch of different antennas on top of the tower, and each set of antennas provides service in certain areas within the range of that tower.

Q. How tall are these towers?

A. They could range anywhere between 60 -- well, in Chicago, they range anywhere between 60 to 150 feet.

Q. So they could be as short as 60 feet. And where are these cell towers in the Chicago area? Not specifically. But why don't we bump into them on the sidewalk?

A. A lot of times -- a lot of times our cell towers are actually buildings. They could be -- we mount antennas on buildings and put them on water towers, but a lot of times people just don't notice them. They're in -- we try to camouflage them within trees. We put them inside steeples of churches. So unless you're really looking for them, you're never going to see them. I mean, we try to make it that way.

Q. About how far apart in an area like downtown Chicago are these cell towers spaced approximately?

A. Anywhere between three quarters of a mile to a mile downtown. As you go further out in the network, like, further out in the suburbs, they kind of spread a little bit further apart, I would say, probably maximum of maybe two miles,

two-and-a-half miles.

Q. Two, two-and-a-half miles. And those are Verizon cell towers, is that right?

A. Correct.

Q. And do your competitor companies have their own cell towers in areas?

A. Yes, they do.

Q. And is there some places in the U.S. where you and your competitors share a cell tower?

A. The cities make us do that. We try to determine a location to put a cell tower, and all the carriers try to get onto that tower.

Q. Okay.

Now, the individual tower, does that have different faces to it?

A. Yes. All our towers in Chicago have three faces. We refer to them as alpha, beta, gamma or Sector 1, 2 and 3 within a network.

Q. What are those faces?

A. They're actual antennas that point -- dependent upon the site, there's three to four antennas with transmit and receive antennas that face a different direction off that tower providing service to a specific area within the range of that cell tower.

Q. And you call them alpha, beta, gamma or 1, 2, 3, is that

right?

A. Correct.

Q. And does that numbering system indicate which direction those faces are pointing?

A. When we design the network, we design it in a clockwise fashion, so your first sector is 1, 2 and 3.

Q. Which way would 1 be pointing?

A. It would be pointing -- 1:00 on your -- on a regular clock. Anywhere between 1 and 3:00.

Q. Between 1 and 3.

So would that mean in the three dimensional world that it's north or northeast?

A. Yeah. It's usually north/northeast.

Q. Okay.

And then where would 2 be generally?

A. It would be southeast.

Q. And where would 3 be?

A. It would be southwest.

Q. And then what about northwest? Is that covered?

A. The way the antennas -- the antennas have a certain beam width that they cover, and they generally -- between the types of antennas you use, you try to cover the full 360 degrees with those antennas.

Q. Now, when a -- let's back up.

We've discussed about how this signal would travel

from my cell phone if I placed a call to a cell tower, is that

correct?

A. Correct.

Q. What if I were to receive a call on my cell phone? Where

would that signal be coming from?

A. An example would be if you -- somebody picks up a land line

phone. Of course, it comes through SBC, comes into Verizon's

network, gets brought into a switch. That switch tries to

identify which switch you're supposed to be on. It gets sent to

that switch, and that switch looks for the cell site that it

last saw you at, and then it pages that mobile, and then the

call gets set up.

Q. And when you say it looks at a cell site it last saw me at,

is that because, if my cell phone is on, like you said, it's

reaching out to these cell sites looking for the best signal?

A. Yeah. Once again, the network always knows where you're at,

unless, of course, you have your telephone turned off.

Q. Okay.

Now, going back to 2002, if your cell phone -- if a

person's cell phone was on in 2002, but he or she was not making

or receiving calls, did Verizon store data as to where that

person or that cell phone was located?

A. Yes, it did.

Q. Okay.

If a call is placed, is that data captured anywhere in

Verizon's records?

A. Yes, it is.

Q. If a call is received, is that data captured in Verizon's records?

A. Yes, it is.

Q. How is that data or calls -- first of all, is it just the general data, a phone being on and a person walking around not using a phone, is that stored somewhere?

A. No, it's not.

Q. But a person using a phone or receiving a call, is that data stored somewhere?

A. Yes, it is.

Q. Is that stored electronically?

A. Yes, it is.

Q. And what is the device that stores that electronically?

A. It's a database, which we call the AMA database. It keeps track of the information that gets passed between the phone and the switch.

Q. And so what type of data would somebody find in Verizon's AMA database?

A. You'd find when the call was placed, both date and time. It would provide you the length of the call, the cell site location that it was -- that the call was originated on and cell site that the call was terminated on, and those types of things.

Q. Now, that AMA database, is that used to ultimately create

our wireless phone bills?

A. Yes, it is.

Q. And how does that work? Is that data shared with something else?

A. Yes. We have -- what happens is the AMA records are kept at the switch for 24 hours. Once a day that message gets passed on to our billing system, which takes that information from the AMA database and creates the bill for somebody.

Q. Now, are there times that a phone call would show up in an AMA database but not show up on somebody's phone bill?

A. Yes, it's possible.

Q. And why could that happen?

A. Because of the amount of data that we're passing, records do get lost. It's not a hundred percent. As a matter of fact, just recently, probably within the last year or two, we switched billing systems to account for some of that.

Q. And so, actually, the consumer would benefit because calls aren't finding their way to the bill every time, right?

A. Yes.

Q. Which is more reliable? The phone bills or the AMA database?

A. AMA is.

Q. Do you use the AMA database in the normal course of your work?

A. Yes. We use it to -- as customers complain about service,

we use that information to help us try to get an idea of where

they're having problems and those types of things.

Q. And do you use it in your work as a manager at Verizon?

A. Yes, I do.

Q. Do you consider it reliable?

A. Yes.

Q. Is the data in the database accurate?

A. Yes, it is.

MR. KOCORAS: Your Honor, may I approach?

THE COURT: Yes.

MR. KOCORAS: I'm going to show the witness Government

Mikos Cell AMA Study.

BY MR. KOCORAS:

Q. Do you recognize this? Take a few minutes and look through

the pages of that exhibit and tell us if you recognize what this

is.

A. Yes. This is our AMA records.

Q. And these are Verizon AMA records?

A. Yes, they are.

Q. And attached to these are -- is there a list of what are

titled cell profile sheets?

A. Yes. They're locations of our cell towers.

Q. And are those Verizon business records?

A. Yes.

Q. And are these the type of records that are kept and

maintained by Verizon Wireless in the ordinary course of its business?

A.  Yes, it is.

Q.  And are these the type of records you rely upon in performing your work as a manager at Verizon?

A.  Yes.

MR. KOCORAS:  Your Honor, I move for the admission of Government Exhibit Mikos Cell AMA Study.

MS. GIACCHETTI:  No objection.

THE COURT:  Admitted without objection.

(Government Exhibit Mikos Cell AMA Study received in evidence.)

BY MR. KOCORAS:

Q.  Mr. McKenzie, when a cell phone reaches out to a cell tower when a call is placed, or if a cell tower reaches out to a cell phone to send a call, does that signal try to go to the cell tower closest to the cell phone?

A.  Almost always.  There are times when it doesn't, but about 90, 95 percent of the time, it does, yes.

Q.  And why 90 or 95 percent of the time does the cell phone reach out to the nearest cell tower?

A.  The way -- the network that we use -- the technology we use is called CDMA.  It's interference based.  And we try to keep the footprints of the cell towers as small as possible in covering only certain areas.

Cell towers that are outside of that cell tower's footprint, if it's not -- the cell tower doesn't know anything about it, it's looked at as interference which causes degraded signal.

Q. Just so I understand, you refer to an area that a cell tower would cover, its range, and you refer to that as its footprint?

A. Correct.

Q. And if there are other cell towers in the way, could that create interference?

A. Correct.

The way this works is that the cell tower knows the cell towers around it. The closest. We provide that information to that cell tower. And as those other cell towers get in, the mobile basically says, yeah, that's okay, I'm going to use that.

And as I stated before, it's got those four receivers continuously always looking for the better signal, and that information is provided to the cell phone by the cell tower. Any cell tower that that mobile doesn't know about creates interference to that phone.

Q. Let's say a person is on his or her cell phone and is driving in a car and is on a long conversation. Will the cell phone stay synched up with the same cell tower?

A. No. It gets handed from one cell tower to the next.

Q. And so the signal can actually leave one cell tower and go

to another cell tower?

A. Yes.

Q. And as a cell phone user, if I'm the one on the phone, do I know that that has happened?

A. No, you don't.

Q. But if something goes wrong, I could lose my call, is that correct?

A. Correct.

Q. And that would be a botched hand off, basically, from one cell tower to the next?

A. Correct.

MR. KOCORAS: Your Honor, may I publish Government Exhibit Mikos Cell AMA Study using your projector?

THE COURT: Yes.

BY MR. KOCORAS:

Q. Mr. McKenzie, I know -- is that monitor on?

A. Yes, it is.

Q. These headings are going to be difficult to read on your monitor and impossible on the big monitor, but is this the AMA study that we were just discussing?

A. Yes, it is.

Q. What phone number corresponds to the records in this AMA study?

A. That's the first one, 312-720-6012.

Q. And is that a Verizon Wireless cell phone number?

A. Yes, it is.

Q. It may be difficult to read, but is this heading Subscriber Number in that first box?

A. Yes, it is.

Q. Do you know what the second column is headed?

A. That number is the number that the person dialed.

Q. And is that called Terminating Number?

A. Yes.

Q. And so if I were to call any phone number, that would be considered the terminating number, correct?

A. Correct.

Q. What would be there if somebody were to call me?

A. A number also would show up on this list.

Q. Okay.

Could you tell us what this next column is that's inside the yellow circle?

A. That's the year, month and day. In this case, it would be 2002, January 24.

Q. And so the year is represented by just a single digit at the beginning, is that correct?

A. Correct.

Q. That's 2002?

A. Correct.

Q. And you said January 24, is that right?

A. Yes.

Q. Is that the 0124 we see in the circle?

A. Yes.

Q. And so just looking at what's on the screen now, all of these calls that I just circled are 2002, January 24, is that right?

A. Correct.

Q. Is this next column called Call Time?

A. Yes. That's the hours and minutes and seconds.

Q. Okay.

So that's not the length of the call, is that correct?

A. Correct.

Q. That's the time of day that the call is made or received, is that correct?

A. Correct.

Q. Can you explain to us how to read the call time in this column?

A. In this case, it would be 6:48 a.m., 18 seconds, 7 tenths of a second.

Q. Okay.

So, first of all, is this recorded in military time?

A. Yes, it is.

Q. And the first 6 refers to 6 a.m., correct?

A. Correct.

Q. The 48 is the minutes, so 0648 a.m.?

A. Correct.

Q. And the seconds are actually broken down to tenths of a second? So the last three digits are going to be all seconds, is that correct?

A. Correct.

Q. And if we just scroll down, like, for example, 12 -- the last one, 1234, that's p.m., or around noon time, is that correct?

A. Correct.

Q. And 25.5 seconds, correct?

A. Yes.

Q. And can you tell us what's in this next column?

A. That's the length of call in seconds.

Q. Okay.

And is that also to the tenth of a second?

A. Yes, it is.

Q. So this first call listed -- does that actually read Elapsed Time in that box?

A. Yes, it does.

Q. That first call that says 317, is that a call for 31.7 seconds?

A. Yes, it is.

Q. So about half a minute for that one?

A. Correct.

Q. Does this next column read Initial Cell Information?

A. Yes.

Q. Can you please tell the jury what initial cell information means?

A. In this case, it's the -- the initial cell is the cell that the call originates on or terminates on. When I say terminates, a call comes into it.

Q. Okay.

A. And in this case, the first record is -- it's got a 4 there, but the AMA actually shows that that's Sector 3 because Sector 0 is for what we call an omni site. That's a single sector site. So in this case, it would be Sector 3, cell 171, and then it's got the radio number that was at the cell tower, and then the channel number that was used.

Q. Okay.

And so to focus for a minute, it's these -- the second, third and fourth digits, the 171, that tells you what cell tower is actually being hit, is that right?

A. Correct.

Q. And when you say that's the initial cell, does that mean when the call starts, that's the cell that's being used regardless of whether the call was placed on this cell phone or received on this cell phone?

A. Yes.

Q. And then the next column, is that Final Cell Information?

A. Yes, it is.

Q. And so is that the cell that the call ends on?

4/28/2005 REPORT OF TRIAL PROCEEDINGS (011)                                                2310

A. Yes.

Q. And so if I happen to drive from Chicago to Wisconsin and stay on the phone the entire time, would you expect that the initial cell would be somewhere in Chicago and the final cell would be somewhere in Wisconsin?

A. Yes, it would be.

Q. And, again, is it the same numbering system with the second, third and fourth digits being the cell tower number?  Is that right?

A. Yes.

Q. And here in this first line, the initial cell and the final cell are the same, is that right?

A. Yes.

Q. And does that likely indicate the phone didn't move very far during the call?

A. Yes.

Q. And, again, that was the 31.7 second call?

A. Correct.

Q. Does this next column read Call Answer Status?

A. Yes.

Q. And below that appears to me to be either a 1 or 0 in that column, is that correct?

A. Correct.

Q. Can you explain to us what the significance of a 1 or 0 is in the call answer status column?

Unsigned

A.  0 means answered.  1 means unanswered.

Q.  So a 0, like, for this first call means that the person using phone number 312-720-6012 didn't answer the call, is that correct?

A.  A 0 means they answered the call.

Q.  Oh, they did answer?

A.  Correct.

Q.  So they answered.

And the air time they used was 31.7 seconds?

A.  Yes.

Q.  And a 1 then you said means didn't answer, is that correct?

A.  Correct.

Q.  Now, could a 1 still have elapsed time on it?

A.  Yes.

Q.  And why might that be?

A.  That's your voice mail.

Q.  Okay.

So a 1 means unanswered, straight to voice mail, and if it's 17.8 seconds, it indicates that something went on with voice mail, either outgoing message or someone leaving a message, is that correct?

A.  Correct.

Q.  And those calls that go straight to voice mail, do they typically not show up on the bills?

A.  Yes.

Q. This next column, I believe, says call description. Do you see that?

A. Yes.

Q. And this first line says O-R-I-G-C-A-L, is that correct?

A. Correct.

Q. And that means originating call?

A. Yes, it does.

Q. And that means the call was placed by this phone?

A. Yes.

Q. Now, do you know why originating call could be unanswered?

A. Why originated call can be unanswered?

Q. If you have 1s and 0s?

A. Well, it depends on whether the calling party answered the phone or --

Q. Okay.

And then if it doesn't say originating call, like here, C-P-S-I-C-T and C-P-S-F-A-T, without going into those different initials, what does that mean?

A. It means that a call was placed into that phone.

Q. Okay.

And, well, generally, why would there be different initials?

A. The way when -- when an incoming call comes in, it comes into a certain switch like I discussed before. That call is --

usually when it comes in there, it's usually answered by the

switch.  It tries to find out where you are.  And what it does
is it delivers that call to the switch where you're located at.

Q.  And what is the switch?  What does that word mean?

A.  That's where all the cell towers come into -- just like a
switch -- it's a switchboard.

Q.  Okay.

And so the switch is different from the cell tower, is
that correct?

A.  Correct.

Q.  And this last column is switch, is that right?

A.  Correct.

Q.  And these are different switch numbers, right?

A.  Correct.

Q.  And these are different from cell towers?

A.  Correct.

Q.  Now, I want to ask you about a couple specific items on this
list, okay?

I want to start with this entry here.  Again, we're
talking about phone 312-720-6012, is that correct?

A.  Correct.

Q.  And is there a call with phone number 847-218-9195?

A.  Yes.

Q.  And can you tell us what date that occurred?

A.  January 25, 2002.

Q.  Next to that is time of day?

A. Correct.

Q. What time of day did that occur?

A. 1552, which is 3:52 p.m., 57.0 tenths of a second.

Q. I'll slide it over. This is where we are.

The next column, 2305, is that the call duration?

A. Yes.

Q. So that means 230.5 seconds, correct?

A. Correct.

Q. These next two columns, 3093361 and 2014262, can you tell us what that is?

A. That's cell 93, Sector 2 -- let's see. Cell 93, Sector 2, Radio 36, Channel Element 1.

Q. Mr. McKenzie, did you prepare a map of the Chicago area with Verizon's cell towers on it as they existed in 2002 for use in court?

A. Yes, I did.

Q. And would that map assist you in explaining to the jury where this cell tower is?

A. Yes.

Q. I show you what's marked Government Exhibit Cell Site Map and ask you to please take a look at that.

A. Okay.

Q. Is that a map that you participated in creating for use in court here?

A. Yes.

Q. And is it true and accurate to the best of your knowledge?

A. Yes, it is.

MR. KOCORAS: Your Honor, I move for the admission of Government Exhibit Cell Site Map.

MS. GIACCHETTI: No objection.

THE COURT: Admitted without objection.

(Government Exhibit Cell Site Map received in evidence.)

MR. KOCORAS: Your Honor, I would ask permission to publish this and ask if the witness could step down to help us out.

BY MR. KOCORAS:

Q. Mr. McKenzie, can you please step down for a moment?

Now, I tried to circle on the screen where we left off, but that -- the initial cell information on this call, did you say that was Tower 93?

A. Yes.

Q. Can you please maybe stand to the side a little bit and show the jury where cell 93 is?

A. It's right here (indicating).

Q. And it's impossible for them to see because of the detail, but does this map -- first of all, are all of these items with the three cones, are all of those Verizon cell towers in the Chicago area in 2002?

A. Yes.

Q. And Cell 93, is that one you labeled at 1516 West Ainsile

Street, Chicago?

A. Yes.

Q. And did you also place a star on this map at our request at 5942 Magnolia in Chicago?

A. Yes.

Q. Is there a cell tower near that star labeled Cell Tower 26?

A. Yes, there is.

Q. Do you know where Cell Tower 26 is located?

A. It's Lakeshore and Hollywood.

Q. And do you know approximately how far that is from 5942 Magnolia?

A. About 4 or 5 blocks.

Q. Again, 93 is at 1516 West Ainsile, which is south and a little bit to the west of that Magnolia, is that correct?

A. Correct.

Q. And so for the call we were just discussing, that call came into Cell Tower 93, is that correct?

A. Yes. Yes, it did.

Q. Okay. You can return to the stand.

You see two more 847-298-9195s there?

A. Yes.

Q. And, again, those are January 25, 2002, is that right?

A. Correct.

Q. And one is at 1604, 4:04 p.m., and one is at 1609 or 4:09 p.m., is that correct?

A. Correct.

Q. One is 237.9 seconds and one is 200.6 seconds, is that right?

A. Yes.

Q. And the next information -- and I'll circle it on the screen -- is this the cell tower information for those calls?

A. Yes, it is.

Q. And for the first of those two calls, it starts at Cell Tower 093, is that right?

A. Yes, it does.

Q. And ends at that Cell Tower 093?

A. Correct.

Q. And the next one starts at that Cell Tower 093, right?

A. Correct.

Q. And it ends at a different Cell Tower 014?

A. Correct.

Q. I'm going to move forward now.

I want to focus on this call here (indicating). What date did I just circle?

A. January 26, 2002.

Q. And can you tell us what time the call reflected on this line occurred?

A. 1822, which is 6:22 p.m.

Q. And 50.2 seconds?

A. 50.2 seconds, yes.

Q.  So this call was at 6:22 p.m.?

A.  Correct.

Q.  And focusing on this same call on the 26th at 6:20 p.m. or 6:22 p.m., what cell towers were hit with the phone?

A.  Cell 26.

Q.  And is that the cell that's within blocks of 5942 Magnolia as you've just described?

A.  Yes.

Q.  Now, I want to move back.

On January 24, 2002, were two calls made to 773-334-1346?

A.  Yes.

Q.  Do you see that?

And were those calls at 2000 or 8:00 p.m. and then 2001 or 8:01 p.m.?

A.  Yes.

Q.  Was one of those calls for 4.1 seconds and one of those calls for 343.8 seconds?

A.  Yes.

Q.  And so that is roughly -- well, not roughly, but 5.73 minutes about?

A.  Okay.

Q.  I want to move on now to January 27.

Incidentally, Mr. McKenzie, when you created this map, did you create -- did this map go through several different

versions?

A. Yes, it did.

Q. Okay.

And the first version you created for us, did that have these triangular graphics for all of the cell towers?

A. It was missing a couple.

Q. Okay.

And was one of the ones that was missing the graphic for 26?

A. Yes, it was.

Q. Was the Number 26 actually printed on there, but the icon for the tower wasn't on there, is that right?

A. Yes.

Q. And why initially when you did the map was the 26 icon not on there?

A. The way this data was created was we pulled it out of our design tool that was -- that we used to create the network. Some cell sites have analog and digital. Some sites have just digital only. And when we pulled them over, when we did the query in order to create the map info map, which is for presentation, when we queried it, we just queried for analog and digital sites. We did not query for digital only sites.

Q. So the jury understands, around 2002, was analog phone service still in use --

A. Yes.

Q. -- widely?

Was the cell phone world going digital though?

A. Yes, it was.

Q. So at that time, were some of Verizon cell towers digital only?

A. Yes, they were.

Q. And some of them could handle the old analog system and the new digital system, correct?

A. Right.

Q. And so did your map pick up all the digital only ones?

A. Originally, it did not pick the digital only.

Q. And if somebody had an analog phone back in 2002, digital cell sites would be meaningless to them because their phone couldn't use it, is that right?

A. Correct.

Q. This defendant's number, 312-720-6012, did that have digital service at the time we're talking about, January, 2002?

A. Yes, it did.

Q. So his phone would hit the digital only towers?

A. Yes, it would.

Q. Incidentally, how did you learn the 26 had a number and not a graphic?

A. The defense attorney pointed it out for me.

Q. And a defense attorney called you on the phone, is that right?

A. Correct. They were wondering what the 26 was and how come there was no cell site there.

Q. And did you correct the error and create a new map with 26?

A. Yes, I did.

Q. And, originally, was the 26 graphic a little further west than Lake Shore Drive?

A. Yes, it was. When it was brought over from our design tool, the map info of the coordinates got misconstrued, and it was incorrect.

Q. And did you catch that error and correct that?

A. Yes, I did.

Q. I want to look now at January 27, and I'm going to start at the call at 1345270. Do you see that?

A. Yes, I do.

Q. And so that is approximately -- well, not approximately -- but 1:45 p.m.?

A. Correct.

Q. What cell towers are being hit with that call?

A. 171.

Q. And I'll just walk that over to you. Is this Cell Tower 171 up in Northbrook?

A. Yes, it is.

Q. And that's close to the star we asked you to put on for 3738 Salem Walk in Northbrook, is that correct?

A. Correct.

Q. And then I want to take you down a little bit.

A. One thing that I needed to point out on this map is next to that location there's also two green sectors if you look closely?

Q. Yes, sir?

A. That's an analog only site.

Q. Okay.

A. Okay.

Q. And so digital phones wouldn't use the two green sectors?

A. Correct.

Q. That's meaningless to that phone?

A. Correct.

Q. Okay.

So moving down, you see what I underlined, 1510196?

A. Yes.

Q. What cell towers did that one hit?

A. 163.

Q. And is 163 down here in Glenview, 2600 Golf Road?

A. Yes.

Q. And then going down just two more to the call at 1521, what cell tower is being hit there?

A. 134.

Q. And that's 3:21 p.m., a little bit later in the day?

A. Yes.

Q. And 134, is that on this map at 9933 Lawler in Skokie?

A. Yes, it is.

Q. And that's pretty close to 10118 Old Orchard Court in Skokie, is that correct?

A. Yes.

Q. And so probably that early in the day the cell towers we were talking about were up at Northbrook, and then they came down by Glenview, and then east towards Skokie, is that right?

A. Yes.

Q. I want to focus you on the second to last entry on this page. Can you see that on your screen?

A. Yes.

Q. Is that January 27, 2002?

A. Yes.

Q. Was that call placed at 6:02 p.m. and 31.7 seconds?

A. Yes.

Q. And that call lasted 25.6 seconds?

A. Correct.

Q. And what cell tower was the initial tower for that one?

A. It's Cell Tower 134, and that was an incoming call. That was to the mobile.

Q. To the mobile?

A. Correct.

Q. And so that was the cell tower it came from to get to the mobile phone, 134?

A. Correct.

Q. And at the end of that 25 second call, the cell tower in use was still 134, is that correct?

A. Yes, it was.

Q. And that's the same tower we just discussed at 9933 Lawler in Skokie?

A. Yes.

Q. Can you tell what face of the tower was used by this call at 6:02 p.m.?

A. It was Sector 2.

Q. Sector 2. Is that the beta sector?

A. Yes.

Q. And is that the southeast sector?

A. Yes.

Q. And what does that indicate to you if the southeast sector of that cell tower --

A. That's where the mobile was. That's where the mobile was when it placed the call.

Q. The southeast sector of that tower?

A. Right.

Q. Prior to your testimony today, did you have a chance to review the calls on January 27 on the AMA study?

A. Yes.

Q. After that call at 6:02 p.m. on the southeast sector of that tower, are there any other cell phone calls to or from that cell phone for that day?

A. Not for that day, no.

Q. What is the next time that cell phone is in use?

A. The following day.

MR. KOCORAS: Thank you, your Honor. No further questions.

THE COURT: Cross examination?

MS. GIACCHETTI: Yes.

CROSS EXAMINATION

BY MS. GIACCHETTI:

Q. Good afternoon, Mr. McKenzie.

A. Good afternoon.

Q. Thank you for answering our calls about these cell phone towers.

A. No problem.

Q. I wanted to ask you about -- I was a little confused about the elapsed time --

A. Um-hum.

Q. -- column.

Today you said that that is the total number of seconds?

A. Yes.

Q. Okay.

Has it ever been where it is hour, minute, seconds, tenths the way the time column is?

A. No.

Q. Do you remember telling Agent Zarfoss at the end of January of last year that the elapsed time column uses the hour, minute, second format just like the call time does?

A. I don't recall. I don't recall saying that.

Q. Okay.

There was one of the calls -- let me -- Mr. Kocoras asked you about the length of a certain call that you said was approximately 5 minutes, 2,559 seconds, is that right?

A. I can't remember. It was, like, 300 seconds, I think, is what it was. I can't remember. I don't have it in front of me so it's hard to say.

Q. Okay.

3,438 seconds?

A. I think it was 348.4 seconds, I think, is what it was.

Q. Okay. Let me show it to you here.

A. Yeah, let me take a look at it.

The last digit is tenths of a second.

Q. Okay. That's what I'm trying to get to. The last digit.

So you're saying it was 343 seconds?

A. Yes, ma'am.

Q. Not 3 minutes and 40 seconds?

A. Correct.

Q. If the -- when the -- let me ask you this.

When the cell phone record -- non-AMA studies cell phone records indicate the time --

A.  Um-hum.

Q.  Let me hand you this.  Let me just show you this same call on -- same call on a different set of records.

Do you recognize these types of phone records?

A.  I haven't used these, no.  I'm sure this is probably billing records, I would assume.  I don't recall seeing those.

Q.  So you don't know how the billing record time would compare to the time on these?

A.  No, ma'am.

Q.  Okay.  Thank you.

So your best understanding, this elapsed time is basically seconds with the last column being in tenths of a second, is that correct?

A.  Yes, ma'am.

Q.  Okay.  I want to talk to you about just a couple of the things you've testified to.

As I understand it, the way the system works is that the cell phone tries to attach to the closest cell tower?

A.  It actually tries to attach to the best signal.

Q.  On the closest cell tower?

A.  Correct.

Q.  Okay.

So on these sectors, if there's a -- if you're at a cell tower and it has three sectors -- you talked to us about sectors.

A. Correct.

Q. If the sector that you would necessarily be in geographically is filled or doesn't have the best signal, it would go to the other sectors, is that correct?

A. No, ma'am. You would actually get an origination failure. If you tried to originate a call, and that sector was busy, you wouldn't make it through. You'd actually get -- you'd actually show that it attempted to, but you wouldn't go through.

Q. Okay.

As to the cell tower itself though, you're going to go to the closest cell tower, is that right?

A. Correct.

Q. And you told us that this cell tower near Joyce Brannon's house, this Cell Tower 26, is within a couple of blocks of -- I'm sorry, you don't know that -- of the 5942 Magnolia --

A. Yes, ma'am.

Q. -- address? Within a few blocks is this 26 cell tower?

A. Correct.

Q. That cell tower is at the corner of Lake Shore Drive and Sheridan, is that right?

A. It's actually Lake -- the cell tower is actually called Lake Shore Drive and Hollywood.

Q. Because Hollywood is the actual east-west street coming off Lake Shore Drive?

A. Yes, ma'am.

4/28/2005 REPORT OF TRIAL PROCEEDINGS (011)                    2329

Q. When you come up Lake Shore Drive, you turn into Hollywood

and then up to Sheridan, right?

A. Correct.

Q. And you would agree with me that's a very popular way for

people to get to the northern suburbs is up Lake Shore Drive?

A. I'm not a traffic engineer, but, you know, I'm not from

downtown, so I really don't know.

Q. All right.

But certainly if someone were on Lake Shore Drive up

in that area or on Sheridan, that would be their closest cell

phone tower, isn't that right?

A. If they are -- if they're placing a call, and they're within

so many blocks of that cell tower, of course, yeah, it's going

to originate on that cell tower.

Q. Okay.

And the call you pointed out to us that hit that cell

tower on the 26th was a 24 second call, is that right?

A. I assume so. I don't have the records in front of me.

Q. I'm sorry. Why don't I give you this?

A. That's fine.

Q. Does that seem accurate to you? Let me hand it to you.

A. Yeah.

Q. Unfortunately, there aren't page numbers so it's a little

hard. This would be one, two, three, four, five --

A. If you could just tell me which call you're referring to, I

--

Q. Yes. It's the sixth -- it's page one, two, three, four, five, six -- the seventh page in. You were asked about a call on January 26th?

A. 26th or 27th?

Q. 26th. At 1822 -- I always have trouble with that -- 6:22?

A. Yes, ma'am.

Q. It's where -- which hit the 26 cell tower?

A. Yes, ma'am.

Q. You see that one?

A. Yes, ma'am.

Q. That's for 24 seconds, is that correct?

A. Yes.

Q. There are on the 27th -- I'll ask you to look at the calls on the 27th. There are no calls that hit Cell Tower 26, isn't that correct?

A. No, there wasn't.

Q. You were also asked about a couple of calls on the 25th relating to Cell Tower 93, is that right?

A. Yes.

Q. And that's this one further down here, 1516 West Ainsile Street, is that right?

A. Correct.

Q. Generally speaking, the extent of that cell tower would be what? About a mile around?

A. It all depends. It could be a mile, mile and a half. It's all dependent upon how we set that site up.

Q. But in the city, the average is a mile to a mile and a half, is that right?

A. I would say so, yes.

Q. And, again, that is not the cell tower closest to 5942 Magnolia because 5942 Magnolia is only within a couple blocks of 26, correct?

A. Correct. Yes, ma'am.

Q. And 26 would cover, again, an area of about a mile to mile and a half around?

A. And, again, it all depends on the height of the tower and those types of things, but --

MS. GIACCHETTI: One moment, your Honor.

BY MS. GIACCHETTI:

Q. Could you take another look at the elapsed time column again? Do you see any calls that are 70 seconds long, 80 seconds long, or doesn't it flip over to the next minute?

A. It's all seconds, so it would flip to the next second.

Q. Okay.

MS. GIACCHETTI: I have no further questions, your Honor.

THE COURT: Redirect?

MR. KOCORAS: No questions, your Honor. Thank you very much.

# EXHIBIT 30

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF I

EASTERN DIVISION

UNITED STATES OF AMERICA,    )

) Plaintiff,    )

) -vs-                ) No. 02 CR 137

) RONALD MIKOS,              )

) Chicago, Illinois ) April 26, 2005

Defendant.    ) 9:30 o'clock a.m.

VOLUME IX

REPORT OF TRIAL PROCEEDINGS

BEFORE THE HONORABLE RONALD A. GUZMAN, and a Jury

For the Plaintiff:        HON. PATRICK J. FITZGERALD,

United States Attorney, BY:  MR. JEFFREY H. CRAMER

MR. JOHN C. KOCORAS 219 South Dearborn Street

Chicago, Illinois  60604 (312) 353-5300

For the Defendant:        MR. JOHN M. BEAL 53 West Jackson Boulevard

Suite 1180 Chicago, Illinois  60604

(312) 408-2766

MS. CYNTHIA GIACCHETTI 53 West Jack Boulevard

Suite 1500 Chicago, Illinois  60604

(312) 939-6440

Official Court Reporter:    Geraldine D. Monahan

219 South Dearborn Street Room 1222

Chicago, Illinois 60604

Unsigned

4/26/2005 REPORT OF TRIAL PROCEEDINGS (009)                                              1801

(Proceedings in open court. Jury out. Witness in.)

THE CLERK: 02 CR 137, Defendant 1, United States of American versus Mikos.

THE COURT: Any reason we can't bring the jury out?

MR. CRAMER: No, Judge. We're ready.

MS. GIACCHETTI: I think we're ready, your Honor.

THE COURT: Okay. Please bring them out.

And you can resume the stand, sir.

(Jury in.)

THE CLERK: Please be seated.

THE COURT: Good morning, Ladies and Gentlemen.

(Jury says "Good morning.")

THE COURT: Welcome back. Pleasure to have you.

We're prepared to proceed.

MR. CRAMER: Thank you, Judge.

STEPHEN SCHORSCH, PLAINTIFF'S WITNESS, PREVIOUSLY SWORN

DIRECT EXAMINATION (Resumed)

BY MR. CRAMER:

Q. Good morning, Detective.

A. Good morning.

Q. We spoke yesterday about the investigation and the work you did at the crime scene of Ms. Brannon's apartment, and you told us what you observed and the other officers who were there, the evidence that you recovered, and the steps you took in the investigation afterward.

A. Yes.

Q. What was your task?

A. Continuing with the investigation as far as interviews.

Q. Who were you interviewing?  What was their connection?

A. People related to the church, other persons that were listed on the -- a church roster.

Q. And what was the FBI's task?

A. The FBI was given the task of the evidence in regards to the investigation.  It was going to be turned over to the FBI.  The FBI was going to analyze the evidence.  They were also going to do a surveillance on Mr. Mikos.  They were going to run all the background checks, run all the checks on any type of weapons he ever owned, FOID cards, and things of that nature.

Q. In doing your investigation, just the Chicago Police Department's component of the investigation, in talking with the church members and other people associated with the church, did you uncover anyone else that had anger or animosity towards Ms. Brannon?

A. One individual, possibly.

Q. Who?

A. A Brian Suska.

Q. And why do you say that?

A. We received a telephone call from a Captain Sapanos.  He used to be a sergeant in our unit.  He also had a family member that attended the Montessori school attached to the church.

He stated that in the past there had been a member of the church who also at one time was employed at the church as a caretaker on the grounds by the name of Brian, and that Brian suffered from seizure disorders, and, at times, if he wasn't on his medication, he sometimes became violent.

Q. And, at some point, did you seek out Mr. Suska?

A. Yes.

Q. Was he a suspect at that point or was your focus on the defendant?

A. The focus was still on the defendant, but I felt that we needed to interview Mr. Suska.

Q. At some point, did you interview Mr. Suska?

A. No.

Q. Why is that?

A. On the date that we were seeking Mr. Suska, going to different addresses, telephone numbers, we received a -- we -- earlier that day, pursuant to a search warrant that was executed, evidence was discovered further linking Mr. Mikos to this investigation, and we then found out that -- we received notice from our commander that Mr. Mikos had, in fact, been taken into the custody by the FBI.

MR. CRAMER: Judge, may I publish what has already been admitted as Brannon's Apartment Floor Plan?

THE COURT: Yes.

BY MR. CRAMER:

# EXHIBIT 31

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | No. 1:10-cv-6331 |
| | ) | |
| v. | ) | Underlying Case: No. 1:02-cr-00137 |
| | ) | |
| RONALD MIKOS, | ) | Hon. Ronald A. Guzman |
| | ) | |
| Petitioner. | ) | CAPITAL CASE |
| | ) | |

**PETITIONER RONALD MIKOS'S FIRST SET OF
INTERROGATORIES TO THE GOVERNMENT**

Petitioner Ronald Mikos, through his attorneys Jenner & Block LLP, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, propounds the following interrogatories upon the Government, and requests responses be made within 30 days.

**DEFINITIONS AND INSTRUCTIONS**

1. "Agent Tangren" shall mean Agent Paul Tangren from the Federal Bureau of Investigation. The Federal Bureau of Investigation was part of the prosecution team in Mr. Mikos's underlying case (Case No. 02-cr-00137, N.D. Illinois). Agent Tangren performed certain testing and analysis and testified as an expert for the Government in that case.

2. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be construed as outside their scope.

3. The singular and the plural form shall be construed interchangeably so as to bring within the scope of these interrogatories any information which might otherwise be construed as outside their scope.

4. The term "including" means "including, but not limited to."

5.      The term "identify," as used herein, means to state: (a) the name of the underlying case; (b) the date of the underlying case; (c) the jurisdiction; and (d) any other information necessary or helpful to locating court records related to such case.

6.      Where an interrogatory does not specifically request particular facts, but where such facts are necessary in order to make the answer to the interrogatory either comprehensible, complete, or not misleading, the interrogatory shall be deemed specifically to request such facts, and you are requested to include such facts as part of the answer.

7.      Interrogatories that cannot be answered in full shall be answered as completely as possible, and incomplete answers shall be accompanied by specification of the reasons for the incompleteness of the answer, as well as by a statement of whatever knowledge, information, or belief you possess with respect to unanswered or incompletely answered interrogatories. With respect to any information withheld, including but not limited to on a claim of privilege or work product protection from discovery, identify the subject matter of the information withheld and the basis on which the privilege is claimed with sufficient detail to permit an independent assessment of the validity of each claim of privilege.

8.      These interrogatories are deemed to be continuing so as to require modification and/or supplemental answers, pursuant to Federal Rule of Civil Procedure 33, in the event that you obtain or recall new or additional information relating to these inquiries.

## INTERROGATORIES

1.      Identify (including through indictment and/or case caption information, the jurisdiction, and applicable dates), any cases in which Agent Tangren investigated a type of bullet and/or firearm used in a crime but did not have the bullet and/or firearm used in the crime available for bullet and firearms comparison, and state whether Agent Tangren offered a written report or analysis in such case and/or provided any oral testimony.

2

2.      For all cases identified in response to Interrogatory #1, provide the following information:

       a.      Whether Agent Tangren offered an expert opinion in such case;

       b.      Whether Agent Tangren provided a written report or analysis in such case;

       c.      Whether Agent Tangren provided oral testimony in such case;

       d.      Whether Agent Tangren's opinion in such case was subject to a motion to exclude (under *Daubert* and its progeny, or otherwise), and the outcome of such motion practice.

Dated: _____, 2020                    Respectfully submitted,

RONALD A. MIKOS

By: _____

      Leane Renée
      Beth Ann Muhlhauser
      Office of the Federal Public Defender
      for the Middle District of Pennsylvania
      Capital Habeas Unit
      100 Chestnut Street, Third Floor
      Harrisburg, PA 17101
      (717) 782-3843

By: _____

      April A. Otterberg
      JENNER & BLOCK LLP
      353 N. Clark Street
      Chicago, IL  60654-3456
      (312) 222-9350

      *Attorneys for Petitioner Ronald Mikos*

3