**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | No. 1:10-cv-6331 |
| | ) | |
| v. | ) | Underlying Case: No. 1:02-cr-00137 |
| | ) | |
| RONALD MIKOS, | ) | Hon. Nancy L. Maldonado |
| | ) | |
| Petitioner. | ) | CAPITAL CASE |
| | ) | |

**JOINT INITIAL STATUS REPORT FOR REASSIGNED CASE**

Pursuant to the Court's May 26 order (Dkt. 39), the United States of America and Ronald Mikos (together, the "Parties") submit the following joint status report.

**I.      Nature of the Case**

      **a.      Identify the attorneys of record for each party.**

For the United States:

> Corey B. Rubenstein
> Assistant United States Attorney
> 219 South Dearborn Street
> Chicago, Illinois 60604
> (312) 353-8880

For Ronald Mikos:

> Leane Renée
> Beth Ann Muhlhauser
> Office of the Federal Public Defender
> for the Middle District of Pennsylvania
> Capital Habeas Unit
> 100 Chestnut Street, Third Floor
> Harrisburg, Pennsylvania 17101
> (717) 782-3843

April A. Otterberg
Jenner & Block LLP
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350

**b.  State the basis for federal jurisdiction.**

28 U.S.C. § 2255 confers federal jurisdiction.

**c.  Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

This is a capital habeas proceeding in which Ronald Mikos seeks to vacate and set aside both his murder conviction and his death sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1), based on eleven claims. Mr. Mikos's petition was filed on October 4, 2010. In these claims, Mr. Mikos asserts:

- that he was tried while incompetent in violation of his rights under the Fifth, Sixth, and Eighth Amendments (Claim 1);

- that trial counsel was ineffective for failing to adequately investigate his competency, failing to alert the court that he was unable to rationally assist in his defense, and failing to request a competency hearing (Claim 2);

- that he was denied effective assistance of counsel in connection with the investigation and presentation of the penalty and guilt/innocence phases of his trial, as guaranteed by the Sixth Amendment (Claims 3 and 4);

- that he was denied his right to due process and equal protection under the Fifth Amendment, and his right to expert and investigative assistance under 18 U.S.C. § 3599(f) (Claim 5);

- that he was denied his Fifth Amendment right to due process, his Sixth Amendment rights to counsel and confrontation, and his Eighth Amendment right to a fair and reliable capital sentencing hearing because his murder conviction and death sentence were secured through the Government's improper eliciting, use of, and/or failure to correct materially false and/or misleading gun-related evidence, and because the Government suppressed evidence and information it was obligated to disclose under *Brady v. Maryland* (Claims 6 and 7);

- that he was denied his Fifth Amendment rights to due process and equal protection and his Eighth Amendment right to be free from cruel and unusual punishment because the federal death penalty, as administered, is disproportionately and unconstitutionally applied according to the race and/or combination of race and gender of the victim (Claim 8);

2

- that his death sentence violates his Eighth Amendment right to be free from cruel and unusual punishment because his biologically-based mental illness, substance abuse, and neurological deficits diminish his personal culpability, making his sentence unconstitutionally excessive (Claim 9);

- that executing him would violate his Eighth Amendment right to be free from cruel and unusual punishment because the death penalty, in any form, is an unconstitutionally excessive and cruel and unusual form of punishment that is inconsistent with society's evolving standards of decency (Claim 10); and

- that his conviction and sentence must be vacated due to the cumulative prejudicial effect of the errors in this case (Claim 11).

On January 3, 2012, the Government responded (Dkt. 31) to Mr. Mikos's § 2255 petition, disputing his claims. Mr. Mikos has not yet filed a reply brief in support of his petition.

**d.** **Describe the relief sought by the plaintiff(s) and provide an estimate of damages, if any.**

Mr. Mikos seeks to vacate and set aside both his murder conviction and his death sentence pursuant to 28 U.S.C. § 2255. Damages are not applicable to this case.

**e.** **List the names of any parties who have not yet been served.**

Not applicable; all parties have been served.

## II. Discovery and Pending Motions

**a.** **Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any.**

Mr. Mikos filed a motion for leave to conduct discovery (Dkt. 122) on November 9, 2020, that is currently pending. The Government responded to the motion on December 9, 2020 (Dkt. 124), and Mr. Mikos filed a reply in support of his motion on January 15, 2021 (Dkt. 128).

**b.** **What is the current discovery schedule?**

Not applicable. Mr. Mikos seeks leave to engage in discovery in this case. (Dkts. 122 and 128.) The Government opposes discovery for the reasons addressed in its response (Dkt. 124) to Mr. Mikos's motion for discovery.

**c.** **Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery. Describe any discovery that the parties still**

3

**need to complete, and indicate whether the parties anticipate completing discovery by the current deadline.**

Not applicable. Mr. Mikos seeks leave to engage in discovery. (Dkts. 122 and 128) The Government opposes discovery for the reasons addressed in its response (Dkt. 124) to Mr. Mikos's initial motion for discovery.

There are no current discovery deadlines.

d.    **Briefly summarize all substantive rulings issued in the case. (For each ruling, include the date and the docket number.)**

There have not been any substantive rulings in this case.

e.    **Briefly describe any anticipated motions, including whether any party intends to move for summary judgment.**

If granted leave to conduct discovery, and discovery develops additional evidence, Mr. Mikos may seek leave to amend his § 2255 petition. He also anticipates seeking an evidentiary hearing on his § 2255 petition at an appropriate time. The Government opposes an evidentiary hearing as being unnecessary.

III.    <u>Trial</u>

a.    **Have any of the parties demanded a jury trial?**

Not applicable.

b.    **What is the trial date (if any)? If there is no trial date, when will the parties be ready for trial?**

Not applicable.

c.    **Have the parties filed a final pretrial order? If so, when? If not, when is the deadline for the filing?**

Not applicable.

d.    **Estimate the number of trial days.**

Not applicable.

IV.    <u>Settlement, Referrals, and Consent</u>

a.    **Have any settlement discussions taken place? If so, what is the status?**

No settlement discussions have taken place given the nature of this case.

**b.** **Has this case been referred to the Magistrate Judge for discovery supervision and/or a settlement conference?**

No.

**c.** **Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

No.

**d.** **Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure?**

Counsel is aware of the possibility of proceeding before the assigned Magistrate Judge for all purposes; however, the parties do not consent to that procedure.

## V. Other

**a.** **Is there anything else that the petitioner wants the Court to know?**

Mr. Mikos, age 74, is currently the oldest person on Federal Death Row. As such, he suffers from numerous health concerns. Counsel may, as needs require, approach the Court regarding circumstances that require the Court's attention and or assistance.

With respect to the progression of this case and discovery, Mr. Mikos's counsel notes that, following the Government's Response to Mr. Mikos's § 2255 petition, they initiated discovery discussions with the Government pursuant to Habeas Rule 6, with the understanding that the petition may be amended following the receipt and review of discovery. This was explained in Mr. Mikos's response to the Court's July 21, 2020 Order (Dkt. 116) and numerous Joint Status Reports filed with the consent of the Government beginning in February 2012 (*e.g.*, Dkt. 32). Mr. Mikos's counsel also have taken steps to obtain information available through the Freedom of Information Act, but in several instances, that process has taken (or is still taking) multiple years between serving the request and receiving productions in response.

**b.** **Is there anything else that the respondent wants the Court to know?**

It has been approximately 18 years since Petitioner was convicted in the underlying case of murdering a federal witness and approximately 13 years since Petitioner filed his § 2255 petition in this case. Additionally, Petitioner's motion for discovery in this case has been fully briefed and awaiting ruling for over two years. The government thus requests that the Court review and rule on that motion expeditiously so that this case can proceed and be resolved on the merits.

Dated: June 8, 2023

Respectfully submitted,

MORRIS PASQUAL,
Acting United States Attorney

By:   s/ Corey Rubenstein (w/ consent)
        Corey Rubenstein
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, IL 60604
        (312) 353-8880

RONALD A. MIKOS

By:   s/ Leane Renée (w/ consent)
        Leane Renée
        Beth Ann Muhlhauser
        Office of the Federal Public Defender
        for the Middle District of Pennsylvania
        Capital Habeas Unit
        100 Chestnut Street, Third Floor
        Harrisburg, PA 17101
        (717) 782-3843

By:    s/ April A. Otterberg
        April A. Otterberg
        JENNER & BLOCK LLP
        353 N. Clark Street
        Chicago, IL  60654-3456
        (312) 222-9350

6