**EXHIBIT 1**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:10-cv-06331 |
| | ) | |
| Ronald Mikos | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Chicago Police Department, Records Services Division, Subpoena Unit 163
3510 S. Michigan, 1st Floor, Room 1027, Chicago IL 60653

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
       See the attached Rider.

| Place:    Jenner & Block LLP<br>353 N. Clark St., Chicago, IL 60654 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

            *CLERK OF COURT*
                                                  OR

_____                    _____
    *Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Ronald Mikos
_____ , who issues or requests this subpoena, are:
April A. Otterberg, Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654, AOtterberg@jenner.com (312) 222-9350

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:10-cv-06331

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA *DUCES TECUM*

### __INSTRUCTIONS__

1.      You are instructed to produce all Records or tangible things described below, subject to the place, date, and time requirements described in the Subpoena.

2.      The Subpoena commands the production of any and all relevant Records described herein within Your possession, custody or control, including Records present in the files of any and all successors in interest, past or present agents, representatives, employees, attorneys, or accountants.

3.      To the extent You are unable to locate any Records responsive to a request after conducting a reasonable search of the Records within Your possession, custody, or control, please provide a written response to inform counsel issuing the Subpoena that no responsive Records could be located.

4.      To the extent responsive Records have been or are believed to have been destroyed, please provide a written response to inform counsel issuing the Subpoena about the nature of the Records destroyed (including, insofar as can be discerned, by identifying in writing the request(s) to which such Records were responsive), and the date(s) such records were destroyed.

5.      To the extent You believe You have a basis to withhold records in whole or in part that are responsive to any request, please provide a log or other written statement that describes with specificity the nature of the Records not produced or disclosed (including by identifying the discovery request(s) to which such Records are responsive) and the grounds for withholding such records (in whole or in part), and do so in a manner that, without revealing information itself alleged to be privileged or protected, will enable counsel to assess the claim to such privilege or protection from discovery.

6.      If You contend that any request is overly broad and/or unduly burdensome, identify in writing all aspects of the request that are not overly broad or unduly burdensome and produce the Records that are responsive to such aspects of the request.

7.      Each requested Record shall be produced in its entirety.  If a Record responsive to any request cannot be produced in full, it shall be produced to the extent possible with a written explanation stating why production of the remainder is not possible.

## DEFINITIONS

1.      For purposes of this Subpoena, "Record" or "Records" shall be given the broadest possible meaning and shall include but not be limited to any writing of any kind, type or description, including but not limited to, writing or recording of information of any kind, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, computer data, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film electronic facsimiles, computer storage devices, or any other medium, investigation notes, investigation records, investigation summaries, correlation summaries, surveillance (physical, electronic, photographic), case reports, interrogation reports, surveillance logs, FISUR log cover sheets, photographs, video and audio records and all transcribed statements, computer files, i-drive records, transfers of physical evidence, releases of physical evidence, diagrams, crime reports, follow-up investigation reports, toxicology reports, forensic reports, laboratory reports, evidence impound reports, warrants of arrest, search warrants, consent to search documents, returns of

2

search warrants, extradition documents, polygraph examinations, travel documents, travel forms. "Record" and "Records" also mean a copy where the original is not in your possession, custody or control, and every copy of a Record if such copy is not an identical duplicate of the original.

## REQUESTS

1. All records of statements made in the presence of law enforcement or other investigating agents, including the prosecution team, during any investigation of Ronald Mikos that occurred between January 1, 1998 and May 23, 2005, that include any observations of Mr. Mikos, his residences, offices, storage units, and/or his vehicles, including but not limited to information and statements obtained from the following: June Creighton, Shirley Watts, Kamille Das or Das-Goldflies, Beatrice Lauten, Andrea Schleifer, John Kane, Stacey Rosenfeld, Shirley King, Charles Lobosco, Jeffrey Wessell, Krikor Topouzian, Ross Merel, Janet Brown, Carl Malin, James Dugo, Dan Gibbons, Samuel Davis, Janet Bunch, Leticia Mayorga, and Patricia Alm and James Alm, the managers of Acorn Self Storage Center, 5366 N. Northwest Highway, Chicago, IL, in January 2002.

2. All records regarding the investigation and related charges of Mr. Mikos pursuant to search warrant 89SW4258 executed on or about January 24, 1989, at the Presidential Towers apartment complex, 575 W. Madison Street, Chicago, IL, which involved Mr. Mikos's residential storage unit, vehicle, and medical office, including but not limited to information and statements obtained from Mr. Mikos, Nicholas Bley, Patricia DePaepe aka Patricia Mikos, Jason Fletcher, and employees of Presidential Towers, between January 1, 1987, through December 31, 1990.

3. All records relating to any actual analysis or attempt to analyze Mr. Mikos's breath, blood, urine, or saliva within twenty-four hours of his arrest on February 5, 2002.

3

4.      All records pertaining to any physical and/or mental examinations, including any polygraph examination, of Mr. Mikos following his arrest on February 5, 2002.

5.      All records relating to surveillance, wiretapping, and any other observations of Mr. Mikos, his residences, offices, and/or his vehicles, that were created during investigation and prosecution of Mr. Mikos that occurred between January 1, 1998, through May 23, 2005.

6.      All Records of data gathered, copied, downloaded and/or removed from Mr. Mikos's Palm Pilot, mobile phone, and personal computer(s), or any other electronic device seized or obtained in relation to the investigation of Mr. Mikos between January 1, 1998, through May 23, 2005.