UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 10 CV 6331 |
| v. | (Criminal Case No. 02 CR 137) |
| RONALD MIKOS | Judge Rebecca R. Pallmeyer |

## AGREED PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1.      All the materials provided by the United States to Defendant or Defendant's counsel in connection with the proceedings in this case, including but not limited to in response to the Court's September 26, 2024 order regarding discovery (ECF 149) (collectively, "the materials") are subject to this protective order to the extent they contain Confidential Information as defined below.  Materials containing Confidential Information may be used by Defendant and Defendant's counsel (defined as Defendant's counsel of record in this case and employees of counsel of record assisting such counsel in this case) solely in connection with the effective defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2.      "Confidential Information" means information that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that relates to parties, cases, or matters other than this case and/or this Defendant; (c) medical or other confidential information concerning any

personally identifiable individual; or (d) any other information that the United States identifies as confidential when producing such information to Defendant's counsel. Information or documents that are available to the public or that are already in the possession of Defendant or Defendant's counsel through means other than a production by the United States or any of its agencies shall not be considered Confidential Information under this Order.

3.      Defendant and Defendant's counsel shall not disclose materials containing Confidential Information (or their contents) directly or indirectly to any person or entity other than (a) persons employed or retained to assist in the defense (including consultants and experts), (b) persons who are interviewed as potential witnesses and counsel for potential witnesses, (c) authors/recipients listed on the face of the document in question, (d) the Court and its personnel, (e) court reporters engaged for this case, and (f) other persons to whom the Court may authorize disclosure or as to whom the parties may agree (collectively, "authorized persons"). Persons in categories (b) and (c) may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the United States or the Court.

4.      Defendant, Defendant's counsel, and authorized persons shall not copy or reproduce materials containing Confidential Information except for use in connection with this case and as permitted by this Order.  Such copies and reproductions shall be treated in the same manner as the original materials.

5. Defendant, Defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of materials containing Confidential Information, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

6. Before providing materials containing Confidential Information to an authorized person, defense counsel must provide the authorized person with a copy of this order.

7. Upon conclusion of all stages of this case as acknowledged in writing by Defendant's counsel, all the materials containing Confidential Information and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court or agreed to by the United States. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. If the materials containing Confidential Information are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

8. To the extent any material (whether containing Confidential Information or not) is produced by the United States to Defendant or Defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five business days of the receipt of

3

such a request, Defendant and/or Defendant's counsel shall either (a) return all such material if in hard copy, and in the case of electronic materials, certify in writing that all copies of the specified material have been deleted from any location in which the material was stored; or (b) specify in writing that Defendant objects to such request but will sequester the material pending a meet and confer and, if necessary, resolution by the Court as to whether Defendant is entitled to receive the produced materials.

9.     If the parties disagree as to whether any material produced by the United States contains Confidential Information, they shall meet and confer in an effort to resolve the issue and, if no resolution is reached, raise the matter with the Court. Until the parties reach agreement or the Court rules on the challenge, the parties shall continue to treat the materials as containing Confidential Information.

10.     The restrictions set forth in this Order do not apply to documents and other items that are or become part of the public court record, including materials that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of materials in judicial proceedings in this case. For the avoidance of doubt, nothing in this Order shall be construed as requiring or authorizing that any materials be filed under seal with this Court. To the extent either party wishes to file any materials under seal, such party shall make a separate application to this Court requesting such relief.

11.     Nothing contained in this order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____

REBECCA R. PALLMEYER
United States District Judge

Date: January 5, 2026